IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMBRIA COUNTY EMPLOYEES RETIREMENT SYSTEM, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-3464 |
| VENATOR MATERIALS PLC, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

The putative class members in this federal securities action bought stock in a global chemical company, Venator Materials PLC. On January 30, 2017, one of Venator's manufacturing facilities caught on fire. On August 3, 2017, Venator completed its initial public offering. The plaintiffs allege that as part of that offering, and at other times in the proposed class period, Venator made public misrepresentations about the damage the fire caused, the repair cost, and the insurance funds covering the cost. When the full extent of the damage, cost, and effect on Venator's production capacity were revealed, the stock price declined. The plaintiff shareholders seek damages for that decline. (Docket Entry No. 1).

Three plaintiffs—the City of Miami General Employees' & Sanitation Employees' Retirement Trust; the Fresno County Employees' Retirement Association; and the City of Pontiac General Employees' Retirement System, together referred to as the "Public Pension Funds," move to be appointed as lead plaintiffs and to have Bernstein Litowitz Berger & Grossmann LLP appointed lead counsel, and Ajamie LLP appointed as liaison counsel. (Docket Entry No. 4).

Although the motion is unopposed, this court has an independent duty to ensure that the statutory and rule requirements are met. *See* FED. R. CIV. P. 23(g).

Based on the pleadings, the motions, and the applicable law, the court now grants the motion for appointment of lead plaintiffs and lead and liaison counsel. The reasons are explained below.

**I.      The Standard for Determining "the Most Adequate Plaintiff" Under the PSLRA**

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737, the district court must appoint the lead plaintiff "not later than 90 days after" notice of the litigation is published. 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA requires notice within 20 days after the plaintiff files a complaint that informs class members of their right to move for lead-plaintiff status within 60 days after the notice is published. 15 U.S.C. § 77z-1(a)(3)(A)(i). If more than one suit is filed with nearly the same claims, only the plaintiff in the first-filed action is required to publish notice. 15 U.S.C. § 77z–1(a)(3)(A)(ii).

On July 31, 2019, the Miami Retirement Trust filed a substantially identical class action in the Southern District of New York. *See City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. Venator Materials PLC*, No. 19-cv-7182 (S.D.N.Y. July 31, 2019). On the same day, counsel for the Miami Retirement Trust published a notice on *PRNewswire* informing investors about the suit and setting a deadline for seeking appointment as lead plaintiff on September 30, 2019. (Docket Entry No. 4-C).

On September 13, 2019, the Cambria County Employees' Retirement System filed this action and published a notice on *Business Wire* informing investors of the case and reiterating the September 30, 2019 deadline for seeking appointment as lead plaintiff. (Docket Entry No. 1; Docket Entry No. 4-D). The court finds the notice requirement satisfied. *See Makhlouf v. Tailored*

*Brands, Inc.*, No. CV H-16-0838, 2017 WL 1092311, at *3 (S.D. Tex. Mar. 23, 2017) ("Thus a plaintiff need not be the first to file a complaint to be appointed Lead Plaintiff. If more than one suit is filed with nearly the same claims, only the plaintiff in the first-filed action is required to publish notice.").

> In appointing the lead plaintiff,
>
> the court shall consider any motion made by a purported class member . . . , including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

*Id*. at § 77z-1(a)(3)(B)(i). "[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that":

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
>
> . . .
>
> [This presumption] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff
>
> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Id*. §§ 77z-1(a)(3)(B)(iii)(I)–(II). Discovery on this issue may be conducted only if "the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *Id*. § 77z-1(a)(3)(B)(iv). The most adequate

3

plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 77z-1(a)(3)(B)(v).

## II. "Most Adequate" Plaintiff

For the presumption to apply, "the lead plaintiff or plaintiffs must possess not only the largest financial interest in the outcome of the litigation, but must also meet the requirements of Federal Rule of Civil Procedure 23." *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). The requirements are examined below.

### A. The Largest Financial Interest

Courts in this district consider four factors to determine which plaintiff has the largest financial interest. The factors are "(1) the number of shares purchased, (2) the number of net shares purchased, (3) the total net funds expended by the plaintiff(s) during the class period, and (4) the approximate losses suffered by the plaintiff(s)." *In re Waste Mgmt.*, 128 F. Supp. 2d at 414 (citing *Lax v. First Merchants Acceptance Corp.*, No. 97-c-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). The Public Pension Funds allege that they have the largest financial interest in the relief the putative class seeks. The Public Pension Funds sustained losses of over $1.4 million from their purchases of over 114,000 shares of Venator stock. (Docket Entry No. 4 at 7). No other class member or members has moved for lead plaintiff status or demonstrated a larger financial interest in this litigation.

### B. Do the Public Pension Funds Otherwise Satisfy the Requirements of Rule 23?

Because the Public Pension Funds have the largest financial interest, they are presumptively entitled to lead-plaintiff status unless they fail to meet the requirements of Federal Rule of Civil Procedure 23.

### 1.     The Legal Standard Under Rule 23

Rule 23(a) requires that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23. The most relevant requirements under the PSLRA are adequacy and typicality. *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002). "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." *Id.*

"The typicality requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims." *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 297 n.32 (5th Cir. 2001) (quoting *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)) (internal quotation marks omitted). The class representative's claims must "have the same essential characteristics of those of the putative class." *James v. City of Dall.*, 254 F.3d 551, 571 (5th Cir. 2001), *abrogated on other grounds by M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 839–41 (5th Cir. 2012).

"The adequacy requirement mandates an inquiry into the zeal and competence of the representatives' counsel and the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (alterations omitted) (quotation marks omitted). It also

"serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Deepwater Horizon*, 785 F.3d 1003, 1015 (5th Cir. 2015) (quotation marks omitted).

"The typicality and adequacy inquiries are related in this context, as a party's lack of the same essential characteristics of those of the putative class may result in conflicts between the named plaintiffs' interests and the class members' interests." *In re BP Sec. Litig.*, 758 F. Supp. 2d 428, 437 (S.D. Tex. 2010) (citations omitted) (quotation marks omitted). "For example, if such a party were appointed lead plaintiff, there would be potential conflicts between the party and the other class members in drafting the consolidated complaint, in defending a motion to dismiss, and in conducting discovery—the party would have an interest in pursuing its specific claims to the potential exclusion of other class members' claims." *Id.*

### 2. Analysis

The Public Pension Funds lost money on the Venator securities they bought during the proposed class period. Their legal and remedial theories have the same essential characteristics as the class claims. The Public Pension Funds declare that they are committed to working cohesively as a group to prosecute this action. (Docket Entry No. 4 at 11; Docket Entry No. 4-E). Typicality and adequacy are met.

### III. Has the Presumption Been Rebutted?

No evidence has been submitted rebutting the presumption. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). The court finds that the Public Pension Funds are the most adequate plaintiffs under the PSLRA.

### IV. Approval of Lead Counsel

The most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). The court should not disturb the

lead plaintiff's choice of counsel unless that is necessary to "protect the interests of the [plaintiff] class." *Enron*, 206 F.R.D. at 441 (quotation marks omitted). "The adequacy of the putative class representative(s) and of plaintiffs' counsel should not be presumed, however, even in the absence of proof to the contrary; plaintiff bears the burden of demonstrating his and his counsel's adequacy." *Id*.

Bernstein Litowitz and Ajamie LLP meet the requirements of lead counsel and liaison counsel. Bernstein Litowitz submitted a firm resume and Ajamie LLP outlined its prior experience in class action litigation. (Docket Entry Nos. 4-F, 4-1). Bernstein Litowitz has extensive experience in securities class actions, and Ajamie LLP has extensive experience serving as liaison counsel in this district. The record shows no basis to infer that Bernstein Litowitz and Ajamie LLP will not adequately represent the putative class. The Public Pension Funds' choice of counsel is approved.

**V.     Conclusion**

The court grants the Public Pension Funds' motion for appointment of lead plaintiff and approves Bernstein Litowitz Berger & Grossmann LLP as lead counsel and Ajamie LLP as liaison counsel. (Docket Entry No. 4).

SIGNED on October 21, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge