**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |

**MAHOMED MAITER AND RUSS R. STOLLE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs urge general jurisdiction in a forum in which neither Maiter nor Stolle is "at home," and specific jurisdiction based on purported forum contacts unrelated to Plaintiffs' claims. Plaintiffs' jurisdictional arguments fail as a matter of law.

**ARGUMENT**

**I.      No general jurisdiction over Maiter or Stolle**

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Those affiliations must be "so continuous and systematic as to render [the defendant] essentially at home" in the forum. *Id.* at 139. For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* at 137.

**Maiter.** Plaintiffs do not contend that Maiter is domiciled in the U.S. Nor could they, as Maiter has been in the United Kingdom for over twenty years. (DE 65-31 at 2 (employed in U.K. since at least 2008); DE 65-29 at 3 (deposed in U.K. in 2018).) Absent

an "exceptional case," Maiter is thus subject to general jurisdiction only in the U.K. *Bauman*, 571 U.S. at 139 n.19.

Citing pre-*Bauman* cases, Plaintiffs contend that Maiter's current association with Venator and past association with Huntsman confer general jurisdiction. This argument fails because Plaintiffs cannot attribute others' forum contacts to Maiter. *Lee v. Allen*, 32 F.3d 566 (5th Cir. 1994) ("jurisdiction over the employees of a corporation may not be predicated on jurisdiction over the corporation itself, but must be based on their individual contacts with the forum"). It also fails because working for companies with worldwide operations, including in the U.S., does not render Maiter "at home" here. *See Alexander v. Greenwood Hall, Inc.*, 2019 WL 2913953, at *9 (S.D. Tex. July 8, 2019) (being officer of company conducting business in Texas insufficient to establish that officer is "at home" in Texas); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 976-77 (S.D. Tex. 2018) ("general business contacts with a forum—even substantial, continuous, and systematic business contacts—are not enough to establish general jurisdiction").

Plaintiffs have thus failed to establish general jurisdiction over Maiter.

**Stolle.** Plaintiffs have also failed to establish that Stolle is "at home" in this forum. Citing a Ninth Circuit case, Plaintiffs contend that because Stolle lived in Texas before moving to the U.K., Texas is Stolle's presumed domicile. (DE 65 at 16.) This contention is incorrect. The presumption on which Plaintiffs rely—that an individual retains his old domicile until a new one is established—"is met by the counter-presumption of domicile in the jurisdiction where the party is a resident at the crucial time, which in this case is

the time of the commencement of the action." *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966). Thus, "a person's current residence is assumed to be his domicile until proven otherwise." *Emmett v. Strawn*, 2005 WL 2206162, at *2 (S.D. Tex. Sept. 12, 2005) (Rosenthal, J.); *see also Gammon v. McLain*, 2016 WL 4719996, at *4 (E.D. La. Sept. 9, 2016) ("The Fifth Circuit has recognized that there is a presumption that a person's current residence is also his or her domicile."); *Mississippi Valley Title Ins. Co. v. Lewis*, 2006 WL 3694603, at *1 (S.D. Miss. Dec. 13, 2006) (same).

Because Stolle has been residing in the U.K. since August 2017 (DE 65-32 at 2), the U.K. is Stolle's presumed domicile. To rebut that presumption, Plaintiffs suggest that Stolle never formed the intent required to establish a U.K. domicile because his relocation agreement refers to a three-year assignment. (DE 65 at 9.) But the agreement establishes that Stolle, together with his wife, moved to the U.K. with the intent to live there for *at least* three years. (DE 65-7 at 3 (listing accompanying family members; assignment may be extended with Stolle's consent).) This supports the intent to establish a U.K. domicile. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 18 cmt. b ("If there is an intention to make a home at present, the intention is sufficient although the person whose domicil is in question intends to change his home upon the happening of some future event."); PETER HAY ET AL., CONFLICT OF LAWS § 4.20 (6th ed. 2018) ("More recent cases have concluded that it is sufficient if there is an intention to make the place one's home for the time being, even though the duration of the stay may have definite limitations.").

3

That Stolle owns property in Texas (including a house) does not establish general jurisdiction in this forum. *See Rush v. Savchuk*, 444 U.S. 320, 328 (1980) (owning forum property not enough); *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) ("One may have more than one residence in different parts of this country or the world, but a person may have only one domicile."). The remaining contacts between Stolle and Texas (e.g., that Stolle attended law school in Austin in the 1980s, still has an unexpired Texas driver's license, and voted in the 2016 elections in Texas) are typical of any individual who lived in Texas before moving abroad. Stolle is "at home" in the U.K., not Texas, as Plaintiffs' own evidence illustrates. (DE 65-32 at 2 (in U.K. since August 2017); DE 65-5 at 9 ("residence in the U.K."); DE 65-7 at 3 (accompanied by his wife in U.K.); DE 65-26 at 2 (U.K. primary practice location and telephone number); DE 65-8 at 6 (2018 car costs of $35,575 in U.K. as compared to $372 in U.S.).)

In a related state-court action asserting similar Securities Act claims, the Dallas Court of Appeals has already rejected many of the arguments Plaintiffs make here. *Venator Materials PLC v. Macomb Cty. Emps.' Ret. Sys.*, 2020 WL 289296, at *13 (Tex. App.—Dallas Jan. 21, 2020, no pet. h.) (rejecting general jurisdiction based on Stolle's relocation agreement, prior Texas residence, and employment history). That court held that "Stolle [is] not at home in Texas for purposes of general jurisdiction." *Id.*

## II.     No specific jurisdiction over Maiter or Stolle

Contrary to Plaintiffs' argument, an alleged "ability to control the operations of a corporate defendant" (DE 65 at 20) is not enough to confer specific jurisdiction. "Congress' decision to make a broad group of persons liable under the securities laws

cannot on its own discharge the responsibility of the federal courts to ensure that such persons have sufficient connection to the United States to render jurisdiction over them compatible with the Due Process Clause. The Fifth Amendment is made of sterner stuff." *In re Baan Co. Sec. Litig.*, 245 F. Supp. 2d 117, 129 (D.D.C. 2003); *see also City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 667 (6th Cir. 2005) ("The broad understanding of control person liability adopted by the securities laws cannot on its own support personal jurisdiction. This approach would . . . impermissibly conflate statutory liability with the Constitution's command that the exercise of personal jurisdiction must be fundamentally fair.").

Accordingly, the single district court case Plaintiffs posit as the law "in this Circuit" (DE 65 at 20)—and so presumably the law in the Southern District of Texas even though the opinion comes from a different district—is inconsistent with due process. But even that case requires more than an allegation of the ability to control a company's operations before exercising jurisdiction. It requires a prima facie *showing* that the individual had *both* the power to control operations *and* "to control the transactions in question." *McNamara v. Bre-X Minerals Ltd.*, 46 F. Supp. 2d 628, 638 (E.D. Tex. 1999). Moreover, *McNamara*'s holding that a prima facie showing of control-person liability confers jurisdiction is arguably dicta, as the court also found "minimum contacts with the United States" independent of control. *Id.* Indeed, the individual defendants in that case had signed, drafted, and/or reviewed the allegedly false statements targeting the United States. *Id.* at 638-41.

**Maiter.** Plaintiffs predicate jurisdiction on Maiter's "involve[ment] in the fallout from the Pori fire" and "input" into investor and lender presentations. (DE 65 at 15-16.) But involvement in restoring operations after an overseas fire is not conduct directed at the United States. Moreover, the evidence regarding Maiter's input into presentations shows that (i) those presentations are not the SEC filings at issue in this case (DE 65-29 at 21 (presentation to banks to raise money); *id.* at 24 ("China deck")); (ii) Maiter did not prepare the presentations (*id.* at 21 ("This document has not been altered by myself."); *id.* at 23 ("I was not involved in preparing the presentation.")); and (iii) Maiter either provided input on irrelevant matters or could not recall what input, if any, he provided (*id.* at 23 ("I can't recall"); *id.* at 24 (input about China).) There is no evidence that Maiter edited or approved the purportedly false statements on which Plaintiffs predicate claims.

Plaintiffs' evidence is insufficient even under *McNamara*. At most, the evidence shows Maiter's power to control Venator's white-pigments business operations, not the power to control the purportedly misleading statements in SEC filings and earnings calls with investors. *See McNamara*, 46 F. Supp. 2d at 638 (plaintiffs must show power "to control the transactions in question"); *Carlton v. Cannon*, 2016 WL 3959164, at *7 n.6 (S.D. Tex. July 22, 2016) (Rosenthal, J.) (no control-person liability without "ability to control the press-release and earnings-call statements giving rise to § 10(b) liability").

**Stolle.** Specific jurisdiction over Stolle likewise fails. Plaintiffs cannot predicate jurisdiction on control-person status alone. *In re Baan*, 245 F. Supp. 2d at 129; *City of Monroe*, 399 F.3d at 667. Even if they could, Plaintiffs have not shown the required

control. *See Carlton*, 2016 WL 3959164, at *7 (status as "high-ranking corporate officer" insufficient to show power to control the "allegedly misleading statements" on which liability is based).

Aside from jurisdiction-by-control, Plaintiffs argue that Stolle signed Venator's registration statements, thus purposefully directing the purported misleading statements at the U.S. But Stolle is not the one who signed. The Securities Act specifies who must sign a registration statement. *See* 15 U.S.C. § 77f (the issuer, CEO, CFO, comptroller, and board of directors). Stolle (general counsel) is not a required signatory. Venator (the issuer) signed through him as its agent, as the registration statements themselves demonstrate. (DE 65-3 at 4 ("the registrant has duly caused this registration statement to be signed *on its behalf* by the undersigned").

Stolle's remaining forum contacts (e.g., that he worked on Venator's separation from Huntsman and received a bonus for that work) fail to confer specific jurisdiction because Plaintiffs' claims do not arise out of such contacts. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017) (claims must be connected to forum contacts).

The above analysis is consistent with the opinion of the Dallas Court of Appeals, which found no specific jurisdiction over Stolle for similar Securities Act claims. *Venator Materials*, 2020 WL 289296, at *14 ("Because there is no substantial connection between Texas and . . . Stolle's actions giving rise to [plaintiffs'] claims, there is no specific jurisdiction over . . . Stolle in Texas.").

### III.    No basis for jurisdictional discovery

As last resort, Plaintiffs propose that the Court order jurisdictional discovery, but do not explain what discovery they need or why they need it. (DE 65 at 23.) Plaintiffs' one-sentence, open-ended invitation cannot support jurisdictional discovery. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (plaintiff must prove necessity of jurisdictional discovery); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 8; 41, 855 (5th Cir. 2000) (no jurisdictional discovery where plaintiffs did not "describe the discovery [that] should have been allowed . . . or how it would . . . support specific jurisdiction").

### CONCLUSION

For the foregoing reasons, this Court should dismiss the claims against Maiter and Stolle for lack of personal jurisdiction.

8

Dated: April 14, 2020

Respectfully Submitted,

/s/ Craig Smyser
Craig Smyser
Attorney-in-Charge
Texas Bar No. 18777575
Southern District Bar No. 848
Razvan Ungureanu
Texas Bar No. 24085630
Southern District Bar No. 2006928
Eugene Zilberman
Texas Bar No. 24110577
Southern District Bar No. 3337101
SMYSER KAPLAN VESELKA, LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Tel: (713) 221-2330
Fax: (713) 221-2320
csmyser@skv.com
razvan@skv.com
ezilberman@skv.com

Richard C. Pepperman II (*pro hac vice*)
Andrew J. Finn (*pro hac vice*)
Elizabeth A. Rose (*pro hac vice*)
Elizabeth V. Young (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
peppermanr@sullcrom.com
finna@sullcrom.com
rosee@sullcrom.com
younge@sullcrom.com

*Attorneys for Defendants Russ R. Stolle and Mahomed Maiter*

9

## CERTIFICATE OF WORD COUNT

Pursuant to Section 18(c) of this Court's Procedures, I certify that this reply has 1,975 words, exclusive of the caption, signature block, and required certificates.

/s/ Craig Smyser
Craig Smyser

## CERTIFICATE OF SERVICE

I certify that on April 14, 2020, a true and correct copy of the foregoing motion has been served on all counsel of record via electronic service and/or the Court's CM/ECF system.

/s/ Craig Smyser
Craig Smyser