**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |
| | Judge Charles Eskridge |
| | <u>CLASS ACTION</u> |

**HUNTSMAN DEFENDANTS' ANSWER TO AMENDED**
**CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Huntsman Corporation, Huntsman International LLC and Huntsman (Holdings) Netherlands B.V. (collectively, the "Huntsman Defendants") hereby file the following answer to Plaintiffs' Amended Consolidated Class Action Complaint ("Complaint").

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into the Huntsman Defendants' responses to each paragraph of the Complaint:

A.    In its Opinion and Order Granting Motion to Dismiss in Part dated July 7, 2021 (ECF No. 86), the Court dismissed all claims in the Complaint with respect to statements regarding the market demand for titanium dioxide ("TiO2") and Venator's insurance coverage.  As a result, large portions of the Complaint are now legally inoperative and do not require a response.

B.    The Complaint contains purported excerpts from and references a number of documents and third-party publications, which have often been modified and taken out of context. Such documents and third-party publications should be considered, if at all, in context and/or in unmodified form, and the Huntsman Defendants respectfully refer the Court to the respective documents for a complete and accurate recitation of their contents.

C.    The Huntsman Defendants deny that the registration statements and their incorporated prospectuses for Venator Materials PLC's ("Venator") August 2017 initial public offering ("IPO Offering Documents") and November 2017 secondary public offering ( "SPO Offering Documents," and collectively, "Offering Documents") were false or misleading and deny all allegations contained in the Complaint (including those outside of the knowledge and information of the Huntsman Defendants) to the extent that such allegations assert or suggest that the Offering Documents were false or misleading in any respect, or to the extent that they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate recitation of their contents. The Huntsman Defendants had reasonable grounds to believe,

2

and did believe, the statements in the Offering Documents were true and did not omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading, and/or had no reasonable grounds to believe the statements in the Offering Documents were untrue or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

D.      Except as expressly admitted herein, the Huntsman Defendants deny all allegations in the Complaint. The Huntsman Defendants specifically deny any liability to Plaintiffs.

E.      Except as otherwise expressly admitted herein, the Huntsman Defendants deny each and any averments or allegations contained in the preamble, headings, subheadings, or footnotes of the Complaint.

F.      To the extent that the Complaint states allegations against other defendants, the Huntsman Defendants respond only as to the allegations and claims directed at the Huntsman Defendants. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the allegations against other entities.

G.      The Huntsman Defendants answer the Complaint based on current knowledge and information and reserve the right to supplement or amend this answer.

### RESPONSE TO SPECIFIC ALLEGATIONS

1.      The Huntsman Defendants admit that Venator's facility in Pori, Finland suffered extensive damage from an accidental fire in early 2017. The Huntsman Defendants deny the remaining allegations in Paragraph 1.

2.      The Huntsman Defendants admit that the pigments and additives division of Huntsman Corporation was separated into Venator and included production of TiO2, a white pigment that is used in numerous products, including paint and sunscreen.  The Huntsman Defendants deny the remaining allegations in Paragraph 2.

3. The Huntsman Defendants deny the allegations in Paragraph 3.

4. The Huntsman Defendants admit that Plaintiffs purport to quote from the transcript of Huntsman Corporation's February 15, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 4.

5. The Huntsman Defendants admit that Plaintiffs purport to quote and paraphrase from several unidentified documents, refer to those documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 5.

6. The Huntsman Defendants admit that Huntsman International LLC ("Huntsman International") and Huntsman (Holdings) Netherlands B.V. ("Huntsman Netherlands") sold Venator shares to underwriters in connection with Venator's Initial Public Offering ("IPO") and that Huntsman Netherlands sold Venator shares to underwriters in connection with Venator's Secondary Public Offering ("SPO," and with the IPO, the "Offerings"). The Huntsman Defendants refer to the Offering Documents and Venator's filings with the Securities & Exchange Commission ("SEC") for a complete and accurate description of the Offerings and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 6.

7. The Huntsman Defendants admit that Plaintiffs purport to quote and paraphrase from a report issued by the Finnish Safety Authority, refer to the report for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The allegations based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 7.

8. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of "industry participants." The Huntsman

Defendants deny the remaining allegations in Paragraph 8.

9. The allegations based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 9.

10. The allegations based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding knowledge of "Venator insiders." The Huntsman Defendants deny the remaining allegations in Paragraph 10.

11. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from testimony of Mahomed Maiter ("Maiter") in an unrelated action, refer to the testimony for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Venator, Simon Turner ("Turner"), Maiter, and other "other senior executives" of Venator. The Huntsman Defendants deny the remaining allegations in Paragraph 11.

12. The Huntsman Defendants admit that Plaintiffs purport to summarize unidentified disclosures by Venator, refer to the disclosures for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 12.

13. The Huntsman Defendants refer to the publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 13.

14. The Huntsman Defendants refer to the Offering Documents and Venator's filings with the SEC for a complete and accurate description of the Offerings and deny any allegations inconsistent therewith. The Huntsman Defendants refer to Huntsman Corporation's filings with the SEC for a

complete and accurate statement of Peter Huntsman's compensation and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 14.

15. The allegations in Paragraph 15 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations, except admit that Plaintiffs purport to bring the claims described in Paragraph 15.

16. The allegations in Paragraph 16 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations, except admit that Plaintiffs purport to bring the claims described in Paragraph 16.

17. The allegations in Paragraph 17 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants refer to the statutes identified for a complete and accurate recitation of their contents and deny any allegations inconsistent therewith. The Huntsman Defendants do not contest the Court's subject matter jurisdiction.

18. The allegations in Paragraph 18 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants refer to the statutes identified in Paragraph 18 for a complete and accurate recitation of their contents and deny any allegations inconsistent therewith. The Huntsman Defendants admit that the principal executive offices of Huntsman Corporation and Huntsman International are located in The Woodlands, Texas. The Huntsman Defendants do not contest that venue is proper in this District. The Huntsman Defendants deny the remaining allegations in Paragraph 18.

19. The allegations in Paragraph 19 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman

Defendants deny the allegations in Paragraph 19.

20.    The Huntsman Defendants deny any violations of federal securities laws. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21.    The Huntsman Defendants deny any violations of federal securities laws. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22.    The Huntsman Defendants deny any violations of federal securities laws. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

23.    The Huntsman Defendants admit that Plaintiffs collectively refer to themselves within the Complaint as "Lead Plaintiff."

24.    The Huntsman Defendants admit that Venator is a manufacturer of chemical products, including TiO2, and incorporated under the laws of England and Wales as a public limited company. The Huntsman Defendants admit that Huntsman Corporation and its affiliates comprise a global manufacturer of chemical products. The Huntsman Defendants admit that the principal executive offices of Huntsman Corporation are in The Woodlands, Texas. The Huntsman Defendants admit that Huntsman Corporation acquired TiO2 plants from Rockwood Holdings in 2014, which included facilities in Pori, Finland, Duisburg, Germany, and Uerdingen, Germany. The Huntsman Defendants admit that Huntsman Corporation's pigments and additives division was separated into Venator. The Huntsman Defendants deny the remaining allegations in Paragraph 24.

25.    The Huntsman Defendants admit that Turner is the Chief Executive Officer and a Director of Venator and that he previously worked at Huntsman Corporation as Division President, Pigments & Additives. The Huntsman Defendants deny the remaining allegations in Paragraph 25.

7

26.     The Huntsman Defendants admit that Kurt Ogden ("Ogden") is an Executive Vice President and the Chief Financial Officer of Venator and that he previously worked at Huntsman Corporation as Vice President, Investor Relations and Finance. The Huntsman Defendants deny the remaining allegations in Paragraph 26.

27.     The Huntsman Defendants admit the allegations in the first two sentences in Paragraph 27. The Huntsman Defendants admit that Plaintiffs purport to quote and paraphrase from deposition testimony given by Maiter in an unrelated action, refer to the testimony for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 27 and note that Maiter is no longer a defendant in this action.

28.     The Huntsman Defendants admit the allegations in Paragraph 28.

29.     The Huntsman Defendants admit that as of the time of the IPO, Russ Stolle ("Stolle") was Venator's Senior Vice President, General Counsel, and Chief Compliance Officer and that as of the date of this answer, Stolle is now Executive Vice President, General Counsel, Chief Compliance Officer, and Secretary of Venator. The Huntsman Defendants admit that Stolle began serving as Senior Vice President and Deputy General Counsel for Huntsman Corporation in January 2010. The Huntsman Defendants deny the remaining allegations in Paragraph 29.

30.     The Huntsman Defendants admit that Plaintiffs collectively refer to Defendants Turner, Ogden, Maiter, Ibbotson and Stolle within the Complaint as the "Executive Defendants," and collectively with Venator, the "Venator Defendants."

31.     The Huntsman Defendants admit that Peter Huntsman is a Venator director, served as chairman of the board for Venator until December 31, 2020, and signed the IPO Registration Statement and SPO Registration Statement. The Huntsman Defendants admit that Peter Huntsman has served as CEO of Huntsman Corporation since 2000, refer to Huntsman Corporation's filings with the SEC for

a complete and accurate statement of Peter Huntsman's compensation and ownership of Huntsman Corporation stock, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 31.

32. The Huntsman Defendants admit that Douglas Anderson served as a member of Venator's Board of Directors and the two committees referenced in Paragraph 32 until January 1, 2021 and signed the SPO Registration Statement. The Huntsman Defendants deny the remaining allegations in Paragraph 32.

33. The Huntsman Defendants admit that Kathy Patrick was appointed to Venator's Board of Directors on September 28, 2017, served on the two committees referenced in Paragraph 33, and signed the SPO Registration Statement. The Huntsman Defendants deny the remaining allegations in Paragraph 33.

34. The Huntsman Defendants admit that Sir Robert Margetts served as a member of Venator's Board of Directors and the two committees referenced in Paragraph 34 until January 1, 2021, signed the IPO and SPO registration statements, and has served as a member of Huntsman's Board of Directors since 2010. The Huntsman Defendants deny the remaining allegations in Paragraph 34 and note that Plaintiffs have not served Sir Margetts, therefore he is not a party to this action.

35. The Huntsman Defendants admit the allegations in Paragraph 35, but note that Plaintiffs have not served Daniele Ferrari, therefore he is not a party to this action.

36. The Huntsman Defendants admit that Plaintiffs collectively refer to Defendants Peter Huntsman, Anderson, Patrick, Margetts, and Ferrari within the Complaint as the "Director Defendants," and collectively with the Executive Defendants, the "Individual Defendants."

37. The Huntsman Defendants admit that the Huntsman Corporation and its affiliates comprise a global manufacturer of chemical products for consumer and industrial customers. The Huntsman Defendants admit that Huntsman Corporation was founded by Jon Huntsman, Sr. and that

Peter Huntsman is Jon Huntsman Sr.'s son and the current Huntsman Corporation CEO. The Huntsman Defendants deny the remaining allegations in Paragraph 37.

38.     The Huntsman Defendants admit that Venator was separated from Huntsman Corporation. The Huntsman Defendants admit that Huntsman International and Huntsman Netherlands sold Venator shares to underwriters in connection with the IPO and that Huntsman Netherlands sold Venator shares to underwriters in connection with the SPO. The Huntsman Defendants deny the remaining allegations in Paragraph 38.

39.     The Huntsman Defendants admit that Plaintiffs purportedly quote from Venator's amended Form S-1 filed on July 24, 2017 and Form 10-K filed on February 23, 2018, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants admit that Peter Huntsman and Sir Robert Margetts serve on the Huntsman Corporation board, Peter Huntsman is on the Venator board, and Sir Robert Margetts was on the Venator board. The Huntsman Defendants deny the remaining allegations in Paragraph 39.

40.     The Huntsman Defendants admit that Huntsman Netherlands is an indirect subsidiary of Huntsman Corporation and sold Venator shares to underwriters in connection with the Offerings. The Huntsman Defendants deny the remaining allegations in Paragraph 40.

41.     The Huntsman Defendants admit that Huntsman International is a wholly-owned subsidiary of Huntsman Corporation and sold shares to underwriters in connection with the IPO. The Huntsman Defendants deny the remaining allegations in Paragraph 41.

42.     The Huntsman Defendants admit that Plaintiffs purportedly quote from Venator's amended Form S-1 filed on July 24, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 42.

10

43.     The Huntsman Defendants admit that Plaintiffs collectively refer to Huntsman Corporation, Huntsman International, and Huntsman Netherlands within the Complaint as the "Selling Shareholder Defendants."

44.     The Huntsman Defendants admit that Huntsman International and Huntsman Netherlands sold Venator shares to underwriters in connection with the IPO and that Huntsman Netherlands sold Venator shares to underwriters in connection with the SPO. The Huntsman Defendants refer to the Offering Documents and Venator's filings with the SEC for a complete and accurate description of the Offerings and the ownership of Venator shares and deny any allegations inconsistent therewith. The Huntsman Defendants admit that on December 3, 2018, Huntsman Netherlands entered into a post-paid share sale transaction involving Venator shares, refer to Huntsman Corporation filings with the SEC for a complete and accurate description of the transaction, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 44.

45.     The Huntsman Defendants admit that Citigroup Global Markets Inc. served as an underwriter for the IPO and SPO. The Huntsman Defendants refer to the Offering Documents and Venator's filings with the SEC for a complete and accurate description of the Offerings and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45.

46.     The Huntsman Defendants admit that Merrill Lynch, Pierce, Fenner & Smith Incorporated served as an underwriter for the IPO and SPO. The Huntsman Defendants refer to the Offering Documents and Venator's filings with the SEC for a complete and accurate description of the Offerings and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46.

47. The Huntsman Defendants admit that Goldman Sachs & Co. LLC served as an underwriter for the IPO and SPO. The Huntsman Defendants refer to the Offering Documents and Venator's filings with the SEC for a complete and accurate description of the Offerings and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47.

48. The Huntsman Defendants admit that J.P. Morgan Securities LLC served as an underwriter for the IPO and SPO. The Huntsman Defendants refer to the Offering Documents and Venator's filings with the SEC for a complete and accurate description of the Offerings and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48.

49. The Huntsman Defendants admit that Plaintiffs collectively refer to the Defendants referenced in Paragraphs 45 through 48 of the Complaint as the "Underwriter Defendants." The Huntsman Defendant deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49.

50. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. The Huntsman Defendants admit that Venator manufactures and sells chemical products, including TiO2, which is a white pigment used in many different products, including plastics, paints, coatings, inks, fibers, food and personal care products. The Huntsman Defendants admit that TiO2 is produced in different grades, including functional and specialty grades. The Huntsman Defendants deny the remaining allegations in Paragraph 56.

57. The Huntsman Defendants admit that Venator's specialty and differentiated product grades generally sell at a premium and specialty TiO2 products are sold for specialized applications products such as fibers, catalysts, food, pharmaceuticals and cosmetics. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding customers of specialized TiO2 products and other producers of specialized TiO2 products. The Huntsman Defendants deny the remaining allegations in Paragraph 57.

58. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from unidentified Venator filings with the SEC and a statement by an unidentified Huntsman spokesperson, refer to the documents and statement for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 58.

59. The Huntsman Defendants admit that Venator had a TiO2 manufacturing facility in Pori, Finland that produced specialty TiO2. The Huntsman Defendants refer to the Offering Documents and Venator's SEC filings for a complete and accurate description of Pori's production capabilities and EBITDA information and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 59.

60. The Huntsman Defendants admit that Plaintiffs purport to reference and quote from a

statement by Turner at an investor day presentation on March 2, 2016, refer to the statement for a complete and accurate recitation of its content, and deny any allegations inconsistent therewith. The allegations based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 60.

61.     The Huntsman Defendants admit that TiO2 is manufactured in two different processes, the sulfate process and chloride process, and that Venator's production capabilities included the ability to manufacture TiO2 using both processes. The Huntsman Defendants admit that to manufacture TiO2, raw titanium bearing ore is processed to extract a pigment, which is then filtered and put through various "finishing" processes to produce final TiO2 products sold to customers, and the initial processing of ore into an intermediate raw material called calciner discharge is completed in the "black end" of a TiO2 plant and the finishing is completed in the "white end." The Huntsman Defendants deny the remaining allegations of Paragraph 61.

62.     The Huntsman Defendants admit that Plaintiffs purport to quote from testimony of a third-party in an unrelated action before the FTC, refer to the testimony for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 62.

63.     The Huntsman Defendants admit that Plaintiffs purport to quote from a third-party's Form 10-Ks, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 63.

64.     The Huntsman Defendants deny the allegations in Paragraph 64.

65.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from unidentified statements by Huntsman Corporation regarding the Calais facility, refer to the statements for a complete and accurate recitation of their contents, and deny any allegations inconsistent

14

therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 65.

66.     The Huntsman Defendants admit that Plaintiffs purport to reference, quote, and copy an image from Huntsman Corporation and Venator filings with the SEC, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 66.

67.     The Huntsman Defendants admit that Plaintiffs purport to reference, quote, and copy an image from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations in inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 67.

68.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the Offering Documents and other Venator filings with the SEC, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 68.

69.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a third-party's Forms 10-K filed on February 28, 2013 and February 27, 2014, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Venator's competitors. The Huntsman Defendants deny the remaining allegations in Paragraph 69.

70.     The Huntsman Defendants admit that Plaintiffs purport to reference and quote from Huntsman, Venator, and unidentified third-party filings with the SEC, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 70.

71.     The Huntsman Defendants admit that for a period of time, one of the options considered

for separation involved a spin-off. The Huntsman Defendants admit that Plaintiffs purport to reference and quote from a Huntsman Corporation press release dated October 28, 2016, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 71.

72.     The Huntsman Defendants admit that Plaintiffs purport to quote from the transcript of Huntsman Corporation's October 28, 2016 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants admit that Plaintiffs purport to quote from a statement by Ogden at a Bank of America Merrill Lynch America Leveraged Finance Conference on November 30, 2016, refer to the statement for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 72.

73.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a statement made by Ogden at a Bank of America Merrill Lynch America Leveraged Finance Conference on November 30, 2016 and Huntsman Corporation' press release dated January 17, 2017, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 73.

74.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Huntsman Corporation's press release dated January 31, 2017, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 74.

75.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from third-party analyst reports, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 75.

16

76. The Huntsman Defendants admit that physical entry into certain portions of the facility was limited immediately after the fire for various reasons. The Huntsman Defendants deny the remaining allegations in Paragraph 76.

77. The Huntsman Defendants admit that Plaintiffs purport to quote from a fire inspection report, refer to the report for a complete and accurate recitation of its contents, and deny any allegation inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 77.

78. The Huntsman Defendants admit that the Pori facility had four production lines that connected to the "Moore" facility. The allegations based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 78.

79. The Huntsman Defendants admit that the Pori facility suffered extensive damage from an accidental fire in early 2017. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from an unidentified document, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 79.

80. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from an unidentified document, refer to the document for a complete and accurate recitation of its contents, and deny any allegation inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80.

81. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from an unidentified document, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The allegations based on the alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 81.

82.     The Huntsman Defendants admit that Plaintiffs purport to reference and quote from a Finnish Safety Authority report, refer to the report for a complete and accurate recitation of its contents, and deny any allegation inconsistent therewith. The allegations based on the alleged statements of an unidentified former employee are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 82.

83.     The Huntsman Defendants admit that Plaintiffs purport to reference and quote from a Finnish Safety Authority report, refer to the report for a complete and accurate recitation of its contents, and deny any allegation inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 83.

84.     The Huntsman Defendants admit that Peter Huntsman and others visited the Pori facility after the fire in February 2017. The Huntsman Defendants admit that Huntsman Corporation formed a task force involving certain members of senior management. The Huntsman Defendants deny the remaining allegations in Paragraph 84.

85.     The Huntsman Defendants admit that on February 16, 2017, the IRS issued a private letter ruling allowing Huntsman Corporation to retain a 40% economic interest in a tax-free spin-off. The Huntsman Defendants admit that the pigments and additives division of Huntsman Corporation was separated into Venator through an IPO. The Huntsman Defendants deny the remaining allegations in Paragraph 85.

86.     The Huntsman Defendants deny the allegations in Paragraph 86.

87.     The Huntsman Defendants admit that Huntsman Corporation entered into an Agreement and Plan of Merger with Clariant Ltd. on May 22, 2017 under which Peter Huntsman would be CEO of the combined company. The Huntsman Defendants admit that Plaintiffs purportedly quote from a statement by Jon Huntsman Sr. at an investor conference and statements from a joint call on May 22, 2017, refer to the statements for a complete and accurate recitation of their contents, and

deny any allegations inconsistent therewith. The Huntsman Defendants admit that Plaintiffs purport to summarize an article from the Wall Street Journal published on May 21, 2017, refer to the article for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 87.

88.    The Huntsman Defendants admit that Plaintiffs purport to reference Huntsman Corporation's press release dated April 26, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 88.

89.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from statements of unidentified "Huntsman executives," refer to the statements for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 89.

90.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Huntsman Corporation's February 26, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 90.

91.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Huntsman Corporation's February 26, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 91.

92.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the March 27, 2017 press release issued by Huntsman Corporation, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 92.

19

93.      The Huntsman Defendants admit that Plaintiffs purport to reference and quote from the transcript of a May 22, 2017 call and a Huntsman Corporation press release, refer to the documents for a complete and accurate recitation of its contents, and deny any allegations therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 93.

94.      The Huntsman Defendants admit that Plaintiffs purport to reference and quote from a fire report, refer to the report for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 94.

95.      The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's Form S-1 filed on May 5, 2017, and amendments to the Form S-1 filed on June 13, June 30, and July 14, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 95.

96.      The Huntsman Defendants admit that Plaintiffs purport to reference and quote from the SEC letter dated June 13, 2017, refer to the letter for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 96.

97.      The Huntsman Defendants deny the allegations in Paragraph 97.

98.      The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Huntsman Corporation and Venator filings with the SEC and the transcript of Huntsman Corporation's April 26, 2017 earnings call, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 98.

99.      The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from

a Wells Fargo report dated June 27, 2017, refer to the report for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 99.

100. The Huntsman Defendants admit that Huntsman International, Huntsman Netherlands, and Venator entered into agreements with the underwriters in connection with the IPO, refer to the agreements for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 100.

101. The Huntsman Defendants admit that Plaintiffs purport to paraphrase from Venator's IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 101.

102. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 102.

103. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 103.

104. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 104.

105. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 105.

106. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 106.

107. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 107 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

108. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants admit that Plaintiffs purport to reference the findings of another court, refer to the findings for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 108 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

109. The Huntsman Defendants admit that Peter Huntsman and Turner visited the Pori facility in August 2017. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from unidentified statements by Venator, refer to the statements for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants

22

deny the remaining allegations in Paragraph 109 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

110.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 110 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

111.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 111 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

112.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 112 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

113.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 113 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

114.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a Barclays report dated October 27, 2017 and a Deutsche Bank report dated November 2, 2017, refer

23

to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 114.

115. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from RBC reports dated October 27 and 29, 2017, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants refer to the publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 115 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

116. The Huntsman Defendants admit that Venator filed a Form S-1 with the SEC for the SPO on November 27, 2017. The Huntsman Defendants admit that the Underwriter Defendants provided certain waivers in connection with the SPO. The Huntsman Defendants deny the remaining allegations in Paragraph 116.

117. The Huntsman Defendants admit that Plaintiffs purport to paraphrase from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 117 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

118. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate

recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 118.

119.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 119.

120.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 120.

121.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 121 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

122.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's filings with the SEC and transcripts of Venator's earnings calls, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 122.

123.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 123.

124.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from

the transcript of Venator's February 23, 2018 earnings call and Venator's Form 10-K filed on February 23, 2018, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 124.

125.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a SunTrust report dated February 23, 2018 and a Barclays report dated February 26, 2018, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 125.

126.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 126 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

127.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from an RBC report dated February 25, 2018 and a Jefferies report dated February 26, 2018, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 127 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

128.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and

26

accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 128 and note that Plaintiffs' claims based on the market demand for TiO2 were dismissed by the Court.

129. The Huntsman Defendants admit that Plaintiffs purport to quote a Barclays report dated February 27, 2018 and a Deutsche Bank report dated February 26, 2018, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 129 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

130. The Huntsman Defendants deny the allegations in Paragraph 130.

131. The allegations in Paragraph 131 are based on alleged statements of unidentified former employees, without foundation and, on that basis, are denied.

132. The allegations in Paragraph 132 are based on alleged statements of an unidentified former employee, without foundation and, on that basis, denied.

133. The allegations in Paragraph 133 are based on alleged statements of unidentified former employees, without foundation and, on that basis, are denied.

134. The allegations in Paragraph 134 based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The allegations regarding the photographs in Paragraph 134 are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 134.

135. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the knowledge of unnamed "Venator executives." The Huntsman Defendants deny the remaining allegations in Paragraph 135.

27

136. The allegations in Paragraph 136 are based on alleged statements of unidentified former employees, without foundation and, on that basis, are denied.

137. The allegations in Paragraph 137 are based on alleged statements of an unidentified former employee, without foundation and, on that basis, denied.

138. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Maiter's testimony in an unrelated action, refer to the testimony for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 138.

139. The allegations in Paragraph 139 are based on alleged statements of an unidentified former employee, without foundation and, on that basis, denied.

140. The allegations in Paragraph 140 are based on alleged statements of an unidentified former employee, without foundation and, on that basis, denied.

141. The allegations in Paragraph 141 are based on alleged statements of an unidentified former employee, without foundation and, on that basis, denied.

142. The allegations in Paragraph 142 are based on alleged statements of an unidentified former employee, without foundation and, on that basis, denied.

143. The allegations in Paragraph 143 are based on alleged statements of an unidentified former employee, without foundation and, on that basis, denied.

144. The allegations in Paragraph 144 are based on alleged statements of an unidentified former employee, without foundation and, on that basis, denied.

145. The allegations in Paragraph 145 based on alleged statements of an unidentified former employee are without foundation and, on that basis, denied. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding "Venator senior management" or the reports to Turner or other "senior Venator executives." The

Huntsman Defendants deny the remaining allegations in Paragraph 145.

146.     The allegations based on alleged statements of an unidentified former employee are without foundation and, on that basis, denied. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Rastatt collapse. The Huntsman Defendants deny the remaining allegations in Paragraph 146.

147.     The Huntsman Defendants deny the allegations in Paragraph 147 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

148.     The Huntsman Defendants admit that Plaintiffs purport to summarize an unrelated FTC action involving third parties and quote from an opinion by the district court in that action, refer to the documents filed in the case for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 148 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

149.     The Huntsman Defendants admit that Plaintiffs purport to summarize an FTC action involving third parties and quote from testimony from third parties in that action, refer to the documents filed in the case for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 149 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

150.     The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding "Venator's senior executives." The Huntsman Defendants deny the remaining allegations in Paragraph 150 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

151.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from

29

the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 151 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

152. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 152 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

153. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 153.

154. The Huntsman Defendants admit that Plaintiffs purport to quote from the transcript for Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

155. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript for Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 155.

156. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from

Venator's press release dated February 23, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 156 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

157.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's Form 10-K filed on February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 157 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

158.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a Barclays report dated February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 158 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

159.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a Morgan Stanley report dated February 23, 2018, refer to the report for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 159 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

160.     The Huntsman Defendants admit that Plaintiffs purport to quote from an RBC Capital Markets report and a SunTrust Robinson report, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants

deny the remaining allegations in Paragraph 160 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

161. The Huntsman Defendants admit that Plaintiffs purport to reference Venator's May 1, 2018 earnings release, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 161 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

162. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 162 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

163. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 163 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

164. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a Barclays report, a BMO Capital Markets report, an RBC Capital Markets report, and a Jefferies report, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 164.

165. The Huntsman Defendants admit that Plaintiffs purport to reference Venator's Form 10-Q filed on July 31, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 165 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

166. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's press release dated July 31, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 166 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

167. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-Q filed on July 31, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 167 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

168. The Huntsman Defendants refer to the publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 168.

169. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's press release dated July 31, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 169 and note that Plaintiffs' claims based on market

33

demand for TiO2 were dismissed by the Court.

170. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's July 31, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 170 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

171. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's July 31, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 171 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

172. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from several reports by third-party analysts, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 172.

173. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of the Pori Update Conference Call on September 12, 2018, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 173.

174. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of the Pori Update Conference Call on September 12, 2018, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 174 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

175.　The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of the Pori Update Conference Call on September 12, 2018, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 175.

176.　The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of the Pori Update Conference Call on September 12, 2018, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 176.

177.　The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from an opinion issued by another court in an unrelated action on September 12, 2018, refer to the opinion for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 177 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

178.　The Huntsman Defendants refer to the publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 178.

179.　The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from several reports by third-party analysts, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 179.

180.　The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from to the transcript of Venator's September 12, 2018 earnings call, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 180.

181.     The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts or investors. The Huntsman Defendants deny the remaining allegations in Paragraph 181.

182.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's Form 10-Q filed on October 30, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 182 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

183.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a Venator's Form 10-Q filed on October 30, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 183 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

184.     The Huntsman Defendants refer to the publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 184.

185.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from several reports by third-party analysts, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what analysts understood. The Huntsman Defendants deny the remaining allegations in Paragraph 185 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

186.     The Huntsman Defendants refer to the publicly reported stock price for a complete and

36

accurate statement of Venator's stock price on particular dates and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 186.

187.    The Huntsman Defendants admit that Plaintiffs purportedly paraphrase, quote, and pull images from a Venator presentation at the Citi Basic Materials Conference on November 27, 2018, refer to the presentation for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 187.

188.    The Huntsman Defendants admit that Plaintiffs purportedly paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call and a J.P. Morgan report dated December 3, 2018, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 188.

189.    The Huntsman Defendants admit that Plaintiffs purport to characterize the findings in an unrelated action, refer to the findings issued by the court for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 189 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

190.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a declaration submitted by Maiter in an unrelated action, refer to the declaration for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Venator's involvement in the FTC investigation. The Huntsman Defendants deny the remaining allegations in Paragraph 190 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

191.    The Huntsman Defendants admit that a state court denied a Rule 91a motion to dismiss,

but the decision was of no effect because the appellate court determined there was no basis for jurisdiction or venue. The Huntsman Defendants deny the remaining allegations in Paragraph 191.

192. The Huntsman Defendants deny the allegations in Paragraph 192.

193. The allegations based on alleged statements of an unidentified former employee are without foundation and, on that basis, denied. The Huntsman Defendants admit that Plaintiffs purport to quote from testimony provided by Maiter in an unrelated action, refer to the testimony for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding reports and meetings involving Turner and Maiter. The Huntsman Defendants deny the remaining allegations in Paragraph 193.

194. The Huntsman Defendants admit that there were meetings between Venator and insurance carriers from time to time on various issues related to the Pori facility. The Huntsman Defendants deny the remaining allegations in Paragraph 194 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

195. The Huntsman Defendants admit that Plaintiffs purport to reference and quote from the transcripts of Venator earnings calls, refer to the transcripts for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 195.

196. The Huntsman Defendants admit that Plaintiffs purport to summarize from transcripts of Venator earnings calls, refer to the transcripts for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 196.

197. The allegation regarding ASX 220-30-45-1 is a legal conclusion to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegation. The

Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's quarterly filings with the SEC, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 197 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

198.    The Huntsman Defendants admit that the Pori facility was one of eight Venator facilities that produced TiO2. The Huntsman Defendants admit that Plaintiffs purport to quote from a statement by Turner, refer to the statement for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 198.

199.    The Huntsman Defendants deny the allegations in Paragraph 199 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

200.    The Huntsman Defendants refer to the Offering Documents for a complete and accurate recitation of Pori's production capabilities and deny any allegations inconsistent therewith. The allegations based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 200.

201.    The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Turner, Maiter, and "Venator's senior leadership." The allegations based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 201.

202.    The Huntsman Defendants refer to Huntsman Corporation's filings with the SEC for a complete and accurate description of its balance sheet and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 202.

203.    The Huntsman Defendants refer to the Offering Documents for a complete and accurate

description of the Offerings and deny any allegations inconsistent therewith. The Huntsman Defendants refer to Huntsman Corporation's filings with the SEC for a complete and accurate description of its balance sheet and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 203.

204. Huntsman Defendants refer to Huntsman Corporation's filings with the SEC for a complete and accurate description Peter Huntsman's ownership of Huntsman shares and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 204.

205. The Huntsman Defendants deny the allegations in Paragraph 205.

206. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from filings made by Huntsman Corporation and Venator with the SEC, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 206.

207. The Huntsman Defendants deny the allegations in Paragraph 207 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

208. The Huntsman Defendants admit that Plaintiffs purport to quote from unidentified statements by Venator, refer to the statements for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 208.

209. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations consistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 209.

210.     The Huntsman Defendants admit that Plaintiffs purport to quote from a Venator presentation at the UBS Global Chemicals & Paper and Packaging Conference posted on the Venator website, refer to the presentation for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 210.

211.     The Huntsman Defendants admit that Plaintiffs purport to quote from a Venator presentation at the KeyBanc Basic Materials & Packaging Conference posted on the Venator website, refer to the presentation for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 211.

212.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's press release dated October 27, 2017, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding market expectations. The Huntsman Defendants deny the remaining allegations in Paragraph 212.

213.     The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 213.

214.     The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's Form 10-Q filed on November 3, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 214.

215.     The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's Form 10-K filed on February 23, 2018, refer to the document for a complete and accurate

41

recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 215.

216.    The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's press release dated May 1, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 216.

217.    The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's Form 10-Q filed on May 1, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 217.

218.    The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's earnings presentation on May 1, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 218.

219.    The Huntsman Defendants admit that Plaintiffs purport to quote from the transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 219.

220.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from several reports by third-party analysts, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 220.

221.    The allegations based on alleged statements of an unidentified former employee are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining

42

allegations in Paragraph 221.

222.    The Huntsman Defendants deny the allegations in Paragraph 222.

223.    The Huntsman Defendants deny the allegations in Paragraph 223.

224.    The Huntsman Defendants deny the allegations in Paragraph 224.

225.    The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 225.

226.    The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's Form 10-Q filed on August 28, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 226.

227.    The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's Form 10-Q filed on August 28, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 227.

228.    The Huntsman Defendants admit that Plaintiffs purport to quote from a Venator presentation at the UBS Global Chemicals & Paper and Packaging Conference posted to Venator's website, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 228.

229.    The Huntsman Defendants admit that Plaintiffs purport to quote from a Venator presentation at the KeyBanc Basic Materials & Packaging Conference posted to Venator's website, refer to the document for a complete and accurate recitation of its contents, and deny any allegations

43

inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 229.

230. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's earnings press release dated October 27, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 230.

231. The Huntsman Defendants admit that Plaintiffs purport to quote from a transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 231.

232. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-Q filed on November 3, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 232.

233. The Huntsman Defendants admit that Plaintiffs purport to reference Venator's earnings release on February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 233.

234. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's press release on February 23, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 234.

235. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's press release on February 23, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the

44

remaining allegations in Paragraph 235.

236.    The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-K filed on February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 236.

237.    The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's earnings presentation on February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 237.

238.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 238.

239.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 239.

240.    The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's press release dated May 1, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 240.

241.    The Huntsman Defendants admit that Plaintiffs purport to quote from a Venator press release dated May 1, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the

remaining allegations in Paragraph 241.

242. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-Q filed on May 1, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 242.

243. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from an RBC Capital Markets report dated October 27, 2017, a Barclays' report dated February 23, 2018, and a SunTrust Robinson report dated February 23, 2018, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 243.

244. The Huntsman Defendants deny the allegations in Paragraph 244 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

245. The Huntsman Defendants admit that Plaintiffs purport to quote unidentified statements by Venator, refer to the statements for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The allegations based on the alleged statements of an unidentified employee are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 245.

246. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The allegations based on the statements of an unidentified former employee are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 246.

247.    The Huntsman Defendants deny the allegations in Paragraph 247 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

248.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 248 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court

249.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's Form 10-Q filed August 28, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 249 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

250.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's press release dated August 28, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 250 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

251.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a Venator press release dated October 27, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 251 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

252.    The Huntsman Defendants admit that Plaintiffs purport to quote from the transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation

of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 252 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

253. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-K filed on February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 253 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

254. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 254 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

255. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-Q filed on May 1, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 255 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

256. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

257. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from a Barclays' report dated October 31, 2017, a Jefferies report dated February 23, 2018, and a SunTrust

48

Robinson report dated October 30, 2017, refer to the reports for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 257 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

258. The Huntsman Defendants deny the allegations in Paragraph 258 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

259. The Huntsman Defendants deny the allegations in Paragraph 259 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

260. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's Form 10-Q filed on August 28, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 260 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

261. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from Venator's press release dated October 27, 2017 and the transcript of Venator's earnings call from the same day, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 261 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

262. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's earnings presentation dated October 27, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 262 and note that Plaintiffs' claims based on Venator's

insurance coverage were dismissed by the Court.

263. The Huntsman Defendants admit that Plaintiffs purport to quote from the transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 263 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

264. The Huntsman Defendants admit that Plaintiffs purport to quote from the transcript of Venator's October 27, 2017 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 264 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

265. The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-Q filed on November 3, 2017, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 265 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

266. The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from a Venator press release dated February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 266 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

267. The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's Form 10-K filed on February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants

50

deny the remaining allegations in Paragraph 267 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

268. The Huntsman Defendants admit that Plaintiffs purport to summarize and quote from Venator's Form 10-K filed on February 23, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 268 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

269. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 269 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

270. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations regarding the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 270 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

271. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's February 23, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 271 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

51

272.    The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's press release dated May 1, 2018, refer to the press release for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 272 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

273.    The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-Q filed on May 1, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 273 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

274.    The Huntsman Defendants admit that Plaintiffs purport to quote from Venator's Form 10-Q filed on May 1, 2018, refer to the document for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 274 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

275.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 275 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

276.    The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding

the beliefs of analysts. The Huntsman Defendants deny the remaining allegations in Paragraph 276 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

277. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and quote from the transcript of Venator's May 1, 2018 earnings call, refer to the transcript for a complete and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 277 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

278. The Huntsman Defendants admit that Plaintiffs purport to paraphrase and pull images from Venator presentations, refer to the presentations for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 278 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

279. The Huntsman Defendants deny the allegations in Paragraph 279.

280. The Huntsman Defendants refer to the publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 280 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

281. The Huntsman Defendants deny the allegations in Paragraph 281 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

282. The Huntsman Defendants admit that Venator stock trades on the New York Stock Exchange ("NYSE"), Venator files periodic public reports with the SEC and NYSE, Venator communicated with investors through various channels, and there were analysts that wrote reports about Venator. The Huntsman Defendants deny the remaining allegations in Paragraph 282.

283. The Huntsman Defendants deny the allegations in Paragraph 283.

284. Paragraph 284 contains legal conclusions to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 284.

285. Paragraph 285 contains legal conclusions to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 285.

286. Paragraph 286 contains legal conclusions to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 286.

287. The Huntsman Defendants incorporate by reference the foregoing responses to Plaintiffs' allegations.

288. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 288.

289. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 289.

290. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 290.

291. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 291.

292. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 292.

293. No response is required because the allegations are not directed to the Huntsman

Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 293.

294. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 294.

295. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 295.

296. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 296.

297. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 297.

298. The Huntsman Defendants incorporate by reference the foregoing responses to Plaintiffs' allegations.

299. The Huntsman Defendants deny the allegations in Paragraph 299.

300. The Huntsman Defendants admit that Turner, Ogden, and Maiter worked within Huntsman Corporation prior to the IPO. The Huntsman Defendants admit Peter Huntsman and Margetts have been directors for Huntsman and Venator. The Huntsman Defendants admit that Huntsman Netherlands had certain rights under a registration rights agreement with Venator, refer to the agreement for a full and accurate recitation of its contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 300.

301. The Huntsman Defendants deny the allegations in Paragraph 301.

302.     No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 302.

303.     No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 303.

304.     The allegations in Paragraph 304 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 304, except admit that Plaintiffs purport to bring claims under the Securities Act on behalf of a class as defined in Paragraph 304.

305.     The allegations in Paragraph 305 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 305.

306.     The Huntsman Defendants deny the allegations in Paragraph 306.

307.     The Huntsman Defendants admit that Plaintiffs purport to reference the IPO Offering Documents and other filings made with or by the SEC, refer to the documents for a complete and accurate recitation of their contents, and deny any allegations consistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 307.

308.     The Huntsman Defendants admit the allegations in Paragraph 308.

309.     The Huntsman Defendants refer to the IPO Offering Documents and Venator's other filings with the SEC for a complete and accurate description of the IPO and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 309.

310.     The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310.

311.    The Huntsman Defendants admit that Plaintiffs purport to reference the SPO Offering Documents and other filings made with or by the SEC, refer to the documents for a complete and accurate description of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 311.

312.    The Huntsman Defendants admit the allegations in Paragraph 312.

313.    The Huntsman Defendants refer to the SPO Offering Documents and Venator's other filings with the SEC for a complete and accurate description of the SPO and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 313.

314.    The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314.

315.    The Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315.

316.    The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 316.

317.    The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 317.

318.    The Huntsman Defendants admit that Plaintiffs purport to quote and insert a chart from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 318.

319. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 319.

320. The allegations in Paragraph 320 based on alleged statements of unidentified former employees are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 320.

321. The Huntsman Defendants deny the allegations in Paragraph 321.

322. The Huntsman Defendants deny the allegations in Paragraph 322.

323. The Huntsman Defendants deny the allegations in Paragraph 323.

324. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 324.

325. The Huntsman Defendants deny the allegations in Paragraph 325.

326. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 326 and note that Plaintiffs' claims based on market demand for $TiO_2$ were dismissed by the Court.

327. The Huntsman Defendants deny the allegations in Paragraph 327 and note that Plaintiffs' claims based on market demand for $TiO_2$ were dismissed by the Court.

328. The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their

contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 328 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

329.    The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 329 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

330.    The Huntsman Defendants deny the allegations in Paragraph 330 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

331.    The allegations in paragraph 331 consist of legal conclusions to which no response is required.  To the extent a response is required, the Huntsman Defendants refer to Regulation S-K for a complete and accurate recitation of its contents and deny any allegations inconsistent therewith.

332.    The Huntsman Defendants deny the allegations in Paragraph 332 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

333.    The Huntsman Defendants admit that Plaintiffs purport to quote from the IPO Offering Documents, refer to the IPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The allegations based on the alleged statements of an unidentified former employee are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 333.

334.    The Huntsman Defendants deny the allegations in Paragraph 334.

335.    The Huntsman Defendants admit that Plaintiffs purport to quote and insert a chart from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate

59

recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 335.

336.    The allegations in Paragraph 336 based on alleged statements of unidentified former employees are without foundation and, on that basis, denied.  The Huntsman Defendants deny the remaining allegations in Paragraph 336.

337.    The Huntsman Defendants admit that Plaintiffs purport to quote and paraphrase from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 337.

338.    The allegations in Paragraph 338 based on alleged statements of unidentified former employees are without foundation and, on that basis, denied.  The Huntsman Defendants deny the remaining allegations in Paragraph 338.

339.    The Huntsman Defendants admit that Plaintiffs purport to quote and paraphrase from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

340.    The Huntsman Defendants deny the allegations in Paragraph 340 and note that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

341.    The Huntsman Defendants admit that Plaintiffs purport to quote and paraphrase from the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants deny the remaining allegations in Paragraph 341 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

342.    The Huntsman Defendants admit that Plaintiffs purport to quote and paraphrase from

the SPO Offering Documents, refer to the SPO Offering Documents for a complete and accurate recitation of their contents, and deny any allegations inconsistent therewith. The Huntsman Defendants note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court

343.    The Huntsman Defendants deny the allegations in Paragraph 343 and note that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

344.    The allegations regarding Regulation S-K in Paragraph 344 consist of legal conclusions to which no response is required.  To the extent a response is required, the Huntsman Defendants refer to Regulation S-K for a complete and accurate recitation of its contents and deny any allegations inconsistent therewith and deny the remaining allegations in Paragraph 344.

345.    The Huntsman Defendants deny the allegations in Paragraph 345 and note that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

346.    The allegations based on alleged statements of an unidentified former employee are without foundation and, on that basis, denied. The Huntsman Defendants deny the remaining allegations in Paragraph 346.

347.    The Huntsman Defendants deny the allegations in Paragraph 347.

348.    No response is required because the allegations in Paragraph 348 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 348.

349.    The Huntsman Defendants deny the allegations in Paragraph 349.

350.    The Huntsman Defendants deny the allegations in Paragraph 350.

351.    No response is required because the allegations in Paragraph 351 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 351.

352.     No response is required because the allegations in Paragraph 351 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 352.

353.     No response is required because the allegations in Paragraph 351 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 353.

354.     The Huntsman Defendants deny the allegations in Paragraph 354.

355.     The Huntsman Defendants incorporate by reference the foregoing responses to Plaintiffs' allegations.

356.     No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 356.

357.     No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 357, except admit that Plaintiffs purport to bring the claims described.

358.     No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 358.

359.     No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 359.

360.     No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 360.

361. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants refer to the statutes referenced for a complete and accurate recitation of their contents and deny the remaining allegations in Paragraph 361.

362. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 362.

363. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 363.

364. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364.

365. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 365.

366. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 366.

367. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 367.

368. The Huntsman Defendants incorporate by reference the foregoing responses to Plaintiffs' allegations.

369.    No response is required because the allegations consist of legal conclusions or a characterization of Plaintiffs' claims and are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 369 and note that Plaintiffs' claims against the Huntsman Defendants under Section 12(a)(2) of the Securities Act were dismissed by the Court.

370.    No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations, except admit that Plaintiffs purport to bring the claims described in Paragraph 370.

371.    No response is required because the allegations in Paragraph 371 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371.

372.    No response is required because the allegations in Paragraph 372 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations.

373.    No response is required because the allegations in Paragraph 373 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations.

374.    No response is required because the allegations in Paragraph 374 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations.

375.    No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 375.

376.    No response is required because the allegations are not directed to the Huntsman

Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 376.

377. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 377.

378. No response is required because the allegations in Paragraph 378 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants admit that Plaintiffs purport to bring the claims described in Paragraph 378.

379. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 379.

380. No response is required because the allegations are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 380.

381. The Huntsman Defendants incorporate by reference the foregoing responses to Plaintiffs' allegations.

382. The allegations in Paragraph 382 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations, except admit that Plaintiffs purport to bring the claims described in Paragraph 382.

383. The allegations in Paragraph 383 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations, except admit that Plaintiffs purport to bring the claims described in Paragraph 383.

384. No response is required because the allegations in Paragraph 384 are not directed to the Huntsman Defendants. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 384.

385. The allegations in Paragraph 385 consist of legal conclusions to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 385.

386. The Huntsman Defendants deny the allegations in Paragraph 386.

387. The Huntsman Defendants deny the allegations in Paragraph 387.

388. The allegations in Paragraph 388 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants admit that Plaintiffs purport to bring this action as a class action as described in Paragraph 388.

389. The allegations in Paragraph 389 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 389 and deny that this case is appropriate for class treatment.

390. The allegations in Paragraph 390 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 390 and deny that this case is appropriate for class treatment.

391. The allegations in Paragraph 391 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 391 and deny that this case is appropriate for class treatment.

392.    The allegations in Paragraph 392 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 392 and deny that this case is appropriate for class treatment.

393.    The allegations in Paragraph 393 consist of legal conclusions or a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, the Huntsman Defendants deny the allegations in Paragraph 393 and deny that this case is appropriate for class treatment.

The Huntsman Defendants deny that this action may be maintained as a class action, deny that Plaintiffs or members of the putative class are entitled to judgment and the requested relief, or any relief, against the Huntsman Defendants. The Huntsman Defendants request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

The Huntsman Defendants admit that Plaintiffs purport to demand a jury trial.

## DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, the Huntsman Defendants allege the following defenses with respect to the claims alleged in the Complaint.

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs have failed to plead their claims with the required particularity.

## THIRD DEFENSE

No act or omission attributed to the Huntsman Defendants in the Complaint was the actual or proximate cause of any alleged injury suffered by Plaintiffs or putative class members.

## FOURTH DEFENSE

There were no false or misleading statements or omissions of material fact.

## FIFTH DEFENSE

Venator's public statements and filings were accurate in all material respects.

## SIXTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the allegedly omitted facts were either disclosed or were not required to be disclosed.

## SEVENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because any alleged misstatements were forward-looking statements accompanied by meaningful cautionary language and not made or approved with actual knowledge that the statement was false or misleading.

## EIGHTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the persons that made the statements on which Plaintiffs base their claims did not act with scienter because the defendants neither knew, nor were they reckless in not knowing, that any alleged misstatements still at issue in this action were false or misleading.

## NINTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because any alleged misstatements or omissions were not material to the investment decisions of a reasonable investor.

## TENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not reasonably rely on any alleged misstatements or omissions of material fact.

## ELEVENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions.

## TWELFTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions alleged in the Complaint.

## THIRTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part insofar as Plaintiffs and putative class members would be unjustly enriched if they were permitted to obtain recovery in this action.

## FOURTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because, to the extent that Plaintiffs and putative class members were injured or damaged as alleged in the Complaint, which is denied, Plaintiffs' and putative class members' comparative and/or contributory negligence in connection with the facts and circumstances surrounding their transactions in Venator stock precludes some or all of the recovery they seek.

**FIFTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members failed to make reasonable efforts to mitigate their alleged injury or damage.

**SIXTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because the alleged misstatements contain expressions of opinion that were truly held by Venator at the time those statements were made.

**SEVENTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because, to the extent that Plaintiffs or putative class members incurred any injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than the Huntsman Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

**EIGHTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not purchase any shares in reliance on the statements and omissions alleged in the Complaint.

**NINETEENTH DEFENSE**

Plaintiffs' and putative class members' claims against the Huntsman Defendants are barred in whole or in part because the Huntsman Defendants did not "control" Venator.

70

## TWENTIETH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members lack standing to pursue some or all of their claims against the Huntsman Defendants.

## TWENTY-FIRST DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Venator and the Huntsman Defendants acted in good faith, including by reasonably relying upon the advice of others.

## TWENTY-SECOND DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the matters now alleged to be the subject of misstatements or omissions were in fact disclosed in Venator's public filings or press releases, or were otherwise publicly disclosed or in the public domain, and, as such, were available to Plaintiffs, putative class members, or the securities markets generally, and thus were at all times reflected in the price of Venator stock.

## TWENTY-THIRD DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of Venator stock would decline if such risks materialized.

## TWENTY-FOURTH DEFENSE

Plaintiffs' and putative class members' right to recovery, if any, may not exceed the price at which Plaintiffs' and putative class members' securities were offered to the public.

## TWENTY-FIFTH DEFENSE

Plaintiffs and putative class members have no damages compensable under Section 11 of the Securities Act.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' and putative class members' alleged damages, if any, are speculative, and thus are not recoverable.

## TWENTY-EIGHTH DEFENSE

Plaintiffs and putative class members did not suffer any losses, and thus cannot recover any damages.

## TWENTY-NINTH DEFENSE

Plaintiffs' and putative class members' alleged damages, if any, are limited by 15 U.S.C. § 78u-4.

## THIRTIETH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because all losses and damages alleged in the Complaint are the result of superseding and/or intervening causes and are not the result of any act or omission of Venator or the Huntsman Defendants.

## THIRTY-FIRST DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the alleged misstatements and omissions attributed to the Venator were not made in connection with the purchase or sale of Venator securities by Plaintiffs or putative class members.

## THIRTY-SECOND DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because of the "bespeaks caution" doctrine.

72

## THIRTY-THIRD DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Venator exercised reasonable care. After reasonable and diligent investigation, Venator had reasonable grounds to believe, and did believe, that the alleged misstatements still at issue in this case were true and omitted no material fact necessary to make those statements not misleading.

## THIRTY-FOURTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because, at all relevant times, Venator relied in good faith on the representations, reports, expert opinions, and advice of others.

## THIRTY-FIFTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Venator neither owed nor breached any duty to Plaintiffs and putative class members to disclose information allegedly omitted from the public statements, and had no duty to verify, opine upon, audit, review, or correct such information disclosed in the public statements.

## THIRTY-SIXTH DEFENSE

The putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure due to lack of price impact, among other things.

## THIRTY-SEVENTH DEFENSE

Plaintiffs and putative class members are not entitled to recover attorneys' fees, experts' fees, or other costs or disbursements.

## THIRTY-EIGHTH DEFENSE

The purported claims against the Huntsman Defendants and the allegations upon which they are based are improperly vague, ambiguous, and confusing. The Huntsman Defendants reserve the right to request a more definite statement.

**THIRTY-NINTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because any depreciation in the market price of Venator's common stock resulted from factors other than the purported misstatements or omissions alleged in the Complaint that were not dismissed on the pleadings.

**FORTIETH DEFENSE**

The Huntsman Defendants are not liable to Plaintiffs and members of the putative class in connection with any purchase of securities offered in the Offerings that (i) were not offered in the United States pursuant to the Offering Documents or (ii) were not sold or purchased in the United States.

**FORTY-FIRST DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part by the statute of limitations because Plaintiffs and putative class members were on inquiry notice of the claims giving rise to the Complaint more than one year prior to the filing of the Complaint.

**FORTY-SECOND DEFENSE**

Claims of members of the putative class are barred by the statute of repose because such claims will not have been brought until more than three years after the date of the Offerings.

**FORTY-THIRD DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because the Huntsman Defendants had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist.

**FORTY-FOURTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and members of the putative class had actual or constructive knowledge of some or all of the facts

74

alleged in the Complaint upon which the Huntsman Defendants' liability is asserted at the time Plaintiffs and members of the putative class purchased Venator securities at issue in this litigation.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims and putative class members' claims against the Huntsman Defendants are barred in whole or in part because the Huntsman Defendants acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation or cause of action.

## FORTY-SIXTH DEFENSE

The Huntsman Defendants adopt by reference any defense pled by any other defendant not expressly set forth herein to the extent applicable to any Huntsman Defendant.

## RESERVATION OF RIGHTS

The Huntsman Defendants expressly and specifically reserve the right to raise any additional defenses and claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly.  The Huntsman Defendants further reserve the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

Dated: September 9, 2021

Respectfully submitted,

*/s/ R. Thaddeus Behrens*

R. Thaddeus Behrens
Attorney-in-Charge
Texas Bar No. 24029440
Southern District Bar No. 916015
Daniel H. Gold*
Texas Bar No. 24053230
Southern District Bar No. 2707300
Matthew A. McGee*
Texas Bar No. 24062527
Southern District Bar No. 3471193
William D. Marsh*
Texas Bar No. 24092762
Southern District Bar No. 3352950
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
Tel: (214) 651-5668
Fax: (214) 200-0886
thad.behrens@haynesboone.com
daniel.gold@haynesboone.com
matt.mcgee@haynesboone.com
william.marsh@haynesboone.com
*Of Counsel

## CERTIFICATE OF SERVICE

I certify that on September 9, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System.

*/s/ R. Thaddeus Behrens*
R. Thaddeus Behrens