**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |
| | Judge Charles J. Eskridge III |

**THE VENATOR DEFENDANTS' CORRECTED ANSWER TO**
**AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**[1]

Defendants Venator Materials PLC ("Venator"), Simon Turner, Kurt D. Ogden, Stephen Ibbotson, Russ R. Stolle, Peter R. Huntsman, Douglas D. Anderson, and Kathy D. Patrick (collectively, the "Venator Defendants"), by their undersigned counsel, respond as follows to the allegations in the Amended Consolidated Class Action Complaint ("Amended Complaint").

In its Opinion and Order Granting Motion to Dismiss in Part dated July 7, 2021 (ECF No. 86), the Court dismissed all claims in the Amended Complaint with respect to statements regarding (i) the market demand for titanium dioxide ("TiO2") and (ii) Venator's insurance coverage. As a result, large portions of the Amended Complaint are now legally inoperative and do not require a response. The Court also dismissed all claims against Mahomed Maiter, and thus no response is required as to allegations or claims against him. Although Plaintiffs filed this action over two years ago in July 2019, Plaintiffs still have not served Defendants Sir Robert J. Margetts and Daniele Ferrari, who thus are not parties to this action.

The Venator Defendants incorporate into each response below a denial of all allegations in the Amended Complaint (including those outside the knowledge and information of the Venator

---

[1]     This Answer corrects and replaces the Answer filed by the Venator Defendants on September 9, 2021 at ECF No. 96.

Defendants), except with respect to those specific allegations expressly admitted herein, and deny any averments in the headings and subheadings of the Amended Complaint. For the sake of clarity, and unless otherwise expressly stated, the Venator Defendants use the defined terms and phrases set forth in the Amended Complaint, without conceding that any such definitions are proper.

1. The Venator Defendants deny the allegations of Paragraph 1, except admit that Venator's facility in Pori, Finland suffered extensive damage from an accidental fire that occurred on January 30, 2017.

2. The Venator Defendants deny the allegations of Paragraph 2, except they admit that (i) before its initial public offering on August 3, 2017, Venator existed as the pigments and additives division of Huntsman Corporation ("Huntsman"), (ii) the pigments and additives division included production of TiO2, and (iii) TiO2 is a white pigment that is used in numerous products, including paint and sunscreen.

3. The Venator Defendants deny the allegations of Paragraph 3, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman.

4. The Venator Defendants deny the allegations of Paragraph 4, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to the alleged statements by Huntsman CEO Peter Huntsman quoted therein for a complete and accurate statement of their contents.

5. The Venator Defendants deny the allegations of Paragraph 5, except respectfully refer the Court to the alleged statements by Venator and analysts referenced and quoted therein for a complete and accurate statement of their contents.

6. The Venator Defendants deny the allegations of Paragraph 6, except (i) admit that an initial public offering (the "IPO") of Venator shares occurred on August 3, 2017 and that a secondary public offering of Venator shares occurred on December 4, 2017 (the "SPO"), and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman.

7. The Venator Defendants deny the allegations of Paragraph 7, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "numerous former Venator employees" supposedly said, and (ii) respectfully refer the Court to the Finnish Safety Authority report referenced therein for a complete and accurate statement of its contents.

8. The Venator Defendants deny the allegations of Paragraph 8, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "industry participants" supposedly understood.

9. The Venator Defendants deny the allegations of Paragraph 9, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "numerous Venator employees" and "former employees" supposedly said.

10. The Venator Defendants deny the allegations of Paragraph 10, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "Venator insiders" supposedly knew and what "numerous former Venator employees" supposedly reported.

11. The Venator Defendants deny the allegations of Paragraph 11, except (i) admit that Messrs. Turner and Maiter from time to time attended meetings and/or received updates regarding

Pori, and (ii) respectfully refer the Court to the transcript of Maiter's FTC testimony referenced therein for a complete and accurate statement of its contents.

12. The Venator Defendants deny the allegations of Paragraph 12, except respectfully refer the Court to the alleged statements by Venator referenced therein for a complete and accurate statement of their contents.

13. The Venator Defendants deny the allegations of Paragraph 13, except respectfully refer the Court to Venator's publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates.

14. The Venator Defendants deny the allegations of Paragraph 14, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Huntsman's public filings with the SEC for a complete and accurate statement of Peter Huntsman's compensation.

15. The Venator Defendants deny the allegations of Paragraph 15, except they admit that Paragraph 15 purports to describe Lead Plaintiff's claims.

16. To the extent that the allegations of Paragraph 16 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 16, except they admit that Paragraph 16 purports to describe Lead Plaintiff's claims.

17. To the extent that the allegations of Paragraph 17 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Venator Defendants admit that Paragraph 17 purports to describe the basis for the Court's subject-matter jurisdiction.

18.     To the extent that the allegations of Paragraph 18 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 18, except admit that (i) Paragraph 18 purports to describe the basis for venue in this action, and (ii) Venator owns an indirect subsidiary that has an office located in The Woodlands, Texas.

19.     To the extent that the allegations of Paragraph 19 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 19.

20.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, except respectfully refer the Court to Miami's certification for a complete and accurate statement of its contents.

21.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, except respectfully refer the Court to FCERA's certification for a complete and accurate statement of its contents.

22.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, except respectfully refer the Court to Pontiac's certification for a complete and accurate statement of its contents.

23.     The Venator Defendants admit that the Amended Complaint refers to Miami, FCERA, and Pontiac collectively as "Lead Plaintiff."

24.     The Venator Defendants deny the allegations of Paragraph 24, except (i) admit that Venator is a manufacturer and marketer of chemical products that is incorporated under the laws of England and Wales as a public limited company and was organized as the pigments and

additives division of Huntsman before the IPO, and (ii) denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman.

25. The Venator Defendants deny the allegations of Paragraph 25, except admit that Turner is the Chief Executive Officer and a Director of Venator and that he previously worked at Huntsman Corporation as Division President, Pigments & Additives.

26. The Venator Defendants deny the allegations of Paragraph 26, except admit that Ogden is an Executive Vice President and the Chief Financial Officer of Venator and that he previously worked at Huntsman Corporation as Vice President, Investor Relations and Finance.

27. The Venator Defendants deny the allegations of Paragraph 27, except (i) admit the allegations in the first and second sentences of that paragraph, (ii) aver that Maiter is no longer a defendant in this action, and (iii) respectfully refer the Court to the deposition transcript referenced therein for a complete and accurate statement of its contents.

28. The Venator Defendants admit the allegations of Paragraph 28.

29. The Venator Defendants deny the allegations of Paragraph 29, except (i) aver that as of the time of the IPO, Russ Stolle was Venator's Senior Vice President, General Counsel, Chief Compliance Officer and Secretary at Venator, (ii) admit that as of the date of this Answer, Mr. Stolle is now Executive Vice President, General Counsel, Chief Compliance Officer, and Secretary of Venator, and (iii) admit that Mr. Stolle served as Huntsman's Senior Vice President and Deputy General Counsel from January 2010 until his resignation following the IPO.

30. The Venator Defendants admit that the Amended Complaint refers to Turner, Ogden, Maiter, Ibbotson, and Stolle collectively as the "Executive Defendants," and together with Venator, as the "Venator Defendants."

31.    The Venator Defendants admit the allegations in the first and second sentences of Paragraph 31, and respectfully refer the Court to Huntsman's public filings with the SEC for a complete and accurate statement of Peter Huntsman's ownership of Huntsman stock.

32.    The Venator Defendants deny the allegations of Paragraph 32, except (i) admit that Douglas Anderson served as a member of Venator's Board of Directors and the two committees referenced in Paragraph 32 until January 1, 2021, (ii) aver that effective January 1, 2021 Mr. Anderson no longer serves on the Board or the committees referenced in Paragraph 32, and (iii) admit that Mr. Anderson signed the SPO registration statement.

33.    The Venator Defendants deny the allegations of Paragraph 33, except (i) aver that Kathy Patrick was appointed to Venator's Board of Directors on September 28, 2017, (ii) admit that Ms. Patrick has served on the two committees referenced in Paragraph 33, and (iii) admit that Ms. Patrick signed the SPO registration statement.

34.    The Venator Defendants deny the allegations of Paragraph 34, except (i) admit that Sir Robert Margetts served as a member of Venator's Board of Directors and the two committees referenced in Paragraph 34 until January 1, 2021, (ii) aver that effective January 1, 2021 Sir Margetts no longer serves on the Board or the committees referenced in Paragraph 34, (iii) admit that Sir Margetts signed the IPO and SPO registration statements, (iv) admit that Sir Margetts was a member of Huntsman's Board of Directors, and (v) aver that Plaintiffs have not served Sir Margetts and therefore he is not a party to this action.

35.    The Venator Defendants admit the allegations of Paragraph 35, except the Venator Defendants aver that Plaintiffs have not served Daniele Ferrari, therefore he is not a party to this action.

36.    The Venator Defendants admit that the Amended Complaint refers to Peter Huntsman, Anderson, Patrick, Margetts, and Ferrari collectively as the "Director Defendants" and refers to the Executive Defendants and the Director Defendants collectively as the "Individual Defendants."

37.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.    The Venator Defendants deny the allegations of Paragraph 38, except admit that Venator was separated from Huntsman through an IPO.

39.    The Venator Defendants deny the allegations of Paragraph 39, except respectfully refer the Court to the Venator Form S-1 and Form 10-K referenced and quoted therein for a complete and accurate statement of their contents.

40.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.    The Venator Defendants deny the allegations of Paragraph 42, except respectfully refer the Court to the Venator Form S-1 referenced and quoted therein for a complete and accurate statement of its contents.

43.    The Venator Defendants admit that the Amended Complaint refers to Huntsman, together with Huntsman Holdings and Huntsman International, collectively as the "Selling Shareholder Defendants."

44.    The Venator Defendants deny the allegations of Paragraph 44, except (i) admit that Venator existed as the pigments and additives division of Huntsman before Venator's IPO,

(ii) admit that the IPO of Venator shares occurred on August 3, 2017 and that the SPO of Venator shares occurred on December 4, 2017, (iii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (iv) respectfully refer the Court to Venator's and Huntsman's public filings with the SEC for a complete and accurate description of the sale of Venator shares in the IPO and SPO and thereafter.

45.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, except (i) admit that Citigroup served as an underwriter for the IPO and SPO, and (ii) respectfully refer the Court to Venator's public filings with the SEC for a complete and accurate description of the IPO and SPO.

46.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, except (i) admit that Merrill Lynch served as an underwriter for the IPO and SPO, and (ii) respectfully refer the Court to Venator's public filings with the SEC for a complete and accurate description of the IPO and SPO.

47.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, except (i) admit that Goldman served as an underwriter for the IPO and SPO, and (ii) respectfully refer the Court to Venator's public filings with the SEC for a complete and accurate description of the IPO and SPO.

48.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, except (i) admit that J.P. Morgan served as an underwriter for the IPO and SPO, and (ii) respectfully refer the Court to Venator's public filings with the SEC for a complete and accurate description of the IPO and SPO.

49.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, except (i) admit that (a) the Amended Complaint

refers to the Defendants referenced in Paragraphs 45-48 collectively as the "Underwriter Defendants," (b) the Underwriting Defendants are investment banks, and (c) the Underwriting Defendants served as underwriters for the IPO and SPO, and (ii) respectfully refer the Court to Venator's public filings with the SEC for a complete and accurate description of the IPO and SPO.

50.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51.

52.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56.     The Venator Defendants deny the allegations of Paragraph 56, except (i) admit that Venator manufactures and sells chemical products, including TiO2, which is a white pigment that is used in numerous everyday products, including paint and sunscreen, and (ii) admit that TiO2 is produced in different grades, including functional and specialty grades.

57.     The Venator Defendants deny the allegations of Paragraph 57, except (i) admit that Venator's specialty and differentiated product grades generally sell at a premium to certain other grades, (ii) admit that specialty TiO2 products are sold for specialized applications products such

as fibers, catalysts, food, pharmaceuticals and cosmetics, and (iii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding customers of specialized TiO2 products and other producers of specialized TiO2 products.

58.     The Venator Defendants deny the allegations of Paragraph 58, except respectfully refer the Court to Venator's public SEC filings and to the statements of a Huntsman spokesman at a May 16, 2017 investor conference for a complete and accurate statement of their contents.

59.     The Venator Defendants deny the allegations of Paragraph 59, except (i) admit that (a) Venator had a TiO2 manufacturing facility located in Pori, Finland that produced specialty TiO2, and (b) nameplate capacity represents a facility's maximum theoretical production capabilities, and (ii) respectfully refer the Court to Venator's public SEC filings for a complete and accurate description of Pori's production capabilities at any given point in time.

60.     The Venator Defendants deny the allegations of Paragraph 60, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations attributed to unnamed former employees of Venator, and (ii) respectfully refer the Court to the statements by Simon Turner during Huntsman's Investor Day on March 2, 2016 for a complete and accurate statement of their contents.

61.     The Venator Defendants deny the allegations of Paragraph 61, except admit that (i) TiO2 is manufactured using either of two different processes, the sulphate process or the chloride process, (ii) Venator's production capabilities include the ability to manufacture TiO2 using both sulphate and chloride manufacturing processes, and (iii) to manufacture TiO2 using the sulphate process, raw titanium-bearing ore is processed to extract a titanium-containing chemical species, which is then hydrolyzed, filtered and calcined to create an intermediate raw material called

-11-

calciner discharge ("CD") to be put through the milling, coating, filtration and further treatment processes required to produce TiO2 pigment products that can be sold to customers.

62.    The Venator Defendants deny the allegations of Paragraph 62, except respectfully refer the Court to the testimony of Jean-Francious Turgeon before the FTC for a complete and accurate statement of its contents.

63.    The Venator Defendants deny the allegations of Paragraph 63, except respectfully refer the Court to Kronos' Forms 10-K filed for the years 2010 through 2018 for a complete and accurate statement of their contents.

64.    The Venator Defendants deny the allegations of Paragraph 64.

65.    The Venator Defendants deny the allegations of Paragraph 65, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Huntsman's public filings with the SEC for a complete and accurate description of the Calais facility's production capabilities at any given point in time.

66.    The Venator Defendants deny the allegations of Paragraph 66, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Huntsman's public filings with the SEC for a complete and accurate statement of the Calais facility's production capabilities at any given point in time.

67.    The Venator Defendants deny the allegations of Paragraph 67, except respectfully refer the Court to Venator's prospectus filed in connection with its IPO for a complete and accurate statement of its contents.

68.     The Venator Defendants deny the allegations of Paragraph 68, except respectfully refer the Court to Venator's prospectus filed in connection with its SPO and its 2017 and 2018 Form 10-Ks for a complete and accurate statement of their contents.

69.     The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, except respectfully refer the Court to Tronox's Forms 10-K filed on February 28, 2013 and February 27, 2014 for a complete and accurate statement of their contents.

70.     The Venator Defendants deny the allegations of Paragraph 70, except respectfully refer the Court to the SEC filings of Huntsman, Venator and other TiO2 manufacturers for a complete and accurate statement of their contents.

71.     The Venator Defendants deny the allegations of Paragraph 71, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Huntsman's October 28, 2016 press release for a complete and accurate statement of its contents.

72.     The Venator Defendants deny the allegations of Paragraph 72, except respectfully refer the Court to Peter Huntsman's statements during the October 28, 2016 third-quarter earnings call and to Kurt Ogden's statements during the November 30, 2016 Bank of America Merrill Lynch America Leveraged Finance Conference for a complete and accurate statement of their contents.

73.     The Venator Defendants deny the allegations of Paragraph 73, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Kurt Ogden's statements during the November 30, 2016 Bank of America Merrill Lynch America Leveraged Finance Conference and

-13-

to Huntsman's January 17, 2017 press release for a complete and accurate statement of their contents.

74. The Venator Defendants deny the allegations of Paragraph 74, except respectfully refer the Court to Huntsman's January 31, 2017 press release for a complete and accurate statement of its contents.

75. The Venator Defendants deny the allegations of Paragraph 75, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding "analysts," and (ii) respectfully refer the Court to the reports by Wells Fargo and J.P. Morgan analysts referenced therein for a complete and accurate statement of their contents.

76. The Venator Defendants deny the allegations of Paragraph 76, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to the Huntsman press release referenced therein for a complete and accurate statement of its contents.

77. The Venator Defendants deny the allegations of Paragraph 77, except respectfully refer the Court to the Finnish Safety Authority report referenced therein for a complete and accurate statement of its contents.

78. The Venator Defendants deny the allegations of Paragraph 78, except (i) admit that the Pori facility had four production lines, all of which connected to the "Moore" facility, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 1 and FE 2 supposedly explained.

79. The Venator Defendants deny the allegations of Paragraph 79, except (i) admit that Venator's facility in Pori, Finland suffered extensive damage from an accidental fire that occurred

on January 30, 2017, and (ii) respectfully refer the Court to the unidentified source quoted therein for a complete and accurate statement of its contents.

80.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, except (i) admit that Venator's facility in Pori, Finland is large and suffered extensive damage from an accidental fire that occurred on January 30, 2017, and (ii) respectfully refer the Court to the unidentified source quoted therein for a complete and accurate statement of its contents.

81.    The Venator Defendants deny the allegations of Paragraph 81, except (i) admit that Venator's facility in Pori, Finland suffered extensive damage from an accidental fire that occurred on January 30, 2017, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 3 supposedly said, and (iii) respectfully refer the Court to the unidentified source quoted therein for a complete and accurate statement of its contents.

82.    The Venator Defendants deny the allegations of Paragraph 82, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 1 supposedly said, and (ii) respectfully refer the Court to the Finnish Safety Authority report referenced therein for a complete and accurate statement of its contents.

83.    The Venator Defendants deny the allegations of Paragraph 83, except respectfully refer the Court to the Finnish Safety Authority report referenced therein for a complete and accurate statement of its contents.

84.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84, except admit that Peter Huntsman visited the Pori facility in February 2017.

85.    The Venator Defendants deny the allegations of Paragraph 85, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) admit that shares of Venator were sold to public shareholders through an IPO in 2017.

86.    The Venator Defendants deny the allegations of Paragraph 86, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Huntsman's public filings with the SEC for a complete and accurate description of the Huntsman family's ownership of Huntsman shares.

87.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, except respectfully refer the Court to John Huntsman's statements at the March 28, 2017 investor conference, to Peter Huntsman's and Hariolf Kottmann's statements during the May 22, 2017 joint call, and to the May 21, 2017 *Wall Street Journal* article referenced therein for a complete and accurate statement of their contents.

88.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, except respectfully refer the Court to Huntsman's April 26, 2017 disclosure referenced therein for a complete and accurate statement of its contents.

89.    The Venator Defendants deny the allegations of Paragraph 89, except respectfully refer the Court to the alleged statements by "Huntsman executives" quoted and referenced therein for a complete and accurate statement of their contents.

90.    The Venator Defendants deny the allegations of Paragraph 90, except respectfully refer the Court to Peter Huntsman's statements during Huntsman's fourth quarter 2016 earnings call on February 26, 2017 for a complete and accurate statement of their contents.

91.     The Venator Defendants deny the allegations of Paragraph 91, except respectfully refer the Court to Peter Huntsman's statements during Huntsman's fourth quarter 2016 earnings call on February 26, 2017 for a complete and accurate statement of their contents.

92.     The Venator Defendants deny the allegations of Paragraph 92, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Huntsman's March 27, 2017 disclosure referenced therein for a complete and accurate statement of its contents.

93.     The Venator Defendants deny the allegations of Paragraph 93, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Peter Huntsman's statements during the May 22, 2017 call and to the Huntsman press release referenced therein for a complete and accurate statement of their contents.

94.     The Venator Defendants deny the allegations of Paragraph 94, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to the Finnish Safety Authority report referenced therein for a complete and accurate statement of its contents.

95.     The Venator Defendants deny the allegations of Paragraph 95, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, (ii) admit that Venator filed a Form S-1 with the SEC on May 5, 2017 and filed a series of amendments to the S-1 on June 13, June 30, and July 14, 2017, and (iii) respectfully refer the Court to those documents for a complete and accurate statement of their contents.

96.     The Venator Defendants deny the allegations of Paragraph 96, except respectfully refer the SEC's June 13, 2017 letter referenced therein for a complete and accurate statement of its contents.

97.     The Venator Defendants deny the allegations of Paragraph 97.

98.     The Venator Defendants deny the allegations of Paragraph 98, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's prospectus and public filings with the SEC and to Peter Huntsman's statements during Huntsman's April 26, 2017 first quarter 2017 earnings call for a complete and accurate statement of their contents.

99.     The Venator Defendants deny the allegations of Paragraph 99, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" thought, and (ii) respectfully refer the Court to the Wells Fargo June 27, 2017 analyst report referenced and quoted therein for a complete and accurate statement of its contents.

100.     The Venator Defendants deny the allegations of Paragraph 100, except (i) admit that in connection with the IPO, Venator and certain Huntsman entities entered into certain agreements with the Underwriter Defendants, and (ii) respectfully refer the Court to those agreements for a complete and accurate statement of their contents.

101.     The Venator Defendants deny the allegations of Paragraph 101, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Venator's and Huntsman's public filings with the SEC for a complete and accurate statement of their contents.

102.     The Venator Defendants deny the allegations of Paragraph 102, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding

Huntsman, and (ii) respectfully refer the Court to the unidentified source quoted therein for a complete and accurate statement of its contents.

103.   The Venator Defendants deny the allegations of Paragraph 103, except respectfully refer the Court to the "IPO materials" referenced and quoted therein for a complete and accurate statement of their contents.

104.   The Venator Defendants deny the allegations of Paragraph 104, except respectfully refer the Court to the "IPO materials" referenced and quoted therein for a complete and accurate statement of their contents.

105.   The Venator Defendants deny the allegations of Paragraph 105, except respectfully refer the Court to Venator's filing referenced and quoted therein for a complete and accurate statement of its contents.

106.   The Venator Defendants deny the allegations of Paragraph 106, except respectfully refer the Court to the "IPO materials" referenced and quoted therein for a complete and accurate statement of their contents.

107.   The Venator Defendants deny the allegations of Paragraph 107, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the "IPO materials" referenced and quoted therein for a complete and accurate statement of their contents.

108.   The Venator Defendants deny the allegations of Paragraph 108, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the decision of the U.S. District Court for the District of Columbia referenced therein for a complete and accurate statement of its contents.

109. The Venator Defendants deny the allegations of Paragraph 109, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (iii) admit that Peter Huntsman and Simon Turner visited the Pori facility in August 2017.

110. The Venator Defendants deny the allegations of Paragraph 110, except (i) aver that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

111. The Venator Defendants deny the allegations of Paragraph 111, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

112. The Venator Defendants deny the allegations of Paragraph 112, except (i) aver that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

113. The Venator Defendants deny the allegations of Paragraph 113, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

114. The Venator Defendants deny the allegations of Paragraph 114, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding

what "analysts" credited, and (ii) respectfully refer the Court to the Barclays and Deutsche Bank analyst reports quoted therein for a complete and accurate statement of their contents.

115.    The Venator Defendants deny the allegations of Paragraph 115, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" accepted, (ii) respectfully refer the Court to the RBC Capital Markets analyst reports quoted therein for a complete and accurate statement of their contents, and (iii) respectfully refer the Court to Venator's publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates.

116.    The Venator Defendants deny the allegations of Paragraph 116, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Venator's Form S-1 referenced therein for a complete and accurate statement of its contents.

117.    The Venator Defendants deny the allegations of Paragraph 117, except respectfully refer the Court to the SPO materials referenced therein for a complete and accurate statement of their contents.

118.    The Venator Defendants deny the allegations of Paragraph 118, except respectfully refer the Court to the SPO materials quoted therein for a complete and accurate statement of their contents.

119.    The Venator Defendants deny the allegations of Paragraph 119, except respectfully refer the Court to the SPO materials referenced and quoted therein for a complete and accurate statement of their contents.

120.     The Venator Defendants deny the allegations of Paragraph 120, except respectfully refer the Court to the SPO Registration Statement for a complete and accurate statement of its contents.

121.     The Venator Defendants deny the allegations of Paragraph 121, except (i) aver that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the SPO materials referenced and quoted therein for a complete and accurate statement of their contents.

122.     The Venator Defendants deny the allegations of Paragraph 122, except respectfully refer the Court to the transcripts of Venator's May 1, 2018 earnings call and of Venator's year-end and quarterly SEC filings and earnings calls referenced therein for a complete and accurate statement of their contents.

123.     The Venator Defendants deny the allegations of Paragraph 123, except respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

124.     The Venator Defendants deny the allegations of Paragraph 124, except respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call and to Venator's Form 10-K for 2017 for a complete and accurate statement of their contents.

125.     The Venator Defendants deny the allegations of Paragraph 125, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" accepted, and (ii) respectfully refer the Court to the SunTrust Robinson Humphrey, Barclays and Deutsche Bank analyst reports quoted therein for a complete and accurate statement of their contents.

126.     The Venator Defendants deny the allegations of Paragraph 126, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

127.     The Venator Defendants deny the allegations of Paragraph 127, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" accepted, and (iii) respectfully refer the Court to the RBC Capital Markets and Jeffries analyst reports quoted therein for a complete and accurate statement of their contents.

128.     The Venator Defendants deny the allegations of Paragraph 128, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

129.     The Venator Defendants deny the allegations of Paragraph 129, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" credited, and (iii) respectfully refer the Court to the Barclays and Deutsche Bank analyst reports quoted therein for a complete and accurate statement of their contents.

130.     The Venator Defendants deny the allegations of Paragraph 130.

131.     The Venator Defendants deny the allegations of Paragraph 131, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "numerous Venator employees," including FE 4, supposedly said.

132.    The Venator Defendants deny the allegations of Paragraph 132, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 2 supposedly said.

133.    The Venator Defendants deny the allegations of Paragraph 133, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 3 supposedly said.

134.    The Venator Defendants deny the allegations of Paragraph 134, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "[m]ultiple former Venator employees," including FE 1 and FE 2, supposedly said, and (ii) respectfully refer the Court to the Delete website referenced therein for a complete and accurate statement of its contents.

135.    The Venator Defendants deny the allegations of Paragraph 135, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Huntsman executives supposedly knew.

136.    The Venator Defendants deny the allegations of Paragraph 136, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 1 and FE 5 supposedly said.

137.    The Venator Defendants deny the allegations of Paragraph 137, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 5 supposedly said.

138.    The Venator Defendants deny the allegations of Paragraph 138, except respectfully refer the Court to the transcripts of Mahomed Maiter's deposition and FTC testimony referenced therein for a complete and accurate statement of their contents.

139.    The Venator Defendants deny the allegations of Paragraph 139, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 4 supposedly said.

140.    The Venator Defendants deny the allegations of Paragraph 140, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 4 supposedly said.

141.    The Venator Defendants deny the allegations of Paragraph 141, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 4 supposedly said.

142.    The Venator Defendants deny the allegations of Paragraph 142, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 1 supposedly said.

143.    The Venator Defendants deny the allegations of Paragraph 143, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 1 supposedly said.

144.    The Venator Defendants deny the allegations of Paragraph 144, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 2 supposedly said.

145.    The Venator Defendants deny the allegations of Paragraph 145, except (i) admit that Simon Turner and Kurt Ogden from time to time attended meetings and/or received updates regarding Pori, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 5 supposedly said.

146.     The Venator Defendants deny the allegations of Paragraph 146, except (i) admit that the Rastatt tunnel experienced a collapse in August 2017 that caused railway traffic disruptions in the fall of 2017, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 5 supposedly said.

147.     The Venator Defendants deny the allegations of Paragraph 147 and aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

148.     The Venator Defendants deny the allegations of Paragraph 148, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the opinion of the United States District Court for the District of Columbia referenced therein for a complete and accurate statement of its contents.

149.     The Venator Defendants deny the allegations of Paragraph 149, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the opinion of the United States District Court for the District of Columbia and to the expert testimony referenced therein for a complete and accurate statement of their contents.

150.     The Venator Defendants deny the allegations of Paragraph 150 and aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

151.     The Venator Defendants deny the allegations of Paragraph 151, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

152.     The Venator Defendants deny the allegations of Paragraph 152, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and

(ii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

153.    The Venator Defendants deny the allegations of Paragraph 153, except respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

154.    The Venator Defendants deny the allegations of Paragraph 154, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

155.    The Venator Defendants deny the allegations of Paragraph 155, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" were seeking, and (ii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

156.    The Venator Defendants deny the allegations of Paragraph 156, except (i) aver that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the Venator press release referenced therein for a complete and accurate statement of its contents.

157.    The Venator Defendants deny the allegations of Paragraph 157, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the Venator Form 10-K referenced therein for a complete and accurate statement of its contents.

158.    The Venator Defendants deny the allegations of Paragraph 158, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) deny

knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" credited, and (iii) respectfully refer the Court to the Barclays analyst report quoted therein for a complete and accurate statement of its contents.

159.    The Venator Defendants deny the allegations of Paragraph 159, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the Morgan Stanley analyst report quoted therein for a complete and accurate statement of their contents.

160.    The Venator Defendants deny the allegations of Paragraph 160, except (i) aver that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the RBC Capital Markets and SunTrust Robinson Humphrey analyst reports quoted therein for a complete and accurate statement of their contents.

161.    The Venator Defendants deny the allegations of Paragraph 161, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's May 1, 2018 earnings call for a complete and accurate statement of its contents.

162.    The Venator Defendants deny the allegations of Paragraph 162, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether "analysts" were skeptical, and (iii) respectfully refer the Court to the transcript of Venator's May 1, 2018 earnings call for a complete and accurate statement of its contents.

163.    The Venator Defendants deny the allegations of Paragraph 163, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and

(ii) respectfully refer the Court to the transcript of Venator's May 1, 2018 earnings call for a complete and accurate statement of its contents.

164.    The Venator Defendants deny the allegations of Paragraph 164, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether "analysts" were reassured, and (ii) respectfully refer the Court to the Barclays, BMO Capital Markets, RBC Capital Markets, and Jeffries analyst reports quoted therein for a complete and accurate statement of their contents.

165.    The Venator Defendants deny the allegations of Paragraph 165, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's July 31, 2018 Form 10-Q for a complete and accurate statement of its contents.

166.    The Venator Defendants deny the allegations of Paragraph 166, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's July 31, 2018 press release for a complete and accurate statement of its contents.

167.    The Venator Defendants deny the allegations of Paragraph 167, except (i) admit that Venator filed its Form 10-Q for the second quarter of 2018 on July 31, 2018, (ii) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (iii) respectfully refer the Court to Venator's July 31, 2018 Form 10-Q for a complete and accurate statement of its contents.

168.    The Venator Defendants deny the allegations of Paragraph 168, except respectfully refer the Court to Venator's publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates.

169.    The Venator Defendants deny the allegations of Paragraph 169, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to Venator's July 31, 2018 press release for a complete and accurate statement of its contents.

170.    The Venator Defendants deny the allegations of Paragraph 170, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's July 31, 2018 earnings call for a complete and accurate statement of its contents.

171.    The Venator Defendants deny the allegations of Paragraph 171, except respectfully refer the Court to the transcript of Venator's July 31, 2018 earnings call for a complete and accurate statement of its contents.

172.    The Venator Defendants deny the allegations of Paragraph 172, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" thought, and (ii) respectfully refer the Court to the BMO Capital Markets, J.P. Morgan, Barclays, Jeffries, Morgan Stanley, RBC Capital Markets, and SunTrust Robinson Humphrey analyst reports quoted therein for a complete and accurate statement of their contents.

173.    The Venator Defendants deny the allegations of Paragraph 173, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) admit that Venator announced on September 12, 2018 that it would forego the reconstruction efforts of its Pori facility, and (iii) respectfully refer the Court to the transcript of Venator's September 12, 2018 earnings call for a complete and accurate statement of its contents.

174.    The Venator Defendants deny the allegations of Paragraph 174, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and

(ii) respectfully refer the Court to the transcript of Venator's September 12, 2018 earnings call for a complete and accurate statement of its contents.

175.     The Venator Defendants deny the allegations of Paragraph 175, except respectfully refer the Court to the transcript of Venator's September 12, 2018 earnings call for a complete and accurate statement of its contents.

176.     The Venator Defendants deny the allegations of Paragraph 176, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" understood, and (ii) respectfully refer the Court to the transcript of Venator's September 12, 2018 earnings call for a complete and accurate statement of its contents.

177.     The Venator Defendants deny the allegations of Paragraph 177, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the opinion of the United States District Court for the District of Columbia referenced and quoted therein for a complete and accurate statement of its contents.

178.     The Venator Defendants deny the allegations of Paragraph 178, except respectfully refer the Court to Venator's publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates.

179.     The Venator Defendants deny the allegations of Paragraph 179, except respectfully refer the Court to the BMO Capital Markets, RBC Capital Markets, SunTrust Robinson Humphrey, UBS, and J.P. Morgan analyst reports quoted therein for a complete and accurate statement of their contents.

180.     The Venator Defendants deny the allegations of Paragraph 180, except respectfully refer the Court to the transcript of Venator's September 12, 2018 earnings call and the Venator SEC filings referenced therein for a complete and accurate statement of their contents.

181.    The Venator Defendants deny the allegations of Paragraph 181, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" and "investors" appreciated or understood, and (ii) respectfully refer the Court to the transcript of Venator's September 12, 2018 earnings call and to the Barclays analyst reports quoted therein for a complete and accurate statement of their contents.

182.    The Venator Defendants deny the allegations of Paragraph 182, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's October 30, 2018 Form 10-Q for a complete and accurate statement of its contents.

183.    The Venator Defendants deny the allegations of Paragraph 183, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to Venator's October 30, 2018 Form 10-Q for a complete and accurate statement of its contents.

184.    The Venator Defendants deny the allegations of Paragraph 184, except respectfully refer the Court to Venator's publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates.

185.    The Venator Defendants deny the allegations of Paragraph 185, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" understood, and (ii) respectfully refer the Court to the SunTrust Robinson Humphrey, RBC Capital Markets, UBS, and Barclays analyst reports quoted therein for a complete and accurate statement of their contents.

186.    The Venator Defendants deny the allegations of Paragraph 186, except respectfully refer the Court to Venator's publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates.

187.    The Venator Defendants deny the allegations of Paragraph 187, except respectfully refer the Court to Venator's Investor Presentation at the Citi Basic Materials Conference on November 27, 2018 for a complete and accurate statement of its contents.

188.    The Venator Defendants deny the allegations of Paragraph 188, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" requested, and (iii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call and to the December 3, 2018 J.P. Morgan analyst report quoted therein for a complete and accurate statement of their contents.

189.    The Venator Defendants deny the allegations of Paragraph 189, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the opinion of the United States District Court for the District of Columbia referenced therein for a complete and accurate statement of its contents.

190.    The Venator Defendants deny the allegations of Paragraph 190, except respectfully refer the Court to the declaration of Mahomed Maiter referenced and quoted therein for a complete and accurate statement of its contents.

191.    To the extent that the allegations of Paragraph 191 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 191, except (i) aver that the Court of Appeals for the Fifth District of Texas at Dallas on January 21, 2020 reversed the Texas District Court's decision

on Venator's Rule 91A motion to dismiss and dismissed all claims against Venator, Simon Turner, Kurt Ogden, Stephen Ibbotson, Russ Stolle, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Inc., Goldman Sachs & Co. LLC, and J.P. Morgan Securities LLC for lack of personal jurisdiction, and (ii) respectfully refer the Court to the decision by the Court of Appeals for the Fifth District of Texas for a complete and accurate statement of its contents.

192.    To the extent that the allegations of Paragraph 192 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 192.

193.    The Venator Defendants deny the allegations of Paragraph 193, except (i) admit that Simon Turner and Mohamed Maiter from time to time attended meetings and/or received updates regarding Pori, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 5 supposedly said, and (iii) respectfully refer the Court to the transcript of Mohamed Maiter's FTC testimony referenced therein for a complete and accurate statement of its contents.

194.    The Venator Defendants deny the allegations of Paragraph 194, except (i) admit that Venator management had periodic discussions with Venator's insurers regarding Pori, (ii) aver that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court, and (iii) respectfully refer the Court to the unidentified source quoted therein for a complete and accurate statement of its contents.

195.    The Venator Defendants deny the allegations of Paragraph 195, except respectfully refer the Court to the transcripts for Venator's earnings calls referenced therein for a complete and accurate statement of their contents.

196.    The Venator Defendants deny the allegations of Paragraph 196, except respectfully refer the Court to the transcripts for Venator's earnings calls referenced therein for a complete and accurate statement of their contents.

197.    The Venator Defendants deny the allegations of Paragraph 197, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer to Venator's quarterly filings with the SEC referenced therein for a complete and accurate statement of their contents.

198.    The Venator Defendants deny the allegations of Paragraph 198, except (i) admit that the Pori facility was one of eight Venator facilities that produced TiO2, and (ii) respectfully refer the Court to alleged statements by Simon Turner quoted therein for a complete and accurate statement of their contents.

199.    The Venator Defendants deny the allegations of Paragraph 199.

200.    The Venator Defendants deny the allegations of Paragraph 200, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 1 and FE 5 supposedly said.

201.    The Venator Defendants deny the allegations of Paragraph 201, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "former employees" supposedly said.

202.    The Venator Defendants deny the allegations of Paragraph 202, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Huntsman's public filings with the SEC for a complete and accurate description of the Huntsman family's ownership of Huntsman shares.

203.    The Venator Defendants deny the allegations of Paragraph 203, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Venator's and Huntsman's public filings with the SEC for a complete and accurate description of the sale of Venator shares in the IPO and SPO and thereafter.

204.    The Venator Defendants deny the allegations of Paragraph 204, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Huntsman Defendants, and (ii) respectfully refer the Court to Venator's and Huntsman's public filings with the SEC for a complete and accurate description of the sale of Venator shares in the IPO and SPO and thereafter.

205.    The Venator Defendants deny the allegations of Paragraph 205, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman.

206.    The Venator Defendants deny the allegations of Paragraph 206, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to Venator's and Huntsman's public filings with the SEC for a complete and accurate statement of Peter Huntsman's compensation.

207.    The Venator Defendants deny the allegations of Paragraph 207, except aver that Plaintiffs' claims based on market demand for TiO2 and Venator's insurance coverage were dismissed by the Court.

208.    The Venator Defendants deny the allegations of Paragraph 208.

209. The Venator Defendants deny the allegations of Paragraph 209, except respectfully refer the Court to the "offering materials" for the IPO referenced and quoted therein for a complete and accurate statement of their contents.

210. The Venator Defendants deny the allegations of Paragraph 210, except (i) admit that Venator executives appeared at the UBS Global Chemicals & Paper and Packaging Conference on September 6, 2017, and (ii) respectfully refer the Court to the slide presentation referenced and quoted therein for a complete and accurate statement of its contents.

211. The Venator Defendants deny the allegations of Paragraph 211, except (i) admit that Venator executives appeared at the KeyBanc Basic Materials & Packaging Conference on September 13, 2017, and (ii) respectfully refer the Court to the slide presentation referenced and quoted therein for a complete and accurate statement of its contents.

212. The Venator Defendants deny the allegations of Paragraph 212, except (i) admit that Venator announced its third-quarter 2017 financial results on October 27, 2017, and (ii) respectfully refer the Court to the Venator press release referenced and quoted therein for a complete and accurate statement of its contents.

213. The Venator Defendants deny the allegations of Paragraph 213, except (i) admit that Venator held its earnings call for the third quarter of 2017 on October 27, 2017, and (ii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

214. The Venator Defendants deny the allegations of Paragraph 214, except (i) admit that Venator issued its Form 10-Q for the third quarter of 2017 on November 3, 2017, which was signed by Kurt Ogden and Stephen Ibbotson, and (ii) respectfully refer the Court to Venator's November 3, 2017 Form 10-Q for a complete and accurate statement of its contents.

215.    The Venator Defendants deny the allegations of Paragraph 215, except (i) admit that Venator filed its Form 10-K for the year ended December 31, 2017 on February 23, 2018, which was signed by Kurt Ogden and Stephen Ibbotson, and (ii) respectfully refer the Court to Venator's 2017 Form 10-K for a complete and accurate statement of its contents.

216.    The Venator Defendants deny the allegations of Paragraph 216, except (i) admit that Venator announced its financial results for the first quarter of 2018 on May 1, 2018, and (ii) respectfully refer the Court to Venator's May 1, 2018 Form 8-K for a complete and accurate statement of its contents.

217.    The Venator Defendants deny the allegations of Paragraph 217, except (i) admit that Venator filed its Form 10-Q for the first quarter of 2018 on May 1, 2018, which was signed by Kurt Ogden and Stephen Ibbotson, and (ii)  respectfully refer the Court to Venator's May 1, 2018 Form 10-Q for a complete and accurate statement of its contents.

218.    The Venator Defendants deny the allegations of Paragraph 218, except (i) admit that Venator released its earnings presentation for the first quarter of 2018 on May 1, 2018, and (ii) respectfully refer the Court to Venator's May 1, 2018 earnings presentation for a complete and accurate statement of its contents.

219.    The Venator Defendants deny the allegations of Paragraph 219, except (i) admit that Venator held its earnings call for the first quarter of 2018 on May 1, 2018, and (ii) respectfully refer the Court to the transcript of Venator's May 1, 2018 earnings call for a complete and accurate statement of its contents.

220.    The Venator Defendants deny the allegations of Paragraph 220, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding "analysts' confusion," and (ii) respectfully refer the Court to the Barclays, SunTrust Robinson

Humphrey, BMO Capital Markets, and RBC Capital Markets analyst reports quoted therein for a complete and accurate statement of their contents.

221. The Venator Defendants deny the allegations of Paragraph 221, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 2 supposedly said.

222. The Venator Defendants deny the allegations of Paragraph 222.

223. The Venator Defendants deny the allegations of Paragraph 223.

224. The Venator Defendants deny the allegations of Paragraph 224.

225. The Venator Defendants deny the allegations of Paragraph 225, except respectfully refer the Court to the "offering materials" for the IPO referenced and quoted therein for a complete and accurate statement of their contents.

226. The Venator Defendants deny the allegations of Paragraph 226, except (i) admit that Venator issued its Form 10-Q for the second quarter of 2017 on August 28, 2017, which was signed by Kurt Ogden and Stephen Ibbotson, and (ii) respectfully refer the Court to Venator's August 28, 2017 Form 10-Q for a complete and accurate statement of its contents.

227. The Venator Defendants deny the allegations of Paragraph 227, except respectfully refer the Court to Venator's August 28, 2017 Form 10-Q for a complete and accurate statement of its contents.

228. The Venator Defendants deny the allegations of Paragraph 228, except (i) admit that Venator executives appeared at the UBS Global Chemicals & Paper and Packaging Conference on September 6, 2017, and (ii) respectfully refer the Court to the slide presentation referenced and quoted therein for a complete and accurate statement of its contents.

229.     The Venator Defendants deny the allegations of Paragraph 229, except (i) admit that Venator executives appeared at the KeyBanc Basic Materials & Packaging Conference on September 13, 2017, and (ii) respectfully refer the Court to the slide presentation referenced and quoted therein for a complete and accurate statement of its contents.

230.     The Venator Defendants deny the allegations of Paragraph 230, except respectfully refer the Court to Venator's October 27, 2017 announcement of its third quarter of 2017 financial results referenced and quoted therein for a complete and accurate statement of its contents.

231.     The Venator Defendants deny the allegations of Paragraph 231, except (i) admit that Venator held its earnings call for the third quarter of 2017 on October 27, 2017, and (ii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

232.     The Venator Defendants deny the allegations of Paragraph 232, except respectfully refer the Court to Venator's November 3, 2017 Form 10-Q for a complete and accurate statement of its contents.

233.     The Venator Defendants deny the allegations of Paragraph 233, except (i) admit that Venator announced its financial results for the fourth quarter and full year of 2017 on February 23, 2018, and (ii) respectfully refer the Court to Venator's February 23, 2018 announcement of its fourth quarter and full year of 2017 financial results referenced therein for a complete and accurate statement of its contents.

234.     The Venator Defendants deny the allegations of Paragraph 234, except respectfully refer the Court to Venator's February 23, 2018 Form 8-K for a complete and accurate statement of its contents.

235.    The Venator Defendants deny the allegations of Paragraph 235, except respectfully refer the Court to Venator's February 23, 2018 Form 8-K for a complete and accurate statement of its contents.

236.    The Venator Defendants deny the allegations of Paragraph 236, except (i) admit that Venator filed its Form 10-K for the year ended December 31, 2017 on February 23, 2018, and (ii) respectfully refer the Court to Venator's 2017 Form 10-K for a complete and accurate statement of its contents.

237.    The Venator Defendants deny the allegations of Paragraph 237, except (i) admit that Venator released its earnings presentation for the third quarter of 2017 on February 23, 2018, and (ii) respectfully refer the Court to Venator's February 23, 2018 earnings presentation referenced and quoted therein for a complete and accurate statement of its contents.

238.    The Venator Defendants deny the allegations of Paragraph 238, except respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

239.    The Venator Defendants deny the allegations of Paragraph 239, except respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

240.    The Venator Defendants deny the allegations of Paragraph 240, except (i) admit that Venator announced its financial results for the first quarter of 2018 on May 1, 2018, and (ii) respectfully refer the Court to Venator's May 1, 2018 Form 8-K for a complete and accurate statement of its contents.

241. The Venator Defendants deny the allegations of Paragraph 241, except respectfully refer the Court to Venator's May 1, 2018 Form 8-K for a complete and accurate statement of its contents.

242. The Venator Defendants deny the allegations of Paragraph 242, except (i) admit that Venator filed its Form 10-Q for the first quarter of 2018 on May 1, 2018, and (ii) respectfully refer the Court to Venator's May 1, 2018 Form 10-Q for a complete and accurate statement of its contents.

243. The Venator Defendants deny the allegations of Paragraph 243, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" credited, and (ii) respectfully refer the Court to the RBC Capital Markets, Barclays, SunTrust Robinson Humphrey, and Jeffries analyst reports quoted therein for a complete and accurate statement of their contents.

244. The Venator Defendants deny the allegations of Paragraph 244.

245. The Venator Defendants deny the allegations of Paragraph 245, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 2 supposedly said, and (ii) respectfully refer the Court to the February 23, 2018 statements quoted therein for a complete and accurate statement of their contents.

246. The Venator Defendants deny the allegations of Paragraph 246, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 1 and FE 2 supposedly said, and (ii) respectfully refer the Court to the May 1, 2018 statements quoted therein for a complete and accurate statement of their contents.

247. The Venator Defendants deny the allegations of Paragraph 247, except aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

248.    The Venator Defendants deny the allegations of Paragraph 248, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the "offering materials" for the IPO referenced and quoted therein for a complete and accurate statement of their contents.

249.    The Venator Defendants deny the allegations of Paragraph 249, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) admit that Kurt Ogden and Stephen Ibbotson signed Venator's Form 10-Q filed on August 28, 2017, and (iii) respectfully refer the Court to Venator's August 28, 2017 Form 10-Q for a complete and accurate statement of its contents.

250.    The Venator Defendants deny the allegations of Paragraph 250, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) admit that Venator issued a press release on August 28, 2017, and (iii) respectfully refer the Court to Venator's August 28, 2017 press release quoted therein for a complete and accurate statement of its contents.

251.    The Venator Defendants deny the allegations of Paragraph 251, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) admit that Venator announced its financial results for the third quarter of 2017 on October 27, 2017, and (iii) respectfully refer the Court to Venator's October 27, 2017 Form 8-K for a complete and accurate statement of its contents.

252.    The Venator Defendants deny the allegations of Paragraph 252, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) admit that Venator held its earnings call for the third quarter of 2017 on October 27, 2017, and

(iii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

253.    The Venator Defendants deny the allegations of Paragraph 253, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to Venator's 2017 Form 10-K filed on February 23, 2018 for a complete and accurate statement of its contents.

254.    The Venator Defendants deny the allegations of Paragraph 254, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) admit that Venator's earnings call for the fourth quarter of 2017 was held on February 23, 2018, and (iii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

255.    The Venator Defendants deny the allegations of Paragraph 255, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to Venator's Form 10-Q for the first quarter of 2018 filed on May 1, 2018 for a complete and accurate statement of its contents.

256.    The Venator Defendants deny the allegations of Paragraph 256, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's May 1, 2018 earnings call for a complete and accurate statement of its contents.

257.    The Venator Defendants deny the allegations of Paragraph 257, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "analysts" credited, and (iii) respectfully refer the Court to the Barclays, Jeffries, and

-44-

SunTrust Robinson Humphrey analyst reports quoted therein for a complete and accurate statement of their contents.

258.    The Venator Defendants deny the allegations of Paragraph 258, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the opinion of the United States District Court for the District of Columbia referenced therein for a complete and accurate statement of its contents.

259.    The Venator Defendants deny the allegations of Paragraph 259, except aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

260.    The Venator Defendants deny the allegations of Paragraph 260, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) admit that Venator issued its Form 10-Q for the second quarter of 2017 on August 28, 2017, which was signed by Kurt Ogden and Stephen Ibbotson, and (iii) respectfully refer the Court to Venator's August 28, 2017 Form 10-Q for a complete and accurate statement of its contents.

261.    The Venator Defendants deny the allegations of Paragraph 261, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) admit that Venator announced its financial results for the third quarter of 2017 on October 27, 2017, and (iii) respectfully refer the Court to Venator's October 27, 2017 Form 8-K for a complete and accurate statement of its contents.

262.    The Venator Defendants deny the allegations of Paragraph 262, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) admit that Venator released its earnings presentation for the third quarter of 2017 on October 27, 2017, and (iii) respectfully refer the Court to Venator's October 27, 2017 earnings presentation referenced therein for a complete and accurate statement of its contents.

263. The Venator Defendants deny the allegations of Paragraph 263, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) admit that Venator held its earnings call for the third quarter of 2017 on October 27, 2017, and (iii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

264. The Venator Defendants deny the allegations of Paragraph 264, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's October 27, 2017 earnings call for a complete and accurate statement of its contents.

265. The Venator Defendants deny the allegations of Paragraph 265, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's November 3, 2017 Form 10-Q for a complete and accurate statement of its contents.

266. The Venator Defendants deny the allegations of Paragraph 266, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) admit that Venator disclosed its fourth quarter and year-end results for 2017 on February 23, 2018, and (iii) respectfully refer the Court to Venator's February 23, 2018 press release referenced and quoted therein for a complete and accurate statement of its contents.

267. The Venator Defendants deny the allegations of Paragraph 267, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's 2017 Form 10-K filed on February 23, 2018 for a complete and accurate statement of its contents.

268.     The Venator Defendants deny the allegations of Paragraph 268, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's 2017 Form 10-K filed on February 23, 2018 for a complete and accurate statement of its contents.

269.     The Venator Defendants deny the allegations of Paragraph 269, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

270.     The Venator Defendants deny the allegations of Paragraph 270, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether "analysts" were puzzled, and (iii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

271.     The Venator Defendants deny the allegations of Paragraph 271, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's February 23, 2018 earnings call for a complete and accurate statement of its contents.

272.     The Venator Defendants deny the allegations of Paragraph 272, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's May 1, 2018 press release referenced and quoted therein for a complete and accurate statement of its contents.

273.     The Venator Defendants deny the allegations of Paragraph 273, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and

(ii) respectfully refer the Court to Venator's May 1, 2018 Form 10-Q for a complete and accurate statement of its contents.

274. The Venator Defendants deny the allegations of Paragraph 274, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to Venator's May 1, 2018 Form 10-Q for a complete and accurate statement of its contents.

275. The Venator Defendants deny the allegations of Paragraph 275, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) admit that Venator held its earnings call for the first quarter of 2018 on May 1, 2018, and (iii) respectfully refer the Court to the transcript of Venator's May 1, 2018 earnings call for a complete and accurate statement of its contents.

276. The Venator Defendants deny the allegations of Paragraph 276, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether "analysts" were puzzled, and (iii) respectfully refer the Court to the transcript of Venator's May 1, 2018 earnings call for a complete and accurate statement of its contents.

277. The Venator Defendants deny the allegations of Paragraph 277, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the transcript of Venator's May 1, 2018 earnings call for a complete and accurate statement of its contents.

278. The Venator Defendants deny the allegations of Paragraph 278, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the opinion of the United States District Court for the District of

Columbia and to the October 30, 2018 and November 27, 2018 Venator disclosures referenced therein for a complete and accurate statement of their contents.

279. The Venator Defendants deny the allegations of Paragraph 279.

280. The Venator Defendants deny the allegations of Paragraph 280, except respectfully refer the Court to Venator's publicly reported stock price for a complete and accurate statement of Venator's stock price on particular dates.

281. The Venator Defendants deny the allegations of Paragraph 281.

282. To the extent that the allegations of Paragraph 282 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 282.

283. The Venator Defendants deny the allegations of Paragraph 283.

284. To the extent that the allegations of Paragraph 284 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 284, except respectfully refer the Court to the Supreme Court's decision in *Affiliated Ute Citizens* v. *United States*, 406 U.S. 128 (1972), for a complete and accurate statement of its contents.

285. To the extent that the allegations of Paragraph 285 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 285, except respectfully refer the Court to the statutory provisions referenced therein for a complete and accurate statement of their contents.

286. To the extent that the allegations of Paragraph 286 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Venator

Defendants deny the allegations of Paragraph 286, except they respectfully refer the Court to the statutory provisions referenced therein for a complete and accurate statement of their contents.

287. In answer to the allegations of Paragraph 287, the Venator Defendants repeat, incorporate, and restate their answers to each of the preceding paragraphs as if fully set forth herein.

288. The Venator Defendants deny the allegations of Paragraph 288.

289. The Venator Defendants deny the allegations of Paragraph 289.

290. The Venator Defendants deny the allegations of Paragraph 290.

291. The Venator Defendants deny the allegations of Paragraph 291.

292. The Venator Defendants deny the allegations of Paragraph 292.

293. The Venator Defendants deny the allegations of Paragraph 293.

294. The Venator Defendants deny the allegations of Paragraph 294.

295. The Venator Defendants deny the allegations of Paragraph 295.

296. The Venator Defendants deny the allegations of Paragraph 296.

297. The Venator Defendants deny the allegations of Paragraph 297.

298. In answer to the allegations of Paragraph 298, the Venator Defendants repeat, incorporate, and restate their answers to each of the preceding paragraphs as if fully set forth herein.

299. The Venator Defendants deny the allegations of Paragraph 299.

300. The Venator Defendants deny the allegations of Paragraph 300.

301. The Venator Defendants deny the allegations of Paragraph 301.

302. The Venator Defendants deny the allegations of Paragraph 302.

303. The Venator Defendants deny the allegations of Paragraph 303.

304. The Venator Defendants deny the allegations of Paragraph 304, except admit that Paragraph 304 purports to describe Plaintiffs' claims under the Securities Act.

305. The Venator Defendants deny the allegations of Paragraph 305, except admit that Paragraph 305 purports to describe Plaintiffs' claims under the Securities Act.

306. The Venator Defendants deny the allegations of Paragraph 306.

307. The Venator Defendants deny the allegations of Paragraph 307, except admit that (a) Venator filed a Form S-1 IPO Registration statement with the SEC on May 5, 2017, (b) the IPO Registration Statement was declared effected by the SEC on August 2, 2017, (c) the IPO of Venator shares occurred on August 3, 2017, and (d) Venator filed a Form 424(b)(4) IPO Prospectus with the SEC on August 4, 2017.

308. The Venator Defendants admit the allegations of Paragraph 308.

309. The Venator Defendants deny the allegations of Paragraph 309, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to the IPO Registration Statement for a complete and accurate statement of the number of ordinary shares offered in the IPO.

310. The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 310.

311. The Venator Defendants deny the allegations of Paragraph 311, except admit that (a) Venator filed a Form S-1 SPO Registration statement with the SEC on November 27, 2017, (b) the SPO Registration Statement was declared effected by the SEC on November 29, 2017, (c) Venator filed a Form 424(b)(4) SPO Prospectus with the SEC on December 1, 2017, and (d) the SPO of Venator shares occurred on December 4, 2017.

312. The Venator Defendants admit the allegations of Paragraph 312.

313.    The Venator Defendants deny the allegations of Paragraph 313, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Huntsman, and (ii) respectfully refer the Court to the SPO Registration Statement and the November 29, 2017 Form S-1 registration adding securities to prior Form S-1 registration for a complete and accurate statement of the number of ordinary shares offered in the SPO.

314.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 314.

315.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 315.

316.    The Venator Defendants deny the allegations of Paragraph 316, except respectfully refer the Court to the IPO Prospectus referenced and quoted therein for a complete and accurate statement of its contents.

317.    The Venator Defendants deny the allegations of Paragraph 317, except respectfully refer the Court to the IPO Prospectus referenced and quoted therein for a complete and accurate statement of its contents.

318.    The Venator Defendants deny the allegations of Paragraph 318, except respectfully refer the Court to the IPO Prospectus referenced and quoted therein for a complete and accurate statement of its contents.

319.    The Venator Defendants deny the allegations of Paragraph 319, except respectfully refer the Court to the IPO Prospectus referenced and quoted therein for a complete and accurate statement of its contents.

320.    The Venator Defendants deny the allegations of Paragraph 320.

321.    The Venator Defendants deny the allegations of Paragraph 321.

322.　The Venator Defendants deny the allegations of Paragraph 322.

323.　The Venator Defendants deny the allegations of Paragraph 323.

324.　The Venator Defendants deny the allegations of Paragraph 324, except respectfully refer the Court to the IPO Prospectus referenced and quoted therein for a complete and accurate statement of its contents.

325.　The Venator Defendants deny the allegations of Paragraph 325.

326.　The Venator Defendants deny the allegations of Paragraph 326, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the IPO Prospectus referenced and quoted therein for a complete and accurate statement of its contents.

327.　The Venator Defendants deny the allegations of Paragraph 327, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the decision of the United States District Court for the District of Columbia referenced therein for a complete and accurate statement of its contents.

328.　The Venator Defendants deny the allegations of Paragraph 328, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the IPO Prospectus referenced and quoted therein for a complete and accurate statement of its contents.

329.　The Venator Defendants deny the allegations of Paragraph 329, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the IPO Prospectus referenced and quoted therein for a complete and accurate statement of its contents.

330.     The Venator Defendants deny the allegations of Paragraph 330, except aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

331.     To the extent that the allegations of Paragraph 331 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 331.

332.     The Venator Defendants deny the allegations of Paragraph 332.

333.     The Venator Defendants deny the allegations of Paragraph 333, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 2 supposedly said, and (ii) respectfully refer the Court to the IPO Materials referenced and quoted therein for a complete and accurate statement of their contents.

334.     The Venator Defendants deny the allegations of Paragraph 334.

335.     The Venator Defendants deny the allegations of Paragraph 335, except respectfully refer the Court to the SPO Materials referenced and quoted therein for a complete and accurate statement of their contents.

336.     The Venator Defendants deny the allegations of Paragraph 336, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "multiple Venator former employees" supposedly said.

337.     The Venator Defendants deny the allegations of Paragraph 337, except respectfully refer the Court to the SPO Materials referenced and quoted therein for a complete and accurate statement of their contents.

338.     The Venator Defendants deny the allegations of Paragraph 338, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what FE 1 and FE 2 supposedly said.

339.    The Venator Defendants deny the allegations of Paragraph 339, except (i) aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court, and (ii) respectfully refer the Court to the SPO Materials referenced and quoted therein for a complete and accurate statement of their contents.

340.    The Venator Defendants deny the allegations of Paragraph 340, except aver that Plaintiffs' claims based on market demand for TiO2 were dismissed by the Court.

341.    The Venator Defendants deny the allegations of Paragraph 341, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the SPO Materials referenced and quoted therein for a complete and accurate statement of their contents.

342.    The Venator Defendants deny the allegations of Paragraph 342, except (i) aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court, and (ii) respectfully refer the Court to the SPO Materials referenced and quoted therein for a complete and accurate statement of their contents.

343.    The Venator Defendants deny the allegations of Paragraph 343, except aver that Plaintiffs' claims based on Venator's insurance coverage were dismissed by the Court.

344.    To the extent that the allegations of Paragraph 344 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 344.

345.    The Venator Defendants deny the allegations of Paragraph 345.

346.    The Venator Defendants deny the allegations of Paragraph 346, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding

what FE 2 supposedly said, and (ii) respectfully refer the Court to the SPO Materials referenced and quoted therein for a complete and accurate statement of their contents.

347.    The Venator Defendants deny the allegations of Paragraph 347.

348.    To the extent that the allegations of Paragraph 348 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 348.

349.    The Venator Defendants deny the allegations of Paragraph 349.

350.    The Venator Defendants deny the allegations of Paragraph 350.

351.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 351.

352.    To the extent that the allegations of Paragraph 352 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 352, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Underwriter Defendants.

353.    The Venator Defendants deny the allegations of Paragraph 353.

354.    The Venator Defendants deny the allegations of Paragraph 354.

355.    In answer to the allegations of Paragraph 355, the Venator Defendants repeat, incorporate, and restate their answers to each of the preceding paragraphs as if fully set forth herein.

356.    The Venator Defendants deny the allegations of Paragraph 356, except admit that Paragraph 356 purports to describe Plaintiffs' claim under Section 11 of the Securities Act.

357.    The Venator Defendants deny the allegations of Paragraph 357, except admit that Paragraph 357 purports to describe Plaintiffs' claim under Section 11 of the Securities Act.

358.    The Venator Defendants deny the allegations of Paragraph 358.

359.    To the extent that the allegations of Paragraph 359 consist of legal conclusions, no response is required or appropriate.    To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 359, except admit that Venator was the registrant for the IPO and SPO.

360.    The Venator Defendants deny the allegations of Paragraph 360.

361.    To the extent that the allegations of Paragraph 361 consist of legal conclusions, no response is required or appropriate.    To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 361, except admit that the Underwriter Defendants served as the underwriters for the IPO and SPO.

362.    The Venator Defendants deny the allegations of Paragraph 362.

363.    The Venator Defendants deny the allegations of Paragraph 363.

364.    The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 364.

365.    The Venator Defendants deny the allegations of Paragraph 365.

366.    The Venator Defendants deny the allegations of Paragraph 366, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the knowledge of Plaintiffs and other members of the putative class.

367.    The Venator Defendants deny the allegations of Paragraph 367.

368.    In answer to the allegations of Paragraph 368, the Venator Defendants repeat, incorporate, and restate their answers to each of the preceding paragraphs as if fully set forth herein.

369. The Venator Defendants deny the allegations of Paragraph 369, except admit that Paragraph 369 purports to describe Plaintiffs' claim under Section 12(a)(2) of the Securities Act.

370. The Venator Defendants deny the allegations of Paragraph 370, except admit that Paragraph 370 purports to describe Plaintiffs' claim under Section 12(a)(2) of the Securities Act.

371. To the extent that the allegations of Paragraph 371 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 371.

372. The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 372.

373. The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 373.

374. The Venator Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 374.

375. The Venator Defendants deny the allegations of Paragraph 375.

376. The Venator Defendants deny the allegations of Paragraph 376.

377. The Venator Defendants deny the allegations of Paragraph 377, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' knowledge.

378. The Venator Defendants deny the allegations of Paragraph 378, except admit that Paragraph 378 purports to describe Plaintiffs' offer to Goldman Sachs.

379. The Venator Defendants deny the allegations of Paragraph 379.

380. The Venator Defendants deny the allegations of Paragraph 380.

381.    In answer to the allegations of Paragraph 381, the Venator Defendants repeat, incorporate, and restate their answers to each of the preceding paragraphs as if fully set forth herein.

382.    The Venator Defendants deny the allegations of Paragraph 382, except admit that Paragraph 382 purports to describe Plaintiffs' claim under Section 15 of the Securities Act.

383.    The Venator Defendants deny the allegations of Paragraph 383, except admit that Paragraph 382 purports to describe Plaintiffs' claim under Section 15 of the Securities Act.

384.    The Venator Defendants deny the allegations of Paragraph 384.

385.    The Venator Defendants deny the allegations of Paragraph 385.

386.    The Venator Defendants deny the allegations of Paragraph 386.

387.    The Venator Defendants deny the allegations of Paragraph 387.

388.    To the extent that the allegations of Paragraph 388 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 388, except admit that Plaintiffs purports to bring this action as a putative class action.

389.    To the extent that the allegations of Paragraph 389 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Venator Defendants deny the allegations of Paragraph 388.

390.    The Venator Defendants deny the allegations of Paragraph 390.

391.    The Venator Defendants deny the allegations of Paragraph 391.

392.    The Venator Defendants deny the allegations of Paragraph 392.

393.    The Venator Defendants deny the allegations of Paragraph 393.

394.    The Amended Complaint contains an unnumbered paragraph with subparts (a) through (d) containing Plaintiffs' prayer for relief, to which no response is required.  To the extent any response is required, the Venator Defendants deny that Plaintiffs are entitled to any relief in this action.

395.    The Amended Complaint contains an unnumbered paragraph containing Plaintiffs' jury demand, to which no response is required.  To the extent any response is required, the Venator Defendants deny that Plaintiffs are entitled to any relief in this action, and thus no jury is required.

## DEFENSES

The Venator Defendants assert the following defenses with respect to every cause of action asserted by Plaintiffs, and they reserve the right to assert other and additional defenses, cross-claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Venator Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs.

## FIRST DEFENSE

The Amended Complaint fails to state a cause of action upon which relief can be granted against the Venator Defendants.

## SECOND DEFENSE

Plaintiffs have failed to plead their claims against the Venator Defendants with the required particularity.

## THIRD DEFENSE

Plaintiffs and putative class members are not entitled to any recovery because no act or omission attributed to the Venator Defendants in the Amended Complaint was the actual or proximate cause of any alleged injury suffered by Plaintiffs or putative class members.

## FOURTH DEFENSE

The Venator Defendants are not liable because they did not make any false or misleading statements of material fact or omit any material fact.

## FIFTH DEFENSE

The Venator Defendants' public statements and filings were accurate in all material respects.

## SIXTH DEFENSE

The alleged omissions were either disclosed or the allegedly omitted facts were not required to be disclosed.

## SEVENTH DEFENSE

The Venator Defendants are not liable for any alleged misstatements that were forward-looking statements accompanied by meaningful cautionary language.

## EIGHTH DEFENSE

The Venator Defendants did not act with scienter because they neither knew, nor were they reckless in not knowing, that any alleged misstatements still at issue in this action were false or misleading (which the Venator Defendants deny).

**NINTH DEFENSE**

The Venator Defendants are not liable to Plaintiffs and putative class members because any alleged misstatements or omissions for which the Venator Defendants were allegedly responsible were not material to the investment decisions of a reasonable investor.

**TENTH DEFENSE**

The Venator Defendants are not liable to Plaintiffs and putative class members because Plaintiffs and putative class members did not reasonably rely on any alleged misstatements or omissions of material fact by the Venator Defendants.

**ELEVENTH DEFENSE**

Plaintiffs and putative class members are not entitled to any recovery because Plaintiffs and putative class members did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions alleged in the Amended Complaint.

**TWELFTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions alleged in the Amended Complaint.

**THIRTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part insofar as Plaintiffs and putative class members would be unjustly enriched if they were permitted to obtain recovery in this action.

**FOURTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because, to the extent that Plaintiffs and putative class members were injured or damaged as alleged in the

Amended Complaint, which is denied, Plaintiffs' and putative class members' comparative and/or contributory negligence in connection with the facts and circumstances surrounding their transactions in Venator stock precludes some or all of the recovery they seek.

## FIFTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members failed to make reasonable efforts to mitigate their alleged injury or damage.

## SIXTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the alleged misstatements contain expressions of opinion that were truly held by the Venator Defendants at the time those statements were made.

## SEVENTEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because, to the extent that Plaintiffs or putative class members incurred any injury or damage as alleged in the Amended Complaint, which is denied, any such injury or damage was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than the Venator Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## EIGHTEENTH DEFENSE

Plaintiffs' and putative class members' claims against Russ Stolle should be dismissed for lack of personal jurisdiction.

## NINETEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not purchase any shares in reliance on the statements and omissions alleged in the Amended Complaint.

## TWENTIETH DEFENSE

Plaintiffs' and putative class members' control-person claims are barred in whole or in part because Simon Turner, Kurt Ogden, Stephen Ibbotson, Russ Stolle, Peter Huntsman, Douglas Anderson, and Kathy Patrick did not have "control" over Venator as that term is defined in the federal securities laws and regulations.

## TWENTY-FIRST DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members lack standing to pursue some or all of their claims against the Venator Defendants.

## TWENTY-SECOND DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the Venator Defendants acted in good faith, including by reasonably relying upon the advice of others.

## TWENTY-THIRD DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the matters now alleged to be the subject of misstatements or omissions were in fact disclosed in Venator's public filings or press releases, or were otherwise publicly disclosed or in the public domain, and, as such, were available to Plaintiffs, putative class members, or the securities markets generally, and thus were at all times reflected in the price of Venator stock.

## TWENTY-FOURTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of Venator stock would decline if such risks materialized.

## TWENTY-FIFTH DEFENSE

Pursuant to Section 11(g) of the Securities Act, 18 U.S.C. § 77k(g), Plaintiffs' and putative class members' right to recovery, if any, may not exceed the price at which Plaintiffs' and putative class members' securities were offered to the public.

## TWENTY-SIXTH DEFENSE

Plaintiffs and putative class members have no damages compensable under Section 11 or Section 12 of the Securities Act.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' suit is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' and putative class members' alleged damages, if any, are speculative, and thus are not recoverable.

## TWENTY-NINTH DEFENSE

Plaintiffs and putative class members did not suffer any losses, and thus cannot recover any damages.

## THIRTIETH DEFENSE

Plaintiffs' and putative class members' alleged damages, if any, are limited by 15 U.S.C. § 78u-4.

## THIRTY-FIRST DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because all losses and damages alleged in the Amended Complaint are the result of superseding and/or intervening causes and are not the result of any act or omission of the Venator Defendants.

## THIRTY-SECOND DEFENSE

The Venator Defendants are not liable to the extent that the alleged misstatements and omissions attributed to the Venator Defendants were not made in connection with the purchase or sale of Venator securities by Plaintiffs or putative class members.

## THIRTY-THIRD DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because of the "bespeaks caution" doctrine.

## THIRTY-FOURTH DEFENSE

The Venator Defendants exercised reasonable care.  After reasonable and diligent investigation, the Venator Defendants had reasonable grounds to believe, and did believe, that the alleged misstatements still at issue in this case were true and omitted no material fact necessary to make those statements not misleading.

## THIRTY-FIFTH DEFENSE

Plaintiffs' and putative class members' claims against the Venator Defendants are barred in whole or in part because, at all relevant times, the Venator Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## THIRTY-SIXTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the Venator Defendants neither owed nor breached any duty to Plaintiffs and putative class members

to disclose information allegedly omitted from the public statements, and had no duty to verify, opine upon, audit, review, or correct such information disclosed in the public statements.

## THIRTY-SEVENTH DEFENSE

The putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

## THIRTY-EIGHTH DEFENSE

Plaintiffs and putative class members are not entitled to recover attorneys' fees, experts' fees, or other costs or disbursements.

## THIRTY-NINTH DEFENSE

The purported claims against the Venator Defendants and the allegations upon which they are based are improperly vague, ambiguous, and confusing. The Venator Defendants reserve the right to request a more definite statement.

## FORTIETH DEFENSE

Plaintiffs' and putative class members' Securities Act claims are barred in whole or in part because they were not brought within one year after the discovery of the allegedly untrue statements or the omissions, or after such discovery should have been made by the exercise of reasonable diligence. 15 U.S.C. § 77m.

## FORTY-FIRST DEFENSE

The Venator Defendants expressly reserve the right to amend and/or supplement their answer, defenses, and all other pleadings.

## FORTY-SECOND DEFENSE

The Venator Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them, and therefore

reserve the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

## RESERVATION OF RIGHTS

The Venator Defendants expressly and specifically reserve the right to raise any additional defenses and claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly. The Venator Defendants further reserve the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

## PRAYER FOR RELIEF

Based upon the foregoing, the Venator Defendants pray that (i) judgment be entered dismissing the Amended Complaint on the merits, in its entirety and with prejudice, and (ii) this Court grant such other relief as it deems just and appropriate.

Dated:  September 10, 2021

Respectfully submitted,

_/ s/ Craig Smyser_
Craig Smyser
Attorney-in-Charge
Texas Bar No. 18777575
Southern District Bar No. 848
Razvan Ungureanu
Texas Bar No. 24085630
Southern District Bar No. 2006928
Eugene Zilberman
Texas Bar No. 24110577
Southern District Bar No. 3337101
SMYSER KAPLAN VESELKA, LLP
717 Texas Avenue, Suite 2800
Houston, Texas  77002
Tel: (713) 221-2330
Fax: (713) 221-2320
csmyser@skv.com
rungureanu@skv.com
ezilberman@skv.com

Richard C. Pepperman II (admitted *pro hac vice*)
Andrew J. Finn (admitted *pro hac vice*)
Elizabeth A. Rose (admitted *pro hac vice*)
Elizabeth V. Young (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel: (212) 558-4000
Fax: (212) 558-3588
peppermanr@sullcrom.com
finna@sullcrom.com
rosee@sullcrom.com
younge@sullcrom.com

*Attorneys for Defendants Venator Materials PLC, Simon Turner, Kurt D. Ogden, Stephen Ibbotson, Russ R. Stolle, Peter R. Huntsman, Douglas D. Anderson, and Kathy D. Patrick*

## CERTIFICATE OF SERVICE

I certify that on September 10, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System.

*/s/ Craig Smyser*
Craig Smyser