United States District Court
Southern District of Texas

**ENTERED**

October 06, 2021

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE VENATOR MATERIALS PLC SECURITIES LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>4:19-cv-03464<br><br>JUDGE CHARLES ESKRIDGE |

**PROTECTIVE ORDER**

The Court orders that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests.

1.  "Confidential Information" refers to private, secret, or restricted information of any party that by its nature must be maintained in confidence to protect the interests of the party. Counsel for any party, or a *pro se* party, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where determined in good faith that such designation is necessary. The party making such designation must (i) stamp the documents or information with indication of "CONFIDENTIAL," (ii) when designating its Confidential Information in another party's production, provide written notice to all parties specifically identifying the designated information, or (iii) in the case of information revealed during a deposition, indicate in writing to the other parties the portions of the deposition testimony being designated as Confidential Information. To afford the parties sufficient time to designate information revealed at depositions, the entire deposition transcript shall be deemed designated "CONFIDENTIAL" until 10 days following receipt of the final

1

transcript as designated by the court reporter or deposition transcriptionist.

2. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information:

   a. Must hold and maintain such information or document solely for use in connection with this action; and

   b. Must not disclose the information or document to any other person.

3. The parties must make a good faith effort to resolve any challenge to another party's confidentiality designation. The challenging party may seek resolution by the Court in the absence of agreement.

4. Information or documents designated as "CONFIDENTIAL" must not be disclosed to any person, except:

   a. The receiving party and counsel, including (i) in-house counsel and (ii) employees of the receiving party as reasonably necessary to assist counsel in the prosecution or defense of this action;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts retained by either party to the extent deemed necessary by retaining counsel;

   d. Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

   e. The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions.

   f. Any mediator agreed upon by the parties or appointed by the Court to mediate this action.

g. Electronic discovery vendors, contract document reviewers, copy vendors, and other litigation-support vendors retained by or on behalf of a party for the purpose of assisting that party with discovery, hearings, or trial in this lawsuit.

h. Any insurance carrier that may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment.

5. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(a), (b), (c), (d), (f), (g), and (h), counsel must:

   a. Inform the person of the confidential nature of the information and documents; and

   b. Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(c) (d), (f), (g), and (h), counsel must also obtain a signed agreement binding the person to this Order in the form attached as Exhibit A. The party desiring to disclose Confidential Information may seek appropriate relief from the Court in the event such person refuses to sign an agreement.

7. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or information provided that the producing party designates such material as Confidential Information no later than fourteen days after the close of discovery. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

8. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Any party seeking to file under seal any pleading, brief, or supporting material containing Confidential Information must obtain permission of the Court. The Court allows such filing only on showing of exceptional circumstances. Any party seeking to seal Confidential Information must:

   a. Under seal, file the at-issue pleading, brief, or other material. On the public record, separately file a motion to seal explaining to the Court the justification for preventing public disclosure of the information;

   b. Attach to the motion to seal a redacted version of the at-issue pleading, brief, or other material that is suitable to and proposed for filing on the public docket. In the alternative, explain why redaction is not possible; and

   c. Absent alternate permission, identify all under-seal filings with a title and designation of "SEALED" on the CM/ECF System (for example, "Motion for Summary Judgment (SEALED)," and not simply "SEALED DOCUMENT").

10. A non-party may designate any document or information produced or provided by that non-party as Confidential Information in the same way as a party. This Order applies to information produced by a non-party in this action and designated "CONFIDENTIAL" by the producing non-party or

4

by any party in this action. Any party issuing a subpoena to a non-party will enclose a copy of this Order.

11. This Order does not prevent a party to whom Confidential Information has been produced from disclosing that information if the party becomes obligated to disclose in response to a lawful subpoena or other legal process, provided that the subpoenaed party: (i) gives prompt written notice to counsel for the designating party of the subpoena or other legal process requesting disclosure; and (ii) permits counsel for the designating party a reasonable opportunity from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena or entry of an appropriate protective order in the action in which the subpoena was issued. If the designating party timely seeks a protective order, the party served with the subpoena or other legal process will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the subpoenaed party has obtained the designating party's written consent. The designating party will bear the burden and expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

12. If a party becomes aware that it has produced Privileged Material, that Party shall promptly notify each recipient of the Privileged Material in writing of the production, specifying the applicable privilege, immunity, or protection. After receipt of written notice, the recipient must promptly comply with Fed. R. Civ. P. 26(b)(5)(B).

13. If a receiving party disputes the privilege claim, the receiving party shall notify the party asserting the claim of the dispute and the basis therefore in writing within 10 business days of receipt of the notification of produced Privileged Material. However, to the extent that a party claws back more than 100 documents within a 7-day period, the receiving party

shall be provided an additional 10 business days to dispute the privilege claims. The party asserting the privilege claim and the receiving party thereafter shall meet and confer in good faith regarding the disputed claim within 10 business days. In the event that the parties do not resolve their dispute, any party may seek permission to file an appropriate motion with the Court in accordance with Section 15 of the Court's procedures.

14. A party is not precluded by this Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Order.

15. Notwithstanding the foregoing, the parties agree that any document used by any party in a deposition, expert report, or court filing in this Action, that a party does not claw back within 10 business days of its use shall not be eligible for clawback under this Order. Such ineligibility for clawback of that document under this Order shall not result in a subject matter waiver in this or any other state or federal proceeding.

16. Within thirty days after entry of final judgment no longer subject to further appeal, each party must return all Confidential Information and any copies to the producing party or provide certification of its destruction.

17. The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

   a. Further protect Confidential Information;

   b. Seek protection regarding the production of documents or information;

   c. Compel production of documents or information; or

   d. Modify this Order.

18. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case

is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

19. Any party may enforce this Order by motion to the Court. Any violation may result in the imposition of sanctions.

Signed on  October 06, 2021 , at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

7

**EXHIBIT A**

Counsel intends to disclose to me documents or information in connection with the matter entitled *In Re Venator PLC Securities Litigation*, Civil Action No. 4:19-cv-03464, pending in the United States District Court for the Southern District of Texas.

Counsel has informed me that a party has designated some of those documents or information as confidential. I understand that any of the documents or information labeled or otherwise designated as "CONFIDENTIAL" are confidential by Order of the Court.

I agree that I will not disclose to any other person any documents labeled or otherwise designated as "CONFIDENTIAL" or information contained in those documents consistent with the Protective Order entered in the action. I also agree not to use those documents or information for any purpose other than this litigation.

Signed: _____

Dated: _____