**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |

**[PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

Having considered Lead Plaintiff's Motion for Class Certification and Appointment of Class Representatives and Class Counsel, all papers and argument submitted in support of and in opposition thereto, and all other documents and pleadings filed in this action,

IT IS HEREBY ORDERED THAT:

(1)     Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel is **GRANTED**.

(2)     The following class (the "Class") is hereby certified pursuant to Federal Rule of Civil Procedure 23:

> All persons and entities who: (i) purchased or otherwise acquired the publicly traded common stock of Venator between August 2, 2017 and October 29, 2018, inclusive (the "Class Period"); and/or (ii) purchased or otherwise acquired Venator stock either in or traceable to Venator's August 3, 2017 Initial Public Offering or December 4, 2017 Secondary Public Offering during the Class Period.  Excluded from the Class are Defendants and their families, directors, and officers of Venator and their families and affiliates.

(3)     Lead Plaintiff Fresno County Employees' Retirement Association ("Fresno"), City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami"), and City of Pontiac General Employees' Retirement System ("Pontiac") are appointed as Class Representatives.

(4)     Lead Plaintiff's chosen counsel Bernstein Litowitz Berger & Grossmann

LLP is appointed as Class Counsel.

(5)   This Court bases this certification order on the following findings, each of which are supported by Lead Plaintiff's submissions:

a.   **Numerosity**:   Lead Plaintiff has demonstrated that the class is so numerous that joinder of all members is impracticable.

b.   **Commonality**: Lead Plaintiff has satisfied the commonality requirement by identifying common questions of law and fact including but not limited to whether: Defendants violated the Securities Exchange Act of 1934; Defendants violated the Securities Act of 1933; Defendants misrepresented material facts; Defendants' statements omitted material facts necessary in order to make the statements made not misleading; Defendants knew or recklessly disregarded that their statements and/or omissions were false and misleading; Defendants' misconduct impacted the price of Venator securities; Defendants' conduct caused the Class members harm; the extent of that harm and the appropriate measure of damages.

c.   **Typicality**:   Lead Plaintiff has demonstrated that its claims are typical of the claims of the Class, and therefore typicality is met.

d.   **Adequacy**:   The Court finds that Lead Plaintiff will fairly and adequately represent the interests of the Class.

e.   **Predominance**: Common issues of fact and law such as falsity and materiality for Lead Plaintiff's Securities Act claims, and falsity, materiality, scienter, and loss causation for Lead Plaintiff's Exchange Act claims are subject to common proof and predominate over individual issues in this action.   Common issues also predominate regarding reliance for Lead Plaintiff's Exchange Act claims.   First, Lead Plaintiff is entitled to a presumption of reliance under the "fraud-on-the-market" theory.   Second, Lead Plaintiff is entitled to a presumption of reliance under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because its claims are based upon omissions of material fact that there was a duty to disclose.  Damages can also be calculated on a class-wide basis.

f.   **Superiority**:   Pursuant to Fed. R. Civ. P. 23(b)(3), the Court further finds that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.   The common questions identified above predominate over any individualized issues.

Lead Plaintiff has advanced the litigation significantly and, even if it were feasible for individual Class members to bring suit, it would be highly inefficient to do so.

**IT IS SO ORDERED.**

Signed on _____, 2021 at Houston, Texas

_____
Hon. Charles R. Eskridge III
United States District Judge