**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Venator Materials PLC Securities Litigation*, No. 4:19-cv-03464 (the "Action");

WHEREAS, (a) Court-appointed Lead Plaintiffs Fresno County Employees' Retirement Association ("Fresno"), City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami"), and City of Pontiac General Employees' Retirement System ("Pontiac"; together with Fresno and Miami, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Venator Materials PLC ("Venator"); Simon Turner, Kurt D. Ogden, Stephen Ibbotson, Mahomed Maiter, Russ R. Stolle, Peter R. Huntsman, Douglas D. Anderson, Kathy D. Patrick, Sir Robert J. Margetts, and Daniele Ferrari (collectively, the "Individual Defendants"); Huntsman Corporation ("Huntsman Corp."), Huntsman (Holdings) Netherlands B.V., and Huntsman International LLC (collectively, the "Huntsman Defendants"); and Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co. LLC, and J.P. Morgan Securities LLC (collectively, the "Underwriter Defendants" and, together with Venator, the Individual Defendants, and the Huntsman Defendants, "Defendants") have determined to settle all claims asserted in the Action with prejudice on the terms and conditions

set forth in the Stipulation and Agreement of Settlement dated March 11, 2022 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered:  (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **<u>Proposed Class Certification for Settlement Purposes</u>** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons and entities who: (i) purchased or otherwise acquired the publicly traded common stock of Venator between August 2, 2017, and October 29, 2018, inclusive (the "Class Period"); and/or (ii) purchased or otherwise acquired publicly traded Venator common stock either in or traceable to Venator's August 3, 2017 initial public offering ("IPO") or Venator's December 4, 2017 secondary public offering ("SPO") during the Class Period, and were damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are:  (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an officer or director of Venator, any of the Huntsman Defendants, or any of the Underwriter Defendants during

2

the Class Period and any members of their Immediate Family; (iv) any parents, subsidiaries, or affiliates of Venator, any of the Huntsman Defendants, or any of the Underwriter Defendants; (v) any entity in which any such excluded party has, or had during the Class Period, a direct or indirect majority ownership interest; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded persons or entities; provided, however, that the Settlement Class shall not exclude any Investment Vehicles. Also excluded from the Settlement Class are Macomb County Employees' Retirement System, Fireman's Retirement System of St. Louis, and any persons and entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **<u>Class Findings</u>** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class for purposes of the proposed Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action for purposes of the proposed Settlement.

3.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that for purposes of the proposed Settlement it will likely be able to certify Plaintiffs

as Class Representatives for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.  **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.  **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2022, at __:__ _.m. Central Time, either in person in Courtroom _____ of the Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, TX 77002, or by telephone or videoconference (in the discretion of the Court), for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and reimbursement of expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Settlement Class.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within ten (10) business days of the date of entry of this Order, Venator shall provide or cause to be provided to Lead Counsel or the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) its reasonably available security lists (consisting of names, mailing addresses, and, if available, email addresses) of registered owners of Venator common stock during the Class Period;

(b)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement

5

Class Members at the addresses set forth in the records provided or caused to be provided by Venator, or who otherwise may be identified through further reasonable effort;

(c)   contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)   not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire*; and

(e)   not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.   **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and reimbursement of expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for fees and expenses, of their right to exclude themselves from the Settlement Class, and

6

of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Venator common stock during the Class Period for the benefit of another person or entity shall: (a) within ten (10) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – As provided in the Stipulation, Venator, on behalf of all Defendants, shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715

7

*et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Venator, on behalf of all Defendants, is solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Venator shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11.   **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.   Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the

8

Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Venator Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91370, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests

exclusion from the Settlement Class in *In re Venator Materials PLC Securities Litigation*, No. 4:19-cv-03464"; (iii) state the number of shares of Venator common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale, and whether the shares were purchased in or traceable to Venator's IPO or SPO; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

15.     Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

10

17.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.    Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Representative Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Michael D. Blatchley, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020 | Sullivan & Cromwell LLP<br>Richard C. Pepperman II, Esq.<br>125 Broad Street<br>New York, NY 10004 |

Any objections and supporting must materials must also be emailed to settlements@blbglaw.com, and peppermanr@sullcrom.com by no later than twenty-one (21) calendar days prior to the Settlement Hearing.

19.    Any objections, filings, and other submissions by the objecting Settlement Class Member:  (a) must identify the case name and docket number, *In re Venator Materials PLC Securities Litigation*, No. 4:19-cv-03464 (S.D. Tex.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (d) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Venator common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale, and whether the shares were purchased in or traceable to Venator's IPO or SPO.  The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the

objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

20. Any Settlement Class Member that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and reimbursement of expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and reimbursement of expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Settlement Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

13

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **<u>Settlement Fund</u>** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **<u>Taxes</u>** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of December 10, 2021, the date on which the parties reached an agreement-in-principle to settle the Action, as provided in the Stipulation.

26. **<u>Use of this Order</u>** – Neither this Order, the Stipulation (whether or not approved by the Court), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection

14

therewith):   (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was, could have been, or could in the future be asserted or the deficiency of any defense that has been, could have been, or could in the future be asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

15

27.     **<u>Supporting Papers</u>** – Lead Counsel shall file and serve its opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and reimbursement of expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____ 2022.


_____
The Honorable George C. Hanks, Jr.
United States District Judge

16

# Exhibit 1

**Exhibit 1**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Southern District of Texas ("Court"), if you (i) purchased or otherwise acquired the publicly traded common stock of Venator Materials PLC ("Venator" or the "Company") from August 2, 2017 through October 29, 2018, inclusive (the "Class Period"); and/or (ii) purchased or otherwise acquired publicly traded Venator common stock either in or traceable to Venator's August 3, 2017 initial public offering ("IPO") or Venator's December 4, 2017 secondary public offering ("SPO") during the Class Period.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs Fresno County Employees' Retirement Association ("Fresno"), City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami"), and City of Pontiac General Employees' Retirement System ("Pontiac"; together with Fresno and Miami, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined in ¶ 29 below), have reached a proposed settlement of the Action with Defendants (defined in ¶ 1 below) for **$19,000,000.00** in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 11, 2022 ("Stipulation"), which is available at www.VenatorSecuritiesLitigation.com.

Questions? Visit www.VenatorSecuritiesLitigation.com or call toll-free 855-606-2267

**Defendants' Counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 74 below).**

1.       **Description of the Action and the Settlement Class:**  This Notice relates to the proposed Settlement of claims in a pending putative securities class action brought by investors against Venator and certain of its executives, directors, selling shareholders, and underwriters.  The Defendants are Venator; Simon Turner, Kurt D. Ogden, Stephen Ibbotson, Mahomed Maiter, Russ R. Stolle, Peter R. Huntsman, Douglas D. Anderson, Kathy D. Patrick, Sir Robert J. Margetts, and Daniele Ferrari (collectively, the "Individual Defendants"); Huntsman Corporation ("Huntsman Corp."), Huntsman (Holdings) Netherlands B.V., and Huntsman International LLC (collectively, the "Huntsman Defendants"); and Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co. LLC, and J.P. Morgan Securities LLC (collectively, the "Underwriter Defendants"; together with Venator, the Individual Defendants, and the Huntsman Defendants, "Defendants").   Plaintiffs allege that Defendants violated the federal securities laws by making false and misleading statements and omissions about the true extent of damage to Venator's facility in Pori, Finland, the cost to rehabilitate the facility, and the impact on Venator's business and operations, including statements to investors about whether the Pori facility would be rebuilt with insurance proceeds within its policy limits. A more detailed description of the Action is set forth in ¶¶ 11-28 below.  The Settlement, if approved by the Court, will settle the claims of the Settlement Class (defined in ¶ 29 below).

2.       **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $19,000,000 in cash ("Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any litigation expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3.       **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimate of the number of shares of Venator common stock purchased during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of Venator common stock (before the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $0.18 per share. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.**  Settlement Class Members may recover more or less than this estimated amount depending on, among other factors:  (i) when and the price at which they purchased shares of Venator common stock; (ii) whether they purchased the shares in or traceable to the IPO or SPO or on the open market; (iii) whether they sold their shares of Venator common stock and, if so, when and at what price; and (iv) the total number and value of valid Claims submitted to participate in the Settlement.  Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share:**  The Parties do not agree on the amount of damages per share of Venator common stock that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Settlement Class as a result of their alleged conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation.  Prior to the final Settlement Hearing, Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.[2]  In addition, Lead Counsel will apply for litigation expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $350,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost per eligible share of Venator common stock, if the Court approves Lead Counsel's motion for attorneys' fees and litigation expenses, is approximately $0.05 per share.  **Please note that this amount is only an estimate**.

6.     **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by John C. Browne and Michael D. Blatchley of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 800-380-8496, settlements@blbglaw.com.

7.     **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation.  Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after a motion for summary judgment, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants are entering into this Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.

---

[2] Plaintiffs' Counsel are Lead Counsel; Ajamie LLP, Liaison Counsel for Plaintiffs; Klausner Kaufman Jensen & Levinson, additional counsel for Miami; AsherKelly, additional counsel for Pontiac; and any other counsel who performed work on behalf of Lead Counsel.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that may allow you to ever be part of any other lawsuit against Defendants or Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and litigation expenses, you may object by writing to the Court and explaining why you do not like them.  You cannot object unless you are a member of the Settlement Class and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2022, AT \_:\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | Filing a written objection and notice of intention to appear by _____, 2022, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses.  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice.  Please Note:  The date and time of the Settlement Hearing—currently scheduled for _____, 2022, at \_\_:\_\_\_ \_\_.m. Central Time—is subject to change without further notice to the Settlement Class.  It is also within the Court's discretion to hold the hearing in person or telephonically.  If you plan to attend the hearing, you should check the Settlement website, www.VenatorSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
| --- |

Why Did I Get This Notice?...........................................................................................Page __

What Is This Case About? .............................................................................................Page __

How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?.................................................................Page __

What Are Plaintiffs' Reasons For The Settlement?........................................................Page __

What Might Happen If There Were No Settlement? ......................................................Page __

How Are Settlement Class Members Affected By The Action And The Settlement? ........Page __

How Do I Participate In The Settlement? What Do I Need To Do?.................................Page __

How Much Will My Payment Be?..................................................................................Page __

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? ..............................................................................Page __

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? .......................................................................................Page __

When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't
    Like The Settlement? ................................................................................................Page __

What If I Bought Shares Of Venator Common Stock On Someone Else's Behalf? ............Page __

Can I See The Court File? Whom Should I Contact If I Have Questions? ..........................Page __

Appendix A: Proposed Plan of Allocation of Net Settlement Fund........................................Page __

| WHY DID I GET THIS NOTICE? |
| --- |

8.      The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased shares of Venator common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and litigation expenses ("Settlement Hearing"). *See* ¶¶ 64–65 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then

payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time.

| **WHAT IS THIS CASE ABOUT?** |
| --- |

11.     Venator is a manufacturer and marketer of chemical products that derives the vast majority of its revenues from the sale of titanium dioxide.  Following Venator's August 3, 2017 IPO, Venator common stock traded on the New York Stock Exchange under the ticker symbol VNTR.

12.     Beginning on July 31, 2019, Miami filed the first of several related federal securities class actions against Defendants in the Southern District of New York, styled *City of Miami General Employees' & Sanitation Employees' Retirement Trust v. Venator Materials PLC, et al.*, No. 1:19-cv-07182.  On September 13, 2019, a related securities class action, captioned *Cambria County Employees Retirement System v. Venator Materials PLC, et al.*, No. 4:19-cv-03464, was filed in the Southern District of Texas.

13.     By Order dated October 21, 2019, the Court (the Honorable Lee H. Rosenthal) appointed Fresno, Miami, and Pontiac as Lead Plaintiffs for the putative class, and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

14.     On October 29, 2019, the *City of Miami* action was transferred to the Southern District of Texas, and the related securities class actions were subsequently consolidated before Judge Rosenthal under the caption *In re Venator Materials PLC Securities Litigation*, No. 4:19-cv-03464.

15.     On January 17, 2020, Plaintiffs filed their Amended Class Action Complaint (the "Amended Complaint"). Prior to filing the Amended Complaint, Lead Counsel conducted an exhaustive investigation into the facts underlying the Action.  As part of its investigation, Lead Counsel reviewed voluminous publicly available information regarding Defendants, including (i) transcripts, press releases, news articles, and other public statements issued by or concerning Defendants; (ii) research reports issued by financial analysts concerning the Company; (iii) reports filed publicly by Venator and the Huntsman Defendants with the U.S. Securities and Exchange Commission ("SEC"); (iv) pleadings, evidence, and testimony in related litigation involving Defendants; and (v) information available on the Company's corporate website.  Lead Counsel also retained and consulted extensively with a damages expert and industry expert and performed extensive research to carefully evaluate exactly which theories of liability Plaintiffs could allege in the Amended Complaint and how to allege them.  In addition, Lead Counsel, through and in conjunction with in-house and third-party investigators, located and conducted interviews with witnesses believed to potentially have information about the claims at issue in the Action, including former Venator employees located in United States, Finland, Germany, and elsewhere.  Plaintiffs cited the accounts of five such former employees in the Amended Complaint.

16.     On January 21, 2020, the Action was reassigned from Judge Rosenthal to the Honorable Charles R. Eskridge, III.

17.     On February 18, 2020, Defendants filed a motion to dismiss the Amended Complaint for failure to state a claim, and Defendants Maiter and Stolle filed a motion to dismiss for lack of personal jurisdiction.  On March 24, 2020, Plaintiffs filed a memorandum of law in opposition to each motion, and on April 14, 2020, Defendants filed their reply papers.

18.     The Court heard oral argument on Defendants' motions to dismiss on May 14, 2020.

19.     On March 31, 2021, the Court denied defendant Stolle's motion to dismiss for lack of personal jurisdiction and granted defendant Maiter's motion to dismiss for lack of personal jurisdiction.

20.     On July 7, 2021, the Court granted in part and denied in part Defendants' motion to dismiss for failure to state a claim.

21.     On August 16, 2021, Plaintiffs filed the operative complaint in the Action, the Amended Consolidated Class Action Complaint (the "Complaint"). The Complaint asserts claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") against Venator, Turner, and Ogden; claims under Section 20(a) of the Exchange Act against Turner, Ogden, and Huntsman Corp.; claims under Section 11 of the Securities Act of 1933 (the "Securities Act") against Venator, Turner, Ogden, Ibbotson, Stolle, Huntsman, Anderson, Patrick, Margetts, Ferrari, and the Underwriter Defendants; claims under Section 12 of the Securities Act against Goldman Sachs & Co. LLC; and claims under Section 15 of the Securities Act against Turner, Ogden, Ibbotson, Stolle, Huntsman, Anderson, Patrick, Margetts, Ferrari, and the Huntsman Defendants. Among other things, the Complaint alleges that Defendants made materially false and misleading statements about the true extent of fire damage to Venator's Pori facility, the cost to rehabilitate the facility, and the impact on Venator's business and operations, including statements to investors about whether the Pori facility would be rebuilt with insurance proceeds within its policy limits. The Complaint further alleged that, as a result of Defendants' misrepresentations, Venator common stock traded at artificially inflated prices throughout the Class Period and declined when the truth was revealed.

22.     On September 9, 2021, Defendants filed their answers to the Complaint.

23.     Following the filing of Defendants' answers to the Complaint, the Parties issued document requests and Plaintiffs received and reviewed and analyzed thousands of pages of documents produced by the Company, the Huntsman Defendants, and the Underwriter Defendants, including in consultation with industry and damages experts.

24.     On November 19, 2021, Plaintiffs filed their motion for certification of the Class ("Motion for Class Certification"). In support of their Motion for Class Certification, Plaintiffs submitted an expert report on market efficiency and class-wide damages.

25.     In October 2021, the Parties agreed to engage in private mediation in an attempt to resolve the Action. On December 6, 2021, Lead Counsel and Defendants' Counsel participated in a mediation session before Jed Melnick, Esq., of JAMS (the "Mediator"). In advance of that session, the Parties exchanged detailed mediation statements, which addressed the issues of liability, damages, and class certification. Despite good faith, arm's-length negotiations between the Parties during the mediation session, the Parties were unable to reach agreement on the terms of a settlement. In an effort to resolve the litigation, at the conclusion of the mediation, the Mediator issued a mediator's proposal that the Action be settled for $19,000,000 in cash, which the Parties ultimately accepted.

26.     On January 10, 2022, the Action was reassigned from Judge Eskridge to the Honorable George C. Hanks, Jr.

27.   On March 11, 2022, the Parties entered into the Stipulation, which sets forth the full terms and conditions of the Settlement.   The Stipulation can be viewed at www.VenatorSecuritiesLitigation.com.

28.   On _____, 2022, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

29.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class.  The Settlement Class certified by the Court solely for purposes of effectuating the Settlement consists of:

> all persons and entities who:  (i) purchased or otherwise acquired the publicly traded common stock of Venator between August 2, 2017, and October 29, 2018, inclusive (the "Class Period"); and/or (ii) purchased or otherwise acquired publicly traded Venator common stock either in or traceable to Venator's August 3, 2017 initial public offering ("IPO") or Venator's December 4, 2017 secondary public offering ("SPO") during the Class Period, and were damaged thereby.

Excluded from the Settlement Class are:  (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an officer or director of Venator, any of the Huntsman Defendants, or any of the Underwriter Defendants during the Class Period and any members of their Immediate Family; (iv) any parents, subsidiaries, or affiliates of Venator, any of the Huntsman Defendants, or any of the Underwriter Defendants; (v) any entity in which any such excluded party has, or had during the Class Period, a direct or indirect majority ownership interest; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded persons or entities; provided, however, that the Settlement Class shall not exclude any Investment Vehicles.  Also excluded from the Settlement Class are Macomb County Employees' Retirement System, Fireman's Retirement System of St. Louis, and any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2022.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

30.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages.

31.    Defendants have argued, and would continue to argue, that they did not violate the federal securities laws.  More specifically, Defendants have argued, and would continue to argue, that they did not make any misleading statements or omissions and that any alleged misstatements were immaterial.  In addition, with respect to the Exchange Act claims, Defendants would contend that any alleged misstatements were not made with "scienter," or fraudulent intent; and that Plaintiffs would not be able to prove that the alleged misleading statements or omissions caused Plaintiffs' losses, or the amount of damages.  Overcoming these arguments would have presented significant challenges to Plaintiffs.  First, Plaintiffs faced significant risks in proving that Defendants' statements concerning the true extent of fire damage to Venator's Pori facility, the cost to rehabilitate the facility, and the impact on Venator's business and operations were false when made and that Defendants acted with scienter.  Plaintiffs also faced significant risks with respect to materiality.  Defendants would argue that any misstatements concerning Pori's production capacity, the extent of the damage resulting from the fire at the facility, and the timeline and progress of the facility's reconstruction were immaterial as a matter of law, including because those statements were true at the time they were made, forward-looking, protected statements of opinion, or were otherwise inactionable under the law.  Finally, establishing loss causation and damages would have been particularly difficult here because on the three alleged corrective disclosure dates (July 31, 2018, September 12, 2018, and October 30, 2018), Venator also released a considerable amount of other information about Venator's business that was unrelated to the alleged fraud, and thus proving what portion (if any) of the subsequent price declines resulted from the revelation of alleged misstatements (rather than other, confounding information) would have been difficult and subject to considerable dispute at trial.  In particular, Defendants would have contended that all or nearly all of the price declines on the three alleged corrective disclosure dates were not recoverable as damages because the corrective information released on those dates was related to alleged misrepresentations and omissions that the Court had dismissed from the Action in its decision on Defendants' motion to dismiss.  With respect to the Securities Act claims, Defendants facing those claims would argue that statements in the Offering Materials were not materially misleading and that declines in price of Venator common stock were caused by factors other than the revelation of the alleged misstatements.  In addition, the Securities Act Defendants other than Venator would assert that they exercised due diligence in reviewing the Offering Materials and thus should be immune from liability for that reason.

32.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $19,000,000 in cash (less the various deductions described in this Notice), as compared to the risk

that the claims in the Action would produce a smaller, or no, recovery after full discovery, a class certification motion, summary judgment, trial, and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33.    If there were no Settlement, and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in establishing any of their defenses either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

34.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [__] below.

35.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you must exclude yourself from the Settlement Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page [__] below.

36.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [__] below.

37.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment ("Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such (or any other person claiming on behalf of a Settlement Class Member), will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (defined in ¶ 38 below) against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

38.    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint or (ii) could have asserted or could in the future

assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate in any way, directly or indirectly, to the purchase, acquisition, holding, sale or disposition of Venator common stock during the Class Period.  Released Plaintiffs' Claims do not include:  (i) any claims relating to the enforcement of the Settlement, or (ii) any claims of any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

39.    "Defendants' Releasees" means Defendants and their current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, attorneys, and insurers, and each of their respective heirs, executors, administrators, successors and assigns.

40.    "Unknown Claims" means any Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims and that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

41.    Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such (or any other person claiming on behalf of a Defendant), will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (defined in ¶ 42 below) against Plaintiffs and the other Plaintiffs' Releasees (defined in ¶ 43 below), and shall forever be barred and enjoined from

prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

42.     "Released Defendants' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include:  (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

43.     "Plaintiffs' Releasees" means all Plaintiffs in the Action, their respective attorneys (including Plaintiffs' Counsel), and all other Settlement Class Members, and their current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, attorneys, and insurers, and each of their respective heirs, executors, administrators, successors, and assigns.

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

44.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* **at www.VenatorSecuritiesLitigation.com, no later than _____, 2022**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.VenatorSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 855-606-2267, or by emailing the Claims Administrator at info@VenatorSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Venator common stock, as they may be needed to document your Claim.**  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

### HOW MUCH WILL MY PAYMENT BE?

45.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

46.     Pursuant to the Settlement, Defendants shall pay or cause to be paid $19,000,000 in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any litigation expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit

valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

48.    Neither Defendants, the Defendants' Releasees, nor any other person or entity who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final.  Defendants and the other Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

49.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

50.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2022, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (defined in ¶ 38 above) against the Defendants' Releasees (defined in ¶ 39 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims whether or not such Settlement Class Member submits a Claim Form.

51.    Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Venator common stock purchased through the ERISA Plan in any Claim Form they submit in this Action.  They should include ONLY those eligible shares of Venator common stock purchased during the Class Period outside of an ERISA Plan.  Claims based on any ERISA Plan's purchases of Venator common stock during the Class Period may be made by the plan's trustees.

52.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

53.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

54.    Only members of the Settlement Class (defined in ¶ 29 above) will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is Venator common stock.

55.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs.  At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

56.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for its litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund of litigation expenses in an amount not to exceed $350,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or litigation expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

57.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit related to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to:  *In re Venator Materials PLC Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91370, Seattle, WA 98111.  The request for exclusion must be ***received* no later than _____, 2022**.  You will not be able to exclude yourself from the Settlement Class after that date.

58.     Each request for exclusion must:  (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Venator Materials PLC Securities Litigation*, No. 4:19-cv-03464"; (iii) state the number of shares of Venator common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (from August 2, 2017 through October 29, 2018, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale, and whether the shares were purchased in or traceable to Venator's IPO or SPO; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

59.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 58 and is received within the time stated in ¶ 57 or is otherwise accepted by the Court.

60.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or

other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. If you exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

61.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

62.     Venator has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Venator.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

63.     **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

64.     **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.VenatorSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.VenatorSecuritiesLitigation.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.VenatorSecuritiesLitigation.com.**

65.     The Settlement Hearing will be held on _____, 2022, at __:___ __.m., Central Time before the Honorable George C. Hanks, Jr., at the United States District Court for the Southern District of Texas, Courtroom __, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should

be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and litigation expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and litigation expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

66.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and litigation expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Texas at the address set forth below as well as serve copies on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below *on or before _____, 2022*.

| **Clerk's Office** | **Lead Counsel** | **Representative Defendants' Counsel** |
|---|---|---|
| Clerk of the Court United States District Court for the Southern District of Texas, Houston Division 515 Rusk Avenue Houston, TX 77208 | Bernstein Litowitz Berger & Grossmann LLP Michael D. Blatchley 1251 Avenue of the Americas New York, NY 10020 | Sullivan & Cromwell LLP Richard C. Pepperman II 125 Broad Street New York, NY 10004 |

You must also *email* the objection and any supporting papers on or before _____, 2022, to settlements@blbglaw.com and peppermanr@sullcrom.com.

67.    Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must identify the case name and docket number, *In re Venator Materials PLC Securities Litigation*, No. 4:19-cv-03464; (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (d) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Venator common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period (from August 2, 2017 through October 29, 2018, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale, and whether the shares were purchased in or traceable to Venator's IPO or SPO. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement

from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

68.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and litigation expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

69.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (i) you first submit a written objection in accordance with the procedures described above, and (ii) you first submit your notice of appearance in accordance with the procedures described below; unless the Court orders otherwise.

70.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and litigation expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 66 above so that it is *received on or before _____, 2022*.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

71.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 66 above so that the notice is *received* **on or before _____, 2022**.

72.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and litigation expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES OF VENATOR COMMON STOCK ON SOMEONE ELSE'S BEHALF?

73.     If you purchased or otherwise acquired Venator common stock from August 2, 2017 through October 29, 2018, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within ten (10) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Venator Securities Litigation*, c/o JND Legal Administration, P.O. Box 91370, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial

owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.VenatorSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 855-606-2267, or by emailing the Claims Administrator at info@VenatorSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74. This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.VenatorSecuritiesLitigation.com. Copies of any related orders entered by the Court and certain other filings in this Action will be also posted on this website. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at ecf.txsd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, TX 77208.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Venator Securities Litigation* | and/or | Michael D. Blatchley, Esq. |
| c/o JND Legal Administration | | Bernstein Litowitz Berger & |
| P.O. Box 91370 | | Grossmann LLP |
| Seattle, WA 98111 | | 1251 Avenue of the Americas |
| | | New York, NY 10020 |
| 855-606-2267 | | 800-380-8496 |
| info@VenatorSecuritiesLitigation.com | | settlements@blbglaw.com |
| www.VenatorSecuritiesLitigation.com | | |

## PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.

DATED: _____, 2022            BY ORDER OF THE COURT
                                         United States District Court
                                         for the Southern District of Texas

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund

1.       The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Plaintiffs after consultation with their damages expert.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.  Any Orders regarding a modification to the Plan will be posted to www.VenatorSecuritiesLitigation.com.  Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

2.       The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.

3.       The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

### Exchange Act Loss Amounts

4.       In developing the Plan of Allocation in conjunction with Lead Counsel, Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of publicly traded Venator common stock ("Venator Common Stock") that was allegedly caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Venator Common Stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.  In addition, with respect to the October 30, 2018 disclosure, the amount of artificial inflation related to the alleged misstatements that is deemed to have been dissipated by that disclosure is 50% of the abnormal price decline in Venator Common Stock on that day to account for the presence of confounding non-fraud related disclosures and the relatively greater litigation risk in establishing that the alleged misstatements were the cause of the decline on this day.

5.       For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Venator Common Stock.  In the Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from August 2, 2017 through October 29, 2018, inclusive, which had the effect of artificially inflating the price of Venator Common Stock.  Plaintiffs further allege that corrective information was released to the market through a series of corrective disclosures on July 31, 2018, September 12, 2018, and October 30, 2018, which partially removed artificial inflation from the price of Venator Common Stock on July 31, 2018, August 1, 2018, September 12, 2018, September 13, 2018, and October 30, 2018.

6.      Exchange Act Loss Amounts for transactions in Venator Common Stock are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of Venator Common Stock at the time of purchase and the time of sale or the difference between the actual purchase price and sale price.  In order to have a Exchange Act Loss Amount under the Plan of Allocation, a Class Member who purchased or otherwise acquired Venator Common Stock prior to the first corrective disclosure, which occurred before the opening of trading on July 31, 2018, must have held his, her, or its Venator Common Stock through that time.  A Settlement Class Member who purchased or otherwise acquired publicly traded Venator Common Stock from July 31, 2018 through and including October 29, 2020 must have held those shares through at least one subsequent alleged corrective disclosure date, when additional corrective information was released to the market and removed the remaining artificial inflation from the price of Venator Common Stock, in order to have an Exchange Act Loss Amount.

## Securities Act Loss Amounts

7.      The statutory formula for the calculation of compensable losses under the Securities Act (at Section 11(e) thereof) serves as the basis for calculating Securities Act Loss Amounts under the Plan.  Under this formula, July 31, 2019 (when the first federal complaint alleging Securities Act claims was filed) is deemed the "date of suit," and March 11, 2022, the date that Stipulation was executed, is deemed the "date of judgment."

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

8.      Based on the formula stated below, a "**Recognized Loss Amount**" will be calculated for each purchase or acquisition of Venator Common Stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  The **Recognized Loss Amount** for each purchase or acquisition of Venator Common Stock during the Class Period shall be *the greater of* (a) the **Exchange Act Loss Amount** calculated under paragraph 9 below, if any, *or* (b) the **Securities Act Loss Amount** calculated under paragraph 10 or 11 below, if any.

## Exchange Act Loss Amounts

9.      For each share of Venator Common Stock purchased or otherwise acquired during the period from August 2, 2017 through October 29, 2018, inclusive (including shares purchased in Venator's August 3, 2017 Initial Public Offering or its December 4, 2017 Secondary Public Offering), and:

   a)  sold before July 31, 2018, the **Exchange Act Loss Amount** is zero;

   b)  sold from July 31, 2018 through the close of trading on October 29, 2018, the **Exchange Act Loss Amount** is **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase price *minus* the sale price;

   c)  sold from October 30, 2018 through the close of trading on January 25, 2019, the **Exchange Act Loss Amount** is equal to **the least of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between October 30, 2018 and the date of sale as stated in Table B;

d)  held as of the close of trading on January 25, 2019, the **Exchange Act Loss Amount** is equal to **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase price *minus* $5.02.[3]

## Securities Act Loss Amounts

10.    **Purchases of Venator Common Stock In or Traceable to the August 3, 2017 Initial Public Offering ("IPO"):**  For each share of Venator Common Stock either (a) purchased directly in the August 3, 2017 Initial Public Offering, (b) purchased from August 2, 2017 through December 3, 2017, inclusive, or (c) purchased from December 4, 2017 through October 29, 2018, inclusive, *and* for which the Claimant provides records establishing that those specific shares were originally issued in the IPO, and:

(a)    sold before the close of trading on July 31, 2019, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $20.00) minus the sale price per share;

(b)    sold after the close of trading on July 31, 2019 but before the close of trading on March 11, 2022, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $20.00) *minus* the greater of: (i) the sale price per share or (ii) $3.83 (the price of Venator Common Stock on July 31, 2019);

(c)    held as of the close of trading on March 11, 2022, **the Securities Act Loss Amount** is the purchase price per share (not to exceed $20.00) *minus* $3.83.

11.    **Purchases of Venator Common Stock In or Traceable to the December 4, 2017 Secondary Public Offering ("SPO"):**  For each share of Venator Common Stock either (a) purchased directly in the December 4, 2017 SPO, or (b) purchased in the open market from December 4, 2017 through October 29, 2018, inclusive, *and* for which the Claimant provides records establishing that those specific shares were originally issued in the SPO, and:

(a)    sold before the close of trading on July 31, 2019, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $22.50) *minus* the sale price per share;

(b)    sold after the close of trading on July 31, 2019 but before the close of trading on March 11, 2022, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $22.50) *minus* the greater of: (i) the sale price per share or (ii) $3.83 (the price of Venator Common Stock on July 31, 2019);

---

[3]  Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Venator Common Stock during the "90-day look-back period," from October 30, 2018 through January 25, 2019. The mean (average) closing price for Venator Common Stock during this period was $5.02.

(c)    held as of the close of trading on March 11, 2022, **the Securities Act Loss Amount** is the purchase price per share (not to exceed $22.50) *minus* $3.83.

12.    As noted above, for each purchase or acquisition of Venator Common Stock during the Class Period, a **Recognized Loss Amount** will be calculated which is *the greater of*: the Exchange Act Loss Amount, if any, or the Securities Act Loss Amount, if any. If a Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount for that transaction will be zero.

## ADDITIONAL PROVISIONS

13.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 20 below) is $10.00 or greater.

14.    **Calculation of a Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of Venator Common Stock during the Class Period.

15.    **FIFO Matching:**    If a Settlement Class Member made more than one purchase/acquisition or sale of Venator Common Stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

16.    **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

17.    **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of Venator Common Stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Moreover, the receipt or grant by gift, inheritance, or operation of law of Venator Common Stock during the Class Period shall not be deemed an eligible purchase, acquisition, or sale, nor shall the receipt or grant be deemed an assignment of any claim relating to the shares unless (i) the donor or decedent purchased or acquired the Venator Common Stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

18.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Venator Common Stock. The date of a "short sale" is deemed to be the date of sale of the Venator Common Stock. "Short sales" and the purchases covering "short sales" shall not be entitled to recovery under the Plan of Allocation.

19.    **Derivatives and Options:**    The only security eligible to participate in the Settlement are Venator Common Stock. Option contracts or any other derivative securities are not securities eligible to participate in the Settlement. With respect to Venator Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the Venator Common Stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

20.    **Determination of Distribution Amount:**   The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.   Specifically, a "**Distribution Amount**" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

21.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculations and no distribution will be made to that Authorized Claimant.

22.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such further distributions, would be cost-effective. At such time as it is determined that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

23.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**TABLE A**

**Estimated Artificial Inflation in
Venator Common Stock from August 2, 2017 through and including October 29, 2018**

| Date Range | Artificial Inflation Per Share |
|---|---|
| August 2, 2017 – July 30, 2018 | $3.61 |
| July 31, 2018 | $2.70 |
| August 1 – September 11, 2018 | $1.80 |
| September 12, 2018 | $1.43 |
| September 13, 2018 – October 29, 2018 | $0.86 |
| October 30, 2018 and later | $0.00 |

**TABLE B**

**90-Day Look-Back Table for Venator Common Stock**
**(Average Closing Price: October 30, 2018 – January 25, 2019)**

| Sale Date | Average Closing Price from October 30, 2018 through Date | Sale Date | Average Closing Price from October 30, 2018 through Date |
|---|---|---|---|
| 10/30/2018 | $6.47 | 12/13/2018 | $5.64 |
| 10/31/2018 | $6.62 | 12/14/2018 | $5.58 |
| 11/1/2018 | $6.73 | 12/17/2018 | $5.53 |
| 11/2/2018 | $6.75 | 12/18/2018 | $5.48 |
| 11/5/2018 | $6.71 | 12/19/2018 | $5.43 |
| 11/6/2018 | $6.72 | 12/20/2018 | $5.38 |
| 11/7/2018 | $6.73 | 12/21/2018 | $5.34 |
| 11/8/2018 | $6.74 | 12/24/2018 | $5.30 |
| 11/9/2018 | $6.71 | 12/26/2018 | $5.27 |
| 11/12/2018 | $6.64 | 12/27/2018 | $5.24 |
| 11/13/2018 | $6.58 | 12/28/2018 | $5.22 |
| 11/14/2018 | $6.55 | 12/31/2018 | $5.19 |
| 11/15/2018 | $6.51 | 1/2/2019 | $5.17 |
| 11/16/2018 | $6.45 | 1/3/2019 | $5.15 |
| 11/19/2018 | $6.39 | 1/4/2019 | $5.13 |
| 11/20/2018 | $6.34 | 1/7/2019 | $5.13 |
| 11/21/2018 | $6.30 | 1/8/2019 | $5.12 |
| 11/23/2018 | $6.28 | 1/9/2019 | $5.12 |
| 11/26/2018 | $6.25 | 1/10/2019 | $5.12 |
| 11/27/2018 | $6.21 | 1/11/2019 | $5.12 |
| 11/28/2018 | $6.18 | 1/14/2019 | $5.12 |
| 11/29/2018 | $6.15 | 1/15/2019 | $5.10 |
| 11/30/2018 | $6.11 | 1/16/2019 | $5.09 |
| 12/3/2018 | $6.08 | 1/17/2019 | $5.08 |
| 12/4/2018 | $6.04 | 1/18/2019 | $5.07 |
| 12/6/2018 | $5.97 | 1/22/2019 | $5.06 |
| 12/7/2018 | $5.90 | 1/23/2019 | $5.04 |
| 12/10/2018 | $5.82 | 1/24/2019 | $5.03 |
| 12/11/2018 | $5.75 | 1/25/2019 | $5.02 |
| 12/12/2018 | $5.70 | | |

# Exhibit 2

*Venator Securities Litigation*
**Toll-Free Number:  1-855-606-2267**
**Email:  info@VenatorSecuritiesLitigation.com**
**Website:  www.VenatorSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, with supporting documentation, *postmarked* **no later than _____, 2022**.

### Mail to:

*Venator Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91370**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN VENATOR COMMON STOCK (NYSE TICKER: VNTR, CUSIP: G9329Z100)** | **6** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **7** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name

First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)

First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                                State/Province    Zip Code

Foreign Postal Code (if applicable)                Foreign Country (if applicable)

Telephone Number (Day)                             Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)      ☐ Corporation      ☐ UGMA Custodian      ☐ IRA

☐ Partnership       ☐ Estate           ☐ Trust               ☐ Other (describe: _____)

**PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to **all persons who purchased or otherwise acquired publicly traded Venator common stock during the Class Period (from August 2, 2017 through October 29, 2018, inclusive) and were damaged thereby** ("Settlement Class").  Included in the Settlement Class are all persons and entities who purchased shares of Venator common stock on the open market and/or in or traceable to the August 3, 2017 Initial Public Offering ("IPO") or December 4, 2017 Secondary Public Offering ("SPO") during the Class Period.

3.      By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class on page [__] of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, common stock of Venator Materials PLC ("Venator").  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Venator common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.      **Please note**:  Only shares of publicly traded Venator common stock purchased during the Class Period (*i.e.*, from August 2, 2017 through October 29, 2018, inclusive) are eligible under the Settlement.  However, sales of Venator common stock during the period from October 30, 2018 through and including the close of trading on March 11, 2022, may be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Venator common stock as set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Venator common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.   DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      **Traceability of Venator Common Stock to Public Offerings in the Class Period.** Public offerings of Venator common stock occurred during the Class Period on or about (i) August 3, 2017 (the IPO); and (ii) December 4, 2017 (the SPO).  Claimants who purchased shares of Venator common stock directly in one or both of the offerings, or who purchased shares "traceable" to one or both of those offerings (as opposed to generally on the open market) may be entitled to additional compensation under the Plan of Allocation. All Venator shares purchased from August 2, 2017 through December 3, 2017 are assumed to be traceable to the IPO.  However, if you purchased shares of Venator common stock from December 4, 2017 through October 29, 2018 that were not purchased directly in the SPO but that you believe are specifically traceable to shares of Venator common stock that were issued in the IPO or SPO, you must submit documents with your Claim Form showing that the specific shares you purchased were shares issued in the IPO or SPO.

9.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Venator common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Venator common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Venator common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

10.     **One Claim should be submitted for each separate legal entity or separately managed account**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Venator common stock made on behalf of a single beneficial owner.

11.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Venator common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

12.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Venator common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

13.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

14.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

15.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

16.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@VenatorSecuritiesLitigation.com, or by toll-free phone at 1-855-606-2267, or you can visit the Settlement website, www.VenatorSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

17.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.VenatorSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@VenatorSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 9 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@VenatorSecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-606-2267.**

## PART III – SCHEDULE OF TRANSACTIONS IN VENATOR COMMON STOCK

Use this section to provide information on your holdings and trading of Venator Materials Inc. common stock (NYSE Ticker Symbol: **VNTR**, CUSIP: G9329Z100) during the requested time periods.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 7 above.

**1.  PURCHASES/ACQUISITIONS FROM AUGUST 2, 2017 THROUGH OCTOBER 29, 2018** – Separately list each and every purchase or acquisition (including free receipts) of Venator common stock from August 2, 2017 (including in the August 3, 2017 Initial Public Offering and in the December 4, 2017 Secondary Public Offering) through and including the close of trading on October 29, 2018.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Were the shares purchased in or traceable to the Aug. 2017 IPO or the Dec. 2017 SPO? | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|---|
| / / | | $ | $ | ☐ | ☐ |
| / / | | $ | $ | ☐ | ☐ |
| / / | | $ | $ | ☐ | ☐ |
| / / | | $ | $ | ☐ | ☐ |

**2.  PURCHASES/ACQUISITIONS FROM OCTOBER 30, 2018 THROUGH MARCH 11, 2022** – State the total number of shares of Venator common stock purchased or acquired (including free receipts) from October 30, 2018 through the close of trading on March 11, 2022.  If none, write "zero" or "0."[1]  _____

**3.  SALES FROM AUGUST 3, 2017 THROUGH MARCH 11, 2022** – Separately list each and every sale or disposition (including free deliveries) of Venator common stock from after the opening of trading on August 3, 2017 through and including the close of trading on March 11, 2022.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**4.  HOLDINGS AS OF MARCH 11, 2022** – State the total number of shares of Venator common stock held as of the close of trading on March 11, 2022.  (Must be documented.)  If none, write "zero" or "0."
_____

Confirm Proof of Position Enclosed ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

---

[1] **Please note**:  Information requested with respect to your purchases and acquisitions of Venator common stock from October 30, 2018 through the close of trading on March 11, 2022 is needed in order to balance your claim; purchases and acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

**PART IV - RELEASE OF CLAIMS AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such (or any other person claiming on your behalf), shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Venator common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of Venator common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____    _____
Signature of claimant                                                                                            Date

_____
Print claimant name here

_____    _____
Signature of joint claimant, if any                                                                       Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____    _____
Signature of person signing on behalf of claimant                                             Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 11 on page 4 of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days of your submission. Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-855-606-2267.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@VenatorSecuritiesLitigation.com, or by toll-free phone at 1-855-606-2267, or you may visit www.VenatorSecuritiesLitigation.com.  DO NOT call Venator or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.VENATORSECURITIESLITIGATION.COM, *POSTMARKED* **(IF MAILED) OR RECEIVED NO LATER THAN _____, 2022,** ADDRESSED AS FOLLOWS:

*Venator Securities Litigation*
**c/o JND Legal Administration
P.O. Box 91370
Seattle, WA 98111**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**Exhibit 3**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:  All persons and entities who purchased or otherwise acquired the publicly traded common stock of Venator Materials PLC ("Venator") from August 2, 2017 through October 29, 2018, inclusive (the "Settlement Class"):[1]**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas (the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Fresno County Employees' Retirement Association ("Fresno"), City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami"), and City of Pontiac General Employees' Retirement System ("Pontiac"; together with Fresno and Miami, "Plaintiffs") have reached a proposed settlement of the Action for $19,000,000 in cash (the "Settlement") on behalf of the Settlement Class, that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2022, at _:__ __.m. Central Time, before the Honorable George C. Hanks, Jr., either in person at the United States District Court for the Southern District of Texas, Courtroom ___, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, or by telephone or videoconference (in the discretion of the Court) for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated March 11, 2022 (the "Stipulation") is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; (b) to determine whether a judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and reimbursement of expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Venator Securities Litigation*, c/o JND Legal Administration, P.O. Box 91370, Seattle, WA 98111, 1-855-606-2267. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.VenatorSecuritiesLitigation.com

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online,* **no later than _____, 2022**, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in connection with the Settlement.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than _____, 2022**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments, or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, must be filed with the Court and delivered to Lead Counsel and Venator's counsel such that they are *received* **no later than _____, 2022**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, VENATOR, THE OTHER DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER& GROSSMANN LLP
Michael D. Blatchley, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

2

Requests for the Notice and Claim Form should be made to:

*Venator Securities Litigation*
c/o JND Legal Administration
P.O. Box 91370
Seattle, WA 98111

1-855-606-2267
www.VenatorSecuritiesLitigation.com

DATED:  _____, 2022          BY ORDER OF THE COURT
                                          United States District Court
                                          for the Southern District of Texas

3