# Exhibit 4

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |

**DECLARATION OF SHELDON ALBRITTON,
CHAIRMAN OF THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC
GENERAL EMPLOYEES' RETIREMENT SYSTEM, IN SUPPORT OF
(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Sheldon Albritton, hereby declare under penalty of perjury as follows:

1.      I am the Chairman of the Board of Trustees of the City of Pontiac General Employees' Retirement System now known as the City of Pontiac Reestablished General Employees' Retirement System ("Pontiac"), one of the Court-appointed Lead Plaintiffs in this securities class action (the "Action").[1]  I submit this declaration in support of (a) Plaintiffs' motion for approval of the proposed Settlement and the proposed Plan of Allocation; and (b) Lead Counsel's motion for attorneys' fees and litigation expenses, which includes a request for Pontiac to recover reasonable costs and expenses that Pontiac incurred directly related to its representation of the Settlement Class in this Action.

---

[1] Unless otherwise indicated herein, capitalized terms shall have those meanings contained in the Stipulation and Agreement of Settlement dated March 11, 2022 (ECF No. 117-2).

2.     Pontiac is a public pension fund that provides pension to general employees of the City of Pontiac, Michigan.  The fund serves approximately 1,000 retirees and beneficiaries and, as of December 31, 2021, had assets of approximately $599 million.

## I.     Pontiac's Oversight of the Litigation

3.     I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995.  As the Chairman of the Board of Trustees of Pontiac, I have overseen the fund's service as lead plaintiff in several securities class actions.  I have personal knowledge of the matters set forth in this Declaration, as I have been directly involved in monitoring and overseeing the prosecution of the Action as well as the negotiations leading to the Settlement, and I could and would testify competently thereto.

4.     On behalf of Pontiac, I had regular communications with Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), Lead Counsel for the class, and AsherKelly, Pontiac's outside fiduciary counsel, throughout the litigation.  Pontiac, through my involvement and the involvement of other employees, has supervised, monitored, and was actively involved in all material aspects of the prosecution of the Action.  Pontiac received periodic status reports from BLB&G on case developments, and participated in discussions with attorneys from BLB&G and AsherKelly concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement.  In particular, throughout the course of this Action, Pontiac has, among other things, (a) communicated with counsel concerning significant developments in the litigation, including case strategy; (b) reviewed all significant pleadings and briefs filed in the Action; (c) reviewed periodic reports from

2

BLB&G concerning the status of the litigation; (d) collected information for and assisted in preparing Pontiac's discovery responses, including written responses to interrogatories and document requests; (e) searched for and collected documents for production in response to Defendants' discovery requests; (f) consulted with BLB&G and AsherKelly regarding settlement negotiations and the parties' respective positions during that process; and (g) evaluated and approved the proposed settlement of the Action.

## II.     Pontiac Strongly Endorses Approval of the Settlement

5.      Based on its involvement throughout the prosecution and resolution of the claims asserted in the Action, Pontiac believes that the proposed Settlement is fair, reasonable and adequate to the Settlement Class. Pontiac believes that the Settlement represents an excellent recovery for the Settlement Class, particularly in light of the substantial risks of continuing to prosecute the claims in this case. Therefore, Pontiac strongly endorses approval of the Settlement by the Court.

## III.    Pontiac Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

6.      While it is understood that the ultimate determination of Lead Counsel's request for attorneys' fees and expenses rests with the Court, Pontiac believes that Lead Counsel's requested fee of 25% of the Settlement Fund, net of litigation expenses, is reasonable in light of the work that Plaintiffs' Counsel performed on behalf of Plaintiffs and the Settlement Class. Pontiac has evaluated Lead Counsel's fee request by considering the work performed, the recovery obtained for the Settlement Class in this Action, and the

3

risks of the Action, and has authorized this fee request to the Court for its ultimate determination.

7.     Pontiac further believes that the litigation expenses being requested for reimbursement by Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action.  Based on the foregoing, and consistent with its obligation to the Settlement Class to obtain the best result at the most efficient cost, Pontiac fully supports Lead Counsel's motion for attorneys' fees and litigation expenses.

8.     Pontiac understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1(a)(4), 78u-4(a)(4).  For this reason, in connection with Lead Counsel's request for reimbursement of litigation expenses, Pontiac seeks reimbursement for costs and expenses it incurred directly related to its representation of the Settlement Class in the Action.

9.     My primary responsibility at Pontiac involves overseeing all aspects of the fund's operations, including monitoring litigation matters involving the fund, such as its activities in the securities class actions where (as here) it has been appointed lead plaintiff. In addition to myself, Deborah Munson, the Executive Director, also participated in the prosecution of this Action:

10.     The time that we devoted to the representation of the class in this Action was time that we otherwise would have expected to spend on other work for Pontiac and, thus,

4

represented a cost to the Trust. Pontiac seeks reimbursement in the amount of $918.91 for

the time the following employees devoted to the Action:

| Name | Hours | Hourly Rate[2] | Total |
|---|---|---|---|
| Deborah Munson, Executive Director | 10.75 | $85.48 | $918.91 |
| | | | |
| | | | |
| | | | |
| TOTAL: | | | |

## IV.    Conclusion

11.    In conclusion, Pontiac was closely involved throughout the prosecution and

settlement of the claims in this Action, strongly endorses the Settlement as fair, reasonable

and adequate, and believes that it represents a significant recovery for the Settlement Class.

Accordingly, Pontiac respectfully requests that the Court approve (a) Plaintiffs' motion for

final approval of the proposed Settlement and approval of the proposed Plan of Allocation;

and (b) Lead Counsel's motion for attorneys' fees and litigation expenses, including the

request for reimbursement for the costs and expenses incurred by Pontiac related to its

representation of the Settlement Class in the Action, as set forth above.

---

[2] The hourly rates used for purposes of this request are based on the annual salaries and benefits of the respective personnel who worked on this Action.

5

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of Pontiac.

Executed this 27th day of July, 2022.

Sheldon Albritton
Chairman of the Board of Trustees
City of Pontiac Reestablished General
Employees' Retirement System

6