# Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

**NOV 2 5 2002**

**Michael N. Milby, Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BERGER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMPAQ COMPUTER CORP., et al., <br><br> Defendants. | Consolidated Civil Action No. 98-1148 |

## ORDER AWARDING PLAINTIFFS' COUNSEL'S FEES, COSTS AND EXPENSES

This matter came before the Court for hearing pursuant to the Order of this Court, entered July 1, 2002, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of June 21, 2002 (the "Stipulation") and the application of Plaintiffs' Lead Counsel for (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including the fees, costs and expenses of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Due and adequate notice complying with Federal Rule of Civil Procedure 23 and the requirements of due process having been given to the Settlement Class as required in said Order, and the court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

(NY) 05862/051/CT.PAPERS02/Compaq_Fee_Order.DOC.doc





ORIGINAL

1.      This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation and the proposed fees, costs and expenses applied for pursuant to the Fee and Expense Application, to all persons entitled to such Notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

4.      Plaintiffs' Counsel is entitled to an award of attorneys' fees in the amount of $8,603,700.00, representing 30% of the Settlement Fund, and to reimbursement of costs and expenses in the amount of $770,935.02, plus interest on such amounts in proportion to the interest earned on the Settlement Fund. Such amounts are reasonable and appropriate under the circumstances of this case. Payment is to be made from the Settlement Fund, and is to be allocated among Plaintiffs' Counsel, pursuant to the terms of the Stipulation and this Order.

5.      The attorneys' fees, costs and expenses, including the fees, costs and expenses of experts and consultants, as awarded in the preceding paragraph, shall be paid to the Receiving Agent from the Settlement Fund, as ordered, immediately after the entry of this Order awarding such fees, costs and expenses, and shall be subject to the undertaking of the Receiving Agent annexed hereto as Exhibit A. In the event that, after payment to the Receiving Agent, the attorneys' fees, costs and expenses award is reduced or reversed for any reason, including, without limitation, appeal, further proceeding on remand or successful collateral attack, then the

2

Receiving Agent shall make (and/or cause Plaintiffs' Counsel to make) repayment to the Settlement Fund within ten business days of the entire amount required by any court or appellate court, with accrued interest at the average rate earned on the Settlement Fund from the time of withdrawal from the Settlement Fund until the date of the refund. Before paying any portion of the attorneys' fees, costs and expenses award to any other Plaintiffs' Counsel, the Receiving Agent shall obtain from such Plaintiffs' Counsel who receive any payment of attorneys' fees, costs and expenses their agreement that they accept payment subject to the joint and several obligation o f each a nd every a greeing P laintiffs' C ounsel ( including t heir r espective p artners, shareholders and/or firms) who receives payments to make repayment as may be required in accordance with this paragraph 5. Furthermore, such agreement of Plaintiffs' Counsel (including their respective partners, shareholders and/or firms) shall include their agreement that they remain subject to the continuing jurisdiction of this Court for the purpose of enforcing their joint and s everal o bligation t o r epay required a ttorneys' f ees, c osts a nd e xpenses t o t he S ettlement Fund as provided in this paragraph 5. *The Court believes that the fees paid to date are sufficient to cover any additional work to be returned in this case.*

6. Plaintiffs' Counsel are granted leave to file a supplemental petition(s) for ~~fees and~~ expenses upon good cause shown, as well as for ~~fees and~~ expenses incurred in connection with the notice and administration of the Settlement. *If Plaintiff believes there are extraordinary circumstances warranting additional fees,*

7. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over hearing and determining applications for additional attorneys' fees, costs, interest and reimbursement of expenses in the Litigation.

8. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent

*Plaintiffs' Counsel may present to a petition to the Court requesting additional fees but Plaintiffs must be notified.*

(NY) 05862/051/CT PAPERS02/Compaq_Fee_Order DOC.doc

10/30/02 1 17 PM

provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

9.     There is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and the Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment.

10.     Without in any way affecting the finality of this Order Awarding Plaintiffs' Counsel's Fees, Costs and Expenses, this Court shall retain continuing jurisdiction over the Litigation and the parties to the settlement to enter any future orders as may be necessary for the purposes of effectuating the settlement and enforcing the Final Judgment.

IT IS SO ORDERED

DATED: NOV. 22, 2002

THE HONORABLE VANESSA GILMORE
UNITED STATES DISTRICT JUDGE

Agreed:

HOEFFNER & BILEK L.L.P.

By: _____
    Thomas E. Bilek
    State Bar No. 02313525
    Federal Bar No. 9338
440 Louisiana Street, Suite 720
Houston, TX 77002-1634
Telephone:  (713) 227-7720
Facsimile:  (713) 227-9404

**Attorneys-In-Charge for Plaintiffs and
Plaintiffs' Liaison Counsel**

4

VINSON & ELKINS

By: _____
John L. Carter
State Bar No. _03920700 (TX)_
Federal Bar No. _____
2300 First City Tower
Houston, Texas 77002-6760
Telephone:  (713) 758-2222
Facsimile:   (713) 758-2346

**Attorneys for Defendant Compaq Computer Corp. and the Individual Defendants**

/275945.1 {6/28/02}

5

# EXHIBIT A

## AGREEMENT AND UNDERTAKING REGARDING UP-FRONT PAYMENTS

Wolf Haldenstein Adler Freeman & Herz LLP (the "Firm") is one of Plaintiffs' Lead Counsel, and the Receiving Agent, in the consolidated action Berger et al. v. Compaq Computer Corp. et al. (C.A. No. 98-1148) (the "Litigation"). The parties to the Litigation, through their respective counsel, have entered into a Stipulation of Settlement (the "Stipulation") dated June 21, 2002. Capitalized terms used in this Agreement and Undertaking and defined in the Stipulation have the meanings assigned to them in the Stipulation.

Pursuant to paragraph 5 of the Court's Order Awarding Plaintiffs' Counsel's Fees, Costs and Expenses (the "Order"), attorneys' fees, costs and expenses may be paid from the Settlement Fund to the Firm, as Receiving Agent, immediately after the entry of the Order subject to this Agreement and Undertaking (any such payment, an "Up-Front Payment"). Such paragraph 5 of the Order further provides that any Up-Front Payment to the Receiving Agent and Plaintiffs' Counsel is subject to an undertaking as follows:

> In the event that, after payment to the Receiving Agent, the attorneys' fees, costs and expenses award is reduced or reversed for any reason, including, without limitation, appeal, further proceeding on remand or successful collateral attack, then the Receiving Agent shall make (and/or cause Plaintiffs' Counsel to make) repayment to the Settlement Fund within ten business days of the entire amount required by any court or appellate court, with accrued interest at the average rate earned on the Settlement Fund from the time of withdrawal from the Settlement Fund until the date of the refund. Before paying any portion of the attorneys' fees, costs and expenses award to any other Plaintiffs' Counsel, the Receiving Agent shall obtain from such Plaintiffs' Counsel who receive any payment of attorneys' fees, costs and expenses their agreement that they accept payment subject to the joint and several obligation of each and every agreeing Plaintiffs' Counsel (including their respective partners, shareholders and/or firms) who receives payments to make repayment as may be required in accordance with this paragraph 5. Furthermore, such agreement of Plaintiffs' Counsel (including their respective partners, shareholders and/or firms) shall include their agreement that they remain subject to the continuing jurisdiction of this Court for the purpose of enforcing their joint and several obligation to repay required attorneys' fees, costs and expenses to the Settlement Fund as provided in this paragraph 5.

6

This Agreement and Undertaking constitutes the undertaking of the Firm contemplated by the Order with respect to the Up-Front Payments, if any, which may be made to the Firm, as Receiving Agent and/or as one of Plaintiffs' Counsel.

The Firm (including its partners) hereby agrees, for the benefit of the persons and/or entities paying the Settlement Fund that if all or any part of any Up-Front Payment (whether paid to the Firm or another of Plaintiffs' Counsel) is required to be returned to the Settlement Fund in accordance with paragraph 5 of the Order, then the Firm will return, within ten business days of the event requiring return, any such Up-Front Payment that is required to be returned for redeposit in the Settlement Fund, including any interest on such amount at the average rate earned on the Settlement Fund from the time of withdrawal from the Settlement Fund until the date of the refund. This obligation is joint and several among all agreeing Plaintiffs' Counsel (including their respective partners, shareholders and/or firms), provided that Plaintiffs' Counsel collectively shall not be obligated to return more than the amount required.

The Firm (including its partners) hereby submits to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division for the purpose of enforcing any obligation under this Agreement and Undertaking.

Dated: New York, New York
Nov. 1 ____, 2002

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: _____
, a Partner

Arter & Hadden LLP, on behalf of its client, Gulf Insurance Company hereby (1) accepts the foregoing Agreement and Undertaking and acknowledges and agrees that such Agreement and Undertaking satisfies the requirements of paragraph 5 of the Order and (2) agrees that, if it is proposed that an Up-Front Payment be made to a person other than the Firm, such person may satisfy the requirements of paragraph 5 of the Order by executing an undertaking in substantially the form of the foregoing Agreement and Undertaking (it being understood that deletion of reference to the Receiving Agent is not a material change) and delivering such to the above-named counsel.

Dated: Columbus, Ohio
11/1 ____, 2002

ARTER & HADDEN LLP

By: _____ by permission
Katharine B. Bowman

7