**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**
**AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S**
**MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................iii

I.    PRELIMINARY STATEMENT ...................................................................... 1

II.   THE REACTION OF THE SETTLEMENT CLASS SUPPORTS
      APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION,
      AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION
      EXPENSES ...................................................................................................... 2

      A.    The Court-Approved Robust Notice Program ............................................. 2

      B.    The Settlement Class's Reaction Supports Approval of the Settlement
            and the Plan of Allocation ......................................................................... 4

      C.    The Settlement Class's Reaction Supports Approval of the Fee and
            Expense Request.......................................................................................... 6

III.  CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re AT&T Corp. Sec. Litig.*,
    2005 WL 6716404 (D.N.J. Apr. 25, 2005) .................................................................. 5

*Bethea v. Sprint Commc'ns Co.*,
    2013 WL 228094 (S.D. Miss. Jan. 18, 2013) ............................................................... 6

*In re Bisys Sec. Litig.*,
    2007 WL 2049726 (S.D.N.Y. July 16, 2007) .............................................................. 7

*In re Citigroup Inc. Bond Litig.*,
    296 F.R.D. 147 (S.D.N.Y. 2013) .................................................................................. 5

*Erica P. John Fund, Inc. v. Halliburton Co.*,
    2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) .......................................................... 4, 6

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
    851 F. Supp. 2d 1040 (S.D. Tex. 2012) ....................................................................... 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    986 F. Supp. 2d 207 (E.D.N.Y. 2013) ......................................................................... 5

*Quintanilla v. A & R Demolition Inc.*,
    2008 WL 9410399 (S.D. Tex. May 7, 2008) ............................................................... 4

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005) .......................................................................................... 6

*Schwartz v. TXU Corp.*,
    2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) ............................................................ 4, 5

*In re Veeco Instruments Inc. Sec. Litig.*,
    2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ............................................................... 6

*In re Veeco Instruments Inc. Sec. Litig.*,
    2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ............................................................... 5

**STATUTES AND RULES**

28 U.S.C. § 1715(b) (2005) ................................................................................................ 3

Fed. R. Civ. P. 23(e) .......................................................................................................... 5

Lead Plaintiffs Fresno County Employees' Retirement Association ("Fresno"), City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami"), and City of Pontiac General Employees' Retirement System ("Pontiac," together with Fresno and Miami, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (ECF No. 120), and (ii) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 121) (the "Motions").[1]

## I.   PRELIMINARY STATEMENT

In Plaintiffs' opening papers, Plaintiffs demonstrated that the proposed $19 million Settlement satisfies the criteria for final approval of a class action settlement and why Lead Counsel's request for attorneys' fees and Litigation Expenses should be approved.

Since then, the Claims Administrator, under the supervision of Lead Counsel, has completed an extensive notice program pursuant to the Court's May 19, 2022 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 119) ("Preliminary Approval Order").  The notice program included mailing the Notice Packet to over 24,800 potential Settlement Class Members.  In response to this notice program, no Settlement Class Member has objected to any aspect of the Settlement, the Plan of Allocation, or the

---

[1]   Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 11, 2022 (ECF No. 117-2) (the "Stipulation") or in the Declaration of Michael D. Blatchley in Support of: (A) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (B) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 122).

requested fees and expenses, or has requested exclusion from the Settlement Class. This represents a significant endorsement of all aspects of the proposed Settlement and fee and expense request by the Settlement Class. Moreover, all three sophisticated, institutional investor Plaintiffs have endorsed the Settlement and the requested attorneys' fees and expenses. *See* ECF No. 122-2, at ¶¶ 5-7; ECF No. 122-3, at ¶¶ 5-7; ECF No. 122-4, at ¶¶ 5-7.

As explained below, this uniformly positive reaction of the Settlement Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses are fair and reasonable, and should be approved.

## II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the Motions is warranted. Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of a single objection and the overwhelmingly positive reaction of the Settlement Class provides additional strong support for approval of the Motions.

### A. The Court-Approved Robust Notice Program

Pursuant to the Court's Preliminary Approval Order, the Court-authorized Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice campaign, including mailing the Notice and Claim Form to 24,829 potential Settlement Class Members and their nominees, publishing a summary notice in *Investor's Business Daily* and over the *PR Newswire*, and posting relevant information and documents—

2

including Plaintiffs' and Lead Counsel's opening papers—on a dedicated settlement website, www.VenatorSecuritiesLitigation.com.  *See* Supplemental Declaration of Luiggy Segura Regarding:  (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion Received ("Suppl. Segura Decl."), attached as Ex. 1, as well as the Declaration of Luiggy Segura dated August 4, 2022 (ECF No. 122-5) ("Initial Segura Decl.").

The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $350,000.  *See* Notice (Initial Segura Decl. Ex. A), at ¶¶ 5, 56.  The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; their right to exclude themselves from the Settlement Class; and the August 19, 2022 deadline for filing objections and for receipt of requests for exclusion. *See* Notice at p. 4 and ¶¶ 57-59, 66-67.

On August 5, 2022, 14 days prior to the objection and exclusion deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request.  These papers are available on the public docket (ECF Nos. 120-122) and on the Settlement website.  *See* Suppl. Segura Decl. ¶ 3.  In addition, notice of the Settlement was also provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (2005).

As noted above, following this notice program, ***not a single Settlement Class Member has objected*** to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses. In addition, no requests for exclusion from the Settlement Class have been received—from either individual or institutional investors. *See* Supp. Segura Decl. ¶ 4.

### B.    The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation

The absence of any objections or requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement.") (internal quotation marks omitted); *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1068 (S.D. Tex. 2012) (same); *Quintanilla v. A & R Demolition Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) ("Here, there were no objections to the settlement. None of the class members elected to opt out of the settlement. This indicates that the class is overwhelmingly in favor of settlement."); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *22-23 (N.D. Tex. Nov. 8, 2005) (finding, where there were eight objections, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement").

Plaintiffs are sophisticated institutional investors, as are many other Settlement Class Members. The absence of any objections or requests for exclusion by these institutional investors provides particularly strong evidence of the fairness of the

Settlement. *See In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object"); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (the reaction of the class supported the settlement where "not one of the objections or requests for exclusion was submitted by an institutional investor").

The uniformly positive reaction of the Settlement Class also supports approval of the Plan of Allocation. *See, e.g.*, *Schwartz*, 2005 WL 3148350, at *24 (finding the plan of allocation fair, reasonable and adequate where, "[m]ost importantly, there has only been one objection to the Plan of Allocation"); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 241 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the . . . absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

The lack of any objection further confirms the quality of the result achieved in this case. The Settlement was reached only after three years of vigorous litigation, and after substantial arm's-length settlement negotiations, including mediation assisted by an experienced mediator, and was based on that mediator's recommendation. Indeed, the Settlement represents an excellent result for the Settlement Class in light of the risks of the

litigation and potential outcomes at trial—including the risks that Plaintiffs would be unable to prove their claims or that Defendants' alleged violations caused their losses—and represents highly material portion of their potentially recoverable damages.  In sum, the Settlement is an outstanding outcome for cases of this nature, satisfies the requirements of Rule 23(e), and warrants approval.

## C. The Settlement Class's Reaction Supports Approval of the Fee and Expense Request

The positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable.  *See, e.g.*, *Halliburton*, 2018 WL 1942227, at \*12 (finding that "lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award"); *Bethea v. Sprint Commc'ns Co.*, 2013 WL 228094, at \*5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable").

As with approval of the Settlement, the lack of objections by institutional investors particularly supports approval of the fee request.  *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were

'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that only one individual raised any objection, "even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

In short, the reaction of the Settlement Class further supports the approval of Lead Counsel's motion for fees and expenses.  As set forth in Lead Counsel' opening papers in support of the motion, the requested fee of 25% of the Settlement Fund, net of Litigation Expenses, is strongly supported by the significant time and effort expended by Plaintiffs' Counsel, the complexity of the litigation and skill of counsel required, the substantial risks of the litigation (which created a corresponding risk of non-payment in this contingent fee class action), the support of the fee by sophisticated Plaintiffs, and the fee awards in comparable cases.

In sum, the uniformly favorable reaction of the Settlement Class strongly supports approval of the Settlement, Plan of Allocation, and the fee and expense request.

## III.    CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses.  Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys'

Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4.

Dated: September 2, 2022                Respectfully submitted,

                                        /s/ Michael D. Blatchley
                                        Michael D. Blatchley, Attorney-in-Charge

                                        **BERNSTEIN LITOWITZ BERGER
                                            & GROSSMANN LLP**
                                        Hannah Ross (*Pro Hac Vice*)
                                        Michael D. Blatchley (*Pro Hac Vice*)
                                        Kate W. Aufses (*Pro Hac Vice*)
                                        1251 Avenue of the Americas, 44th Floor
                                        New York, NY 10020
                                        Tel: (212) 554-1400
                                        Fax: (212) 554-1444
                                        Hannah@blbglaw.com
                                        MichaelB@blbglaw.com
                                        Kate.Aufses@blbglaw.com

                                        *Counsel for Lead Plaintiff and Lead
                                        Counsel for the Class*

                                        Thomas R. Ajamie
                                        Texas Bar No. 00952400
                                        Southern District Bar No. 6165
                                        John S. "Jack" Edwards, Jr.
                                        Texas Bar No. 24040851
                                        Southern District Bar No. 38095
                                        **AJAMIE LLP**
                                        Pennzoil Place – South Tower
                                        711 Louisiana, Suite 2150
                                        Houston, Texas 77002
                                        Tel: (713) 860-1600
                                        Fax: (713) 860-1699
                                        tajamie@ajamie.com
                                        jedwards@ajamie.com

                                        *Liaison Counsel for Lead Plaintiff*

8

Robert D. Klausner
**KLAUSNER KAUFMAN JENSEN**
 **& LEVINSON**
7080 Northwest 4th Street
Plantation, FL 33317
Tel: (954) 916-1202
bob@robertdklausner.com

*Additional Counsel for City of Miami General
Employees' & Sanitation Employees' Retirement
Trust*

Cynthia J. Billings-Dunn
**ASHERKELLY**
25800 Northwestern Highway
Suite 1100
Southfield, MI 48075
Tel: (248) 746-2747
cbdunn@asherkellylaw.com

*Additional Counsel for the City of Pontiac
General Employees' Retirement System*

9

## CERTIFICATE OF SERVICE

I certify that on September 2, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Michael D. Blatchley*
Michael D. Blatchley