# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: VENATOR MATERIALS PLC SECURITIES LITIGATION | Civil Action No. 4:19-cv-03464 |

**[PROPOSED] ORDER AWARDING**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

This matter came on for hearing on September 9, 2022 (the "Settlement Hearing")
on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  The
Court having considered all matters submitted to it at the Settlement Hearing and
otherwise; and it appearing that Notice of the Settlement Hearing substantially in the form
approved by the Court was mailed to all Settlement Class Members who or which could be
identified with reasonable effort, and that a summary notice of the hearing substantially in
the form approved by the Court was published in *Investor's Business Daily* and released
over *PR Newswire* pursuant to the specifications of the Court; and the Court having
considered and determined the fairness and reasonableness of the award of attorneys' fees
and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and
Agreement of Settlement dated March 11, 2022 (ECF No. 117-2) (the "Stipulation") and
all terms not otherwise defined herein shall have the same meanings as set forth in the
Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for attorneys' fees and Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund net of Litigation Expenses, or $4,686,294 (plus interest on that amount at the same rate as earned by the Settlement Fund), as well as $240,253.64 in payment of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and payment of expenses from the Settlement Fund, the Court has considered and found that:

A.    The Settlement has created a fund of $19,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

B.    The requested fee has been reviewed and approved as reasonable by Plaintiffs, three sophisticated institutional investors that actively supervised the Action;

C.    Copies of the Notice were mailed to over 24,800 potential Settlement Class Members and nominees stating Lead Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for Litigation Expenses in an amount not to exceed $350,000, and no objections to the requested attorneys' fees and Litigation Expenses were received;

D.    Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

E.    The Action raised a number of complex issues;

F.    Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

G.    Plaintiffs' Counsel devoted over 4,200 hours, with a lodestar value of over $2,585,000, to achieve the Settlement; and

3

H.      The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.      Lead Plaintiff Fresno County Employees' Retirement Association is hereby awarded $12,150.44 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.      Lead Plaintiff City of Miami General Employees' & Sanitation Employees' Retirement Trust is hereby awarded $1,500.00 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.      Lead Plaintiff City of Pontiac General Employees' Retirement System is hereby awarded $918.91 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

4

12.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2022.


_____
The Honorable George C. Hanks, Jr.
United States District Judge

5